UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS, | CIVIL ACTION NO: |
| Plaintiff, | 301CV2204(DJS) |
| v. | |
| PILOT CORPORATION OF AMERICA, JOHN FARRARA, D/B/A PILOT CORPORATION OF AMERICA, and PATRICIA ROBERTS, D/B/A PILOT CORPORATION OF AMERICA | |
| Defendants. | November 14, 2003 |



**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL OR, ALTERNATIVELY, TO DISMISS**

**I.   PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 37(c), Local Rule of Civil Procedure 9(d), and Judge Squatrito's August 29, 2003 Order, Defendant, Pilot Corporation of America, hereby moves to compel Plaintiff, Lila Davis (hereinafter "Plaintiff" or "Davis"), to attend her duly noticed deposition within the period set in the August 29, 2003 Order. (Attached at "A.")

Defendant further moves for an order awarding appropriate sanctions, including, but not limited to, dismissal of Davis' action and the expenses and attorneys' fees caused by Davis' refusal to agree to voluntarily appear for her deposition and the need for and costs of this motion. Fed. R. Civ. P. 37(d)(1), Fed. R. Civ. P. 37(b)(2)(C), D. Conn. L. Civ. R. 37(a). Alternatively, the Court should prohibit Davis from testifying or using her own testimony as evidence for purposes of dispositive motions or at trial. Fed. R. Civ. P. 37(d).

## II.    PROCEDURAL HISTORY

This action involves Davis' claims against Defendant for race discrimination under Title VII. Davis initially filed her complaint in state court and served Defendant on October 29, 2001. On November 27, 2001, Defendant removed the action to this Court. Defendant timely filed its Answer on January 2, 2002.

In its Motion filed September 16, 2002, Defendant submitted to the Court that it could not reasonably prepare for or proceed with its deposition of Plaintiff without her responses to duly served discovery requests. (Doc. # 24) That Motion was granted on September 18, 2002. (Attached at "B.") On January 9, 2003, the Court reported the disciplinary suspension of Davis' original counsel and Ordered that substitute counsel appear by February 21, 2003. (Order attached at "C.") On or about February 19, 2003, Max Brunswick appeared as substitute counsel for Plaintiff. Weeks later, by his Motion dated March 5, 2003, Mr. Brunswick requested an extension of discovery so that he could familiarize himself with the case file. (Doc. #29.) In its March 13, 2003 ruling on this Motion, the Court instructed that Plaintiff was required to respond to Defendant's June 10, **2002** discovery requests no later than April 11, 2003. (Order attached at "D.") Accordingly, Defendant awaited the ordered production before taking steps to take Davis' deposition. (Soltis Aff. ¶4.)

As set forth in Defendant's Motion to Dismiss or Alternatively to Compel filed May 1, 2003, in contravention of the Court's Order, as of April 30, 2003 Plaintiff persisted in her failure to respond to the 2002 discovery requests. (Docs. #32, 33.) On June 10, 2003, more than three months after appearing in this case, Plaintiff's substitute counsel filed a motion seeking yet another extension of time and purported to excuse his violation of the Court's Order based on the

2

suspended attorney's failure to deliver "discovery material" to him.[1] (See Plaintiff's Opposition to Defendant's Motion to Dismiss of the same date also blaming suspended original counsel for the delay. Doc. # 37.)

On August 27, 2003, counsel for Defendant attended a Status Conference with Judge Squatrito, as scheduled by the Court, to discuss the pending motion to dismiss and motion for another extension of the discovery period. (Soltis Aff. ¶5.) Counsel for Plaintiff did not appear and did not give any advance notice to Counsel for Defendant or, to Counsel's knowledge, to the Court. (Id.) Counsel for Plaintiff was eventually reached to participate by telephone. (Id.) Following this conference, on August 29, 2003, the Court ordered: Plaintiff to respond to the outstanding 2002 discovery requests by September 22, 2003; Plaintiff to take the one deposition she intended to take by October 31, 2003; and Defendant to complete their depositions by November 28, 2003. (Attached at "A.") On September 23, 2003, Defendant received from Plaintiff a pleading titled "Amended Rule 26(a) Initial Disclosures," dated September 22, 2003, and an additional 21 pages of documents to the more than 4000 pages produced in the early stages of the case. (Soltis Aff. ¶6.)

## III.   FACTS

On October 22, 2003, Counsel for Defendant sent Defendant's renotice of Plaintiff's deposition to Plaintiff's counsel by certified mail return receipt requested. (Wice Aff. ¶5.) This notice set the deposition of Davis for Tuesday November 18. (Id.) Plaintiff's counsel did not respond to this notice in any manner. (Id.)

On this date, Friday November 14, Counsel for Defendant telephoned Plaintiff's counsel to confirm that he and his client would be attending the duly noticed deposition on November 18.

---

[1] This representation appears to contradict Plaintiff's March 5, 2003 motion for an extension, in which substitute counsel proffered his need for additional time to go through the "massive file" transferred to him before he could proceed. (Doc. #29.)

3

(Wice Aff. ¶6.) Plaintiff's counsel reported for the first time that he has a trial on November 18 and could not attend Plaintiff's deposition. (Id.) Counsel for Defendant then reviewed all of the regular business days remaining in November and prior to the Court's deadline for the completion of discovery, to identify a date on which the deposition could proceed. (Id. ¶7.) In response, Plaintiff's counsel reported a conflict or partial conflict for every day between today, November 14 and Wednesday November 26. (Id.) Plaintiff's counsel proposed Friday November 28 as the only day on which he was entirely free and that he could "make" his client available on that date. (Id.)

Counsel for Defendant telephoned Plaintiff's counsel later on November 14 and explained that they were not available on November 28, and offered Plaintiff's counsel the option to proceed for a full day on either November 24, 25 or 26. (Wice Aff. ¶8.) Plaintiff's counsel refused to agree to go forward for a full day on any of these dates. (Id.) Plaintiff's counsel reported that of those dates, he was free to proceed on November 25 beginning some time between 10 a.m. and 2 p.m., and then for only an indeterminate portion of the remainder of that day and would not be available to continue the deposition the next day. (Id.) Defendant offered to go forward beginning on the afternoon of November 25 and continue into the evening until the deposition was complete. (Id. at ¶9.) Plaintiff's counsel refused to agree to that suggestion. (Id.)

### III. ARGUMENT

#### A. The Federal And Local Rules Authorize Sanctions For Failure To Comply With Discovery Orders.

A party's attendance at her duly noticed deposition is mandatory. Fed. R. Civ. P. 30; Fed. R. Civ. P. 37(d). Rule 37(d) authorizes the Court to award appropriate sanctions under Rule 37(b)(2) if a party fails to appear for her properly noticed deposition.

4

Rule 37(b)(2)(C) authorizes the Court to issue an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

Local Rule 37(d)(4) also authorizes the Court to award sanctions for failure to comply with discovery ordered by the Court.

### B.  Sanctions Are Appropriate Here Because Davis Refuses To Appear For Her Duly Noticed Deposition.

Davis refuses to appear for her duly notice deposition on the noticed date or to make herself reasonably available for that deposition within the ordered time for the Parties to complete discovery. Plaintiff never filed any objection to her deposition, nor did she give Counsel for Defendant reasonable advance notice of any inability to attend on the noticed date. Indeed, as discussed above, Counsel for Defendant had to affirmatively seek Plaintiff out only days before the noticed date to get any response to the notice whatsoever.

Despite Counsel for Defendant's efforts to communicate and cooperate with Davis' counsel regarding the deposition, Plaintiff's counsel refuses to give this long-pending matter any priority over his other engagements. Defendant proposed multiple dates to Davis to set the deposition and avoid the Court's intervention. By refusing to agree to any of the proposed dates, Davis gave Defendant no choice but to file the instant motion. Under the Court's March 13, 2003 Order, Defendant files this motion within twenty days following Davis' refusal to appear for her duly noticed deposition.

Plaintiff's complete disregard of the rules and multiple Orders of this Court; disregard for her duty to prosecute her case; disregard for the rights of Defendant; and insistence on allowing this matter to languish <u>for years</u> without regard to those rules, Orders and rights warrant sanctions. Absent some substantial justification from Plaintiff, the Court should dismiss the Complaint and order appropriate sanctions, including the attorneys' fees associated with this

motion. Alternatively, the Court should compel Plaintiff to appear for her deposition on her choice of November 24, 25 or 26, with notice, via facsimile transmission or telephone, of that choice to Counsel for Defendant by November 20 or other reasonable advance date determined by the Court.

## IV.    CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's action in its entirety and award other appropriate sanctions, including the expenses and attorneys' fees caused by Davis' refusal to appear for her duly noticed deposition. Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 37(b)(2)(C), D. Conn. L. Civ. R. 37(d). Alternatively, pursuant to the same rules, Defendant requests an order compelling Davis to appear for her deposition on November 24, 25 or 26; or an order prohibiting Davis from testifying or using evidence of her own testimony for purposes of dispositive motions or at trial. Fed. R. Civ. P. 37(d).

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: /s/ Alison Jacobs Wice
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL OR, ALTERNATIVELY, TO DISMISS has been sent *via* Federal Express to the following:

>Max F. Brunswick, Esq.
>12 Trumbull Street
>New Haven, Connecticut 06511

This 14th day of November 2003.

*/s/ Alison Jacobs Wice*
Alison Jacobs Wice

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RECEIVED BY
SEP - 8 2003
JACKSON LEWIS STAMFORD

LILA DAVIS,
    Plaintiff,

v.

No. 3:01CV2204 (DJS)

PILOT CORPORATION OF
AMERICA, JOHN FARRARA, D/B/A
PILOT CORPORATION OF
AMERICA, & PATRICIA ROBERTS,
D/B/A PILOT CORPORATION OF
AMERICA,
    Defendants.

## ORDER

At a status conference with the parties in the above-captioned case, the undersigned issued the following ruling and orders:

1. Defendants' motion to dismiss **[doc. # 32-1]** is **DENIED**. Defendants' alternate motion to compel **[doc. # 32-2]** is **GRANTED**, as follows: Plaintiff must sign and swear to her interrogatory responses. In addition, plaintiff must specify which of the thousands of pages of documents she produced are claimed to be responsive to the particular requests for production that defendants filed. Plaintiff shall complete these tasks by **September 22, 2003**.

2. Plaintiff has indicated she intends to take only one deposition, that of her supervisor. This deposition shall be taken by **October 31, 2003**.

3. Defendants have indicated that they intend to take several depositions. These depositions shall be taken by **November 28, 2003**.

4.  Dispositive motions, if any, shall be filed by **January 16, 2004**.

5.  If no dispositive motions are filed, a joint trial memorandum shall be filed by **February 16, 2004**, and the case shall be trial ready in **March 2004**.

   **IT IS SO ORDERED** at Hartford, Connecticut on this ___ day of August, 2003.

                                                    _____
                                                    DOMINIC J. SQUATRITO
                                                    UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS, | CIVIL ACTION NO. |
| Plaintiff, | 301CV2204(DJS) |
| v. | |
| PILOT CORPORATION OF AMERICA, JOHN FARRARA, D/B/A PILOT CORPORATION OF AMERICA, and PATRICIA ROBERTS, D/B/A PILOT CORPORATION OF AMERICA | |
| Defendants. | September 13, 2002 |

RECEIVED SEP 2 3 2002 BY JLSK

### DEFENDANT'S MOTION FOR MODIFICATION OF THE COURT'S ORDER ON PRETRIAL DEADLINES

Defendant Pilot Corporation of America ("Pilot" or "defendant"), by and through its attorneys, Jackson Lewis LLP, and pursuant to Local Rule 9(b), respectfully requests that this Court extend the remaining deadlines in the Court's Order on Pretrial deadlines as set forth below. In support of this motion, the undersigned counsel for Pilot represents as follows:

1. On July 24, 2002, the parties attended a status conference with the Court. At that conference, the parties discussed modification to the scheduling order.

2. At the conference, the undersigned counsel informed Judge Squatrito that it needed additional time to complete discovery, as it was awaiting Plaintiff's responses to Pilot's interrogatories and requests for production which were due by August 10, 2002 and that it might have to postpone Plaintiff's deposition, which was noticed for August 28, 2002, until after receipt and review of those responses.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

MOTION GRANTED. /s/ D.J. Squatrito, United States District Judge

Exhibit e



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LILA DAVIS
    Plaintiff

v.  :  CIVIL NO.: 3:01cv2204(DJS)

PILOT CORPORATION OF
AMERICA, ET AL
    Defendants

## ORDER

The Federal Grievance Committee moved for an order of discipline against the plaintiff's attorney, Rebecca L. Johnson. On November 15, 2002, United States District Judge Alvin W. Thompson approved that order. The plaintiff's attorney, Rebecca L. Johnson has been indefinitely suspended.

**IT IS THEREFORE ORDERED**, that the plaintiff, Lila Davis, shall file an appearance pro se or have an attorney file an appearance on her behalf by **February 21, 2003.** If such an appearance is not filed by said date, this matter shall be dismissed without prejudice and closed.

The Clerk's Office, shall mail a copy of this Order to the plaintiff, Lila Davis, at 159 Ryan Avenue, Stratford, CT 06615-7411 in addition to all attorneys of record.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut, this ___ day of January, 2003.

_____
Dominic J. Squatrito
United States District Judge

Exhibit D

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS<br>Plaintiff | : |
| v. | : CIVIL NO.: 3:01cv2204(DJS) |
| PILOT CORPORATION OF<br>AMERICA, ET AL<br>Defendants | : |



**RECEIVED BY**

**MAR 1 9 2003**

**JACKSON LEWIS STAMFORD**

### O R D E R

The Motion to Modify Scheduling Order and Continue Trial Date dated <u>March 5, 2003</u> (Doc. #29) is **GRANTED in part.** The following schedule will control the pretrial proceedings in this case until further order of the Court as follows: Discovery, including all discovery relating to expert witnesses will be completed by <u>August 18, 2003</u>. Plaintiff must respond to defendants' discovery requests no later than <u>April 11, 2003</u>. Reports from plaintiff's experts will be due by <u>May 18, 2003</u>. Depositions of the plaintiff's experts shall be completed by <u>June 18, 2003.</u> Reports from defendants' experts shall be completed by <u>July 18, 2003</u>. Depositions of defendants' experts shall be completed by <u>August 18, 2003</u>. Dispositive motions, if any, will be filed by <u>September 18, 2003.</u>

Motions to Compel <u>must</u> be filed within twenty (20) days of either: (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery, e.g., responses indicating objections that the movant contends are unjustified. Motions to Compel filed after such deadlines shall be denied for failure to comply with the case management plan.

A joint trial memorandum, per the attached order, shall be filed by <u>October 18, 2003</u>. If the parties cannot agree to the filing of the joint trial memorandum, each party shall file their trial memorandum separately. If a dispositive motion is filed, the memorandum shall be filed within 30 days of any decision of the court on such dispositive motion. The filing of dispositive motions shall not stay discovery. This case shall be trial ready <u>November, 2003</u>.

The parties are hereby notified that failure to comply with this Order shall be grounds for either an immediate dismissal with prejudice or an entry of a default and/or sanctions.

IT IS SO ORDERED this _13th_ day of _March_, 2003.

_____
Dominic J. Squatrito
United States District Judge

n:mischel/26forder.mod-04/18/99

AO 72A
(Rev.8/82)