UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | |
| Plaintiff | : | CIVIL ACTION NO. 301CV2204(DJS) |
| v | : | |
| PILOT CORPORATION OF AMERICA, JOHN FARRARA, D/B/A PILOT CORPORATION OF AMERICA, and PATRICIA ROBERTS, D/B/A PILOT CORPORATION OF AMERICA, | : | |
| Defendants. | : | NOVEMBER 28, 2003 |

PLAINTIFF'S OBJECTION TO DEFENDANTS'
MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37(g) Local Rule 9(g) and the order of the Court(Squatrito, J.) dated August 29, 2003, the plaintiff Lila Davis objects to the defendants' motion to compel her deposition or alternatively to dismiss the action, for the following reasons:

1.  On November 14, 2003 the undersigned counsel for the plaintiff notified defendants' counsel that he was unavailable for a deposition on November 18th because he had a trial in New Haven Housing Court scheduled in a summary process case on that date.

2.  He informed defendants' counsel that Housing Court matters are assigned on less than one week's notice because they are summary in nature.

3. He offered to do the deposition on another date and in fact offered counsel several mutually agreeable dates in November in which he was available only in the afternoon because of court commitments.

4. Counsel for the defendants replied that she had to have a full day for the plaintiff's deposition but would not agree to do it in two separate afternoons.

5. The undersigned stated that he would be available on November 28th for a full day of the plaintiff's deposition; however counsel for the defendants replied that that date was inconvenient for the defendants and refused to do it on that date.

6. The undersigned thereupon willingly agreed to allow the deposition to occur on the first of December and thereafter on a mutually convenient date; however, defendants' counsel responded that she had to have a full day in November that was agreeable to them, or she would move for sanctions.

7. Defendants' counsel flatly refused to do the plaintiff's deposition on November 28th and stated that she was going to move for sanctions.

8. In fact, it has been the defendants who have not been in compliance in that they have refused to attend a duly noticed deposition of the plaintiff's supervisor for October 13, 2003 and have refused to agree on a mutually agreeable date thereafter, compelling the plaintiff to file a motion for further order for the plaintiff's supervisor to be deposed.

9. The undersigned has in good faith conferred and has attempted to confer with defendants' attorney to secure a mutually agreeable date for the plaintiff's deposition; however, such good faith efforts have not been able to resolve the matter.

10. As to the defendants' claim that the plaintiff refused to go forward on November 24th, 25th or 26th for the deposition, the undersigned explained to defendants' counsel that he had court appearances required in New Haven Superior Court on November 24th in the morning, Bridgeport Superior Court in the afternoon, and that on November 25th had a court trial scheduled in the morning in New Haven but was available in the afternoon, and that on November 26th he was also available in the afternoon; however, defendants' counsel refused to do the deposition in two consecutive afternoons, claiming it had to have a full day.

11. It was defendant's counsel's choice not to do the deposition on November 28th when the undersigned could give them a full day and not to do it on two consecutive afternoons, and their claim for an order awarding sanctions and/or dismissal and/or attorney's fees is without merit and should be denied.

```
                              THE PLAINTIFF

                         By____MAX F. BRUNSWICK____
                                Her Attorney
                              12 Trumbull Street
                              New Haven, CT 06511
                              (203)  562-4024
                              Federal Bar No. 05918
```

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LILA DAVIS,
    Plaintiff        :

v                                   :   CIVIL ACTION NO.
                                        301CV2204(DJS)

PILOT CORPORATION OF AMERICA,       :
JOHN FARRARA, D/B/A PILOT
CORPORATION OF AMERICA, and         :
PATRICIA ROBERTS, D/B/A
PILOT CORPORATION OF AMERICA,       :

    Defendants       :   NOVEMBER 28, 2003


O R D E R

The plaintiff's objection to the defendants' motion to compel or alternatively to dismiss dated November 14, 2003 having been heard, it is hereby ORDERED: That th e objection is sustained.

Dated at Hartford, Connecticut this _____ day of _____, 2003.


BY THE COURT


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LILA DAVIS,

        Plaintiff         :    CIVIL ACTION NO.
                                            301CV2204 (DJS)

v                                    :

PILOT CORPORATION OF AMERICA,   :
JOHN FARRARA, D/B/A PILOT
CORPORATION OF AMERICA, and     :
PATRICIA ROBERTS, D/B/A
PILOT CORPORATION OF AMERICA,   :

        Defendants       :    NOVEMBER 28, 2003

## AFFIDAVIT

Max F. Brunswick, being duly sworn, hereby deposes and says that.

1. I am over the age of 18 and believe in the obligation of an oath.

2. I am the attorney for the plaintiff in the above entitled action.

3. I have in good faith conferred and have attempted to confer with the defendants' attorney to secure a mutually agreeable date for the plaintiff's deposition within the time allowed by the court.

4. These good faith negotiations have not resolved the matter because I cannot attend the deposition on the date it was noticed for due to a Superior Court matter being assigned for trial on less than one week's notice.

5. The Housing Court matter was William McNeilly v. Best Buy Auto LLC, Superior Court New Haven Housing Session Docket Number SPNH-76500.

6. I explained to defendants' counsel that Housing Court matters are assigned on short notice of less than one week and that I could not get a continuance to attend a deposition on the date of a commercial eviction trial in which I was representing the defendant.

7. Since I was unavailable on November 18th, I notified the defendant's counsel in the instant matter thereof and I offered to do the deposition on November 28th, which was the only full day I had left in November due to prior court commitments; however, defendants' counsel stated she did not have to work that day and thereupon I gave her several days in November in which I was available in the afternoon hours only and offered to do it on two consecutive days, if she needed that much time; however, her response was that she could not break it down into two days and that it had to be one full day from start to finish.

8. I explained to her that it was impossible for me to do this prior to the end of November; however, she would not agree to go into December and stqted that she would file a motion for sanctions.

Dated at New Haven, Connecticut on November 28, 2003.

_____
MAX F. BRUNSWICK

Subscribed and sworn to before me this ___28___ day of ___Nov.___, 2003.

_____
~~Commissioner of the Superior Court~~
NOTARY PUBLIC
My commission expires on 4/30/2006

-2-

## CERTIFICATION

This is to certify that the foregoing plaintiff's objection to defendants' motion to compel or alternatively to dismiss and the accompanying Affidavit has been mailed to the following on November 28, 2003:

Michael J. Soltis, Esq., Jackson Lewis LLP, P.O. Box 251, Stamford, CT 06904.

------------------------------
MAX F. BRUNSWICK