UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS, | CIVIL ACTION NO. |
| | 301CV2204(DJS) |
| Plaintiff, | |
| v. | |
| PILOT CORPORATION OF AMERICA, | |
| | January 29, 2004 |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO
AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Pilot Corporation of America ("Defendant" or "Pilot") submits this memorandum of law in support of its Motion for Leave to Amend Its Answer and Affirmative Defenses. Defendant seeks this amendment to add the "after acquired evidence" defense[1] based on Plaintiff's engaging in wrongdoing during her employment that was of such severity that Pilot would have terminated Plaintiff's employment had it known of the evidence of that wrongdoing

---

[1] Defendant recognizes that the Courts of this Circuit have not consistently held the "after-acquired evidence" defense under the authority of McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995), to be an affirmative defense that should be included in Defendant's answer. See EEOC v. Morgan Stanley & Co., Inc., 2002 U.S. Dist. LEXIS 23727, *2 (S.D.N.Y. Dec. 11, 2002) (attached at Tab A) (noting that "the Court in McKennon did not indicate whether after-acquired evidence must be pled as an affirmative defense, and the courts in this circuit have not directly considered the issue" in support of the conclusion that defendant need not amend its complaint to assert that defense). However, other district courts in the Second Circuit have permitted just such an amendment pursuant to Rule 15. Christian v. R. Wood Motors, Inc., 1995 U.S. Dist. LEXIS 5560, *37 (N.D.N.Y. Apr. 21, 1995) (attached at Tab A) (granting defendants' motion to "amend their answer to add an affirmative defense of after-acquired evidence as to all plaintiff's claims").

Therefore, to avoid any prejudice to Defendant as a result of this uncertainty in the law and to preclude any claim of unfair surprise by Plaintiff at trial, Defendant seeks leave to amend as set forth in its Motion or clarification from the Court that it will follow the ruling of Morgan Stanley, *supra*, and will not require prior pleading of the McKennon defense for Pilot to be able to offer that defense at trial.

1

at the time of the discharge. As set forth below, unequivocal evidence required to make out this defense was discovered at Plaintiff's January 22, 2004 deposition. Therefore, the requested amendment is warranted and timely under the Federal Rules and the law.

I. **ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (2004). It is well settled that such requests should only be denied if the Court finds amendment would result in "undue delay, [it finds] bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party. [Citation omitted.] Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (citing Foman v. Davis, 371 U.S. 178, 182 (1963); Howey v. U.S., 481 F.2d 1187, 1190-91 (9th Cir. 1973); and Middle Atlantic Utilities Co. v. S.M.W. Development Co., 392 F.2d 380, 384 (2d Cir. 1968)). The proposed amendment to Pilot's Answer would not lead to any of the prohibited results.

A. **Pilot's Proposed Amendment**

Pursuant to the Court's November 26, 2003 Order concerning discovery and discussions of counsel, Pilot's deposition of Plaintiff took place as re-noticed on January 22, 2004, the first mutually available date after Plaintiff completed her deposition of her former supervisor and before the then-scheduled end of discovery. At that deposition, counsel for Pilot questioned Plaintiff as to the basis for her claims. According to Plaintiff's testimony, she bases her single-count complaint at least in part on information she learned from Pilot's own documents tracking

2

the number of orders entered each day by all Customer Service Representatives, including Plaintiff.

Plaintiff further testified at her January 22 deposition that she included copies that she made of those Pilot documents among the more than four thousand pages of documents that she produced to Pilot during discovery. Plaintiff explained that she obtained those copies by taking the documents away from another Pilot employee's desk, making copies of those documents, taking those copies and keeping them in her desk, and eventually removing boxes containing those copies from Pilot's premises all without authorization from Pilot. Plaintiff unequivocally conceded at her deposition that this conduct constituted "stealing" Pilot property.

By the attached Motion for Leave to Amend Its Answer and Affirmative Defenses, Defendant seeks only to add the defense, supported by the above evidence acquired after termination of Plaintiff's employment, that Plaintiff engaged in wrongdoing during her employment that was of such severity that Plaintiff in fact would have been terminated had Pilot had known of the evidence of that wrongdoing at the time of the discharge.

B.   **"Justice So Requires" The Requested Amendment**

The Second Circuit recognizes that leave to amend under Rule 15(a) shall be granted unless the nonmovant can demonstrate prejudice or bad faith. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Prejudice may exist where amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute...." Id. No such prejudice or bad faith exists in this case.

Amendment of the Answer to add the proposed affirmative defense would require Plaintiff to expend little if any additional resources on discovery. Under McKennon v. Nashville

3

Banner Publishing Co., 513 U.S. 352 (1995), the burden of proving that Plaintiff engaged in wrongdoing during her employment that was of such severity that Plaintiff in fact would have been terminated had Pilot had known of the evidence of that wrongdoing at the time of the discharge is squarely on Defendant. Additionally, Plaintiff was already given the opportunity at her deposition to offer any evidence or explanation of how she came to have copies of Pilot's documents. Plaintiff testified that she stole them. Plaintiff already has equal access to the transcript containing that testimony which will likely be Defendant's primary evidence in support of this affirmative defense.

This defense is also closely related to issues that have been part of this case since its inception – issues concerning the motives for termination of Plaintiff's employment and whether there is any evidence that Defendant would not have taken such action but for Plaintiff's race or color. Specifically at issue is whether Pilot can show that its decisions concerning Plaintiff's employment are justified by legitimate nondiscriminatory reasons. The proposed defense is also closely tied to Plaintiff's anticipated burden of showing that any such legitimate nondiscriminatory reason is pretext for discrimination.

In view of these long standing issues in this case, Plaintiff has already had ample opportunity to conduct discovery concerning the motives for termination of Plaintiff's employment and whether there is any evidence that Defendant would not have taken such action but for Plaintiff's race or color. Thus, Plaintiff cannot respond in good faith that addition of this single defense would require copious additional discovery. See State Teachers Retirement Bd., 654 F.2d at 856 (amended claim permitted where it was obviously one of the objects of discovery and related closely to the original claim).

4

Additionally, as of the date of this Motion, the Court granted the Parties two additional weeks to complete discovery. Thus, if Plaintiff can show that any additional discovery is required by the proposed amendment, there is sufficient time to complete it within the existing scheduling Order.

The proposed amendment will not prejudice Plaintiff as the result of any delay in the Parties preparation for trial and/or the resolution of this matter. Block, 988 F.2d at 350. First, what delay there is between the original answer and the date of this Motion is justified by the need to depose Plaintiff; investigate whether in fact Plaintiff wrongfully acquired Pilot's documents and whether that theft occurred while she was still employed by Pilot; and, therefore, whether there is a good faith basis for pleading the defense at issue. See State Teachers Retirement Bd., 654 F.2d at 856 (mere delay until after deposition to verify information better know to deponent than movant does not unduly prejudice opposing party and amendment to complaint allowed). Pilot immediately prepared and filed this Motion following Plaintiff's deposition, which was completed only one week ago. Additionally, as of the date of this Motion, neither party has filed a dispositive motion and, as a result, there is no date certain for trial. Id. (finding abuse of discretion in denial of motion to amend where motion came before trial date set and before opposing party filed a motion for summary judgment).

## II. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant it leave to amend its Answer to add the "after acquired evidence" defense that Plaintiff engaged in wrongdoing during her employment that was of such severity that Plaintiff's employment would have been terminated had Pilot had known of the evidence of that wrongdoing at the time of the discharge.

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: *[signature]*
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
        wicea@jacksonlewis.com

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES has been sent via facsimile transmission and first class mail, postage prepaid, to the following:

    Max F. Brunswick, Esq.
    12 Trumbull Street
    New Haven, Connecticut 06511
    Fax. (203) 782-5979

This 29 day of January 2004.

_____
Alison Jacobs Wice