UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS, | CIVIL ACTION NO. |
| Plaintiff, | 301CV2204(DJS) |
| v. | |
| PILOT CORPORATION OF AMERICA, | February 13, 2004 |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL**

**I.   PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 37(d), Local Rule of Civil Procedure 37(a), and Judge Squatrito's January 26, 2004 Order, Defendant, Pilot Corporation of America, hereby moves for an order awarding appropriate sanctions, including, but not limited to, dismissal of Plaintiff's action and expenses and attorneys' fees caused by Plaintiff's refusal to comply with Rule 26(a) and Defendant's several discovery requests, specifically Plaintiff's failure to produce disclosures and documents related to Plaintiff's damages calculation, and the costs incurred by Defendant in filing this motion. Fed. R. Civ. P. 37(d)(2); Fed. R. Civ. P. 37(b)(2)(C); D. Conn. L. Civ. R. 37(a).

Alternatively, Defendant moves the Court to compel Plaintiff to comply with her continuing Rule 26(a) obligations and to disclose those documents requested in Defendant's January 27, 2004 Supplemental Request for Production of Documents, (Attached at "A"), regarding Plaintiff's calculation of damages. Fed. R. Civ. P. 37(a). Further, Defendant hereby

moves for an order awarding the expenses, attorneys' fees, and costs incurred by Defendant in filing this motion. Fed. R. Civ. P. 37(a)(4)(A).

## II.    PROCEDURAL HISTORY

This action involves Plaintiff's claims against Defendant for race discrimination under Title VII. Plaintiff initially filed her complaint in state court and served Defendant on October 29, 2001. On November 27, 2001, Defendant removed the action to this Court. Defendant timely filed its Answer on January 2, 2002.

Throughout the course of discovery in this case, Plaintiff has committed several abuses of the discovery process. Almost since the start of litigation in this matter, Plaintiff has been guilty of causing undue delay and obstruction of depositions and discovery requests. Plaintiff's first delay concerned her Rule 26 Initial Disclosures. The Court's January 17, 2002 Order endorsing Defendant's January 15, 2002 26(f) Report required the parties to serve Initial Disclosures no later than January 18, 2003. (Attached at "B.") Despite Defendant's several attempts to confer with Plaintiff regarding such disclosures, Plaintiff failed to timely serve her Initial Disclosures until Defendant was forced to file a Motion to Compel such disclosures on February 7, 2002.[1] (Docs. #17, 18.) Thereafter, Defendant served Plaintiff with discovery requests in June 2002 and, for several reasons including the suspension of Plaintiff's counsel, several motions to extend discovery were filed and granted. (Docs. # 21, 24, 29.)

On March 13, 2003, the Court ordered Plaintiff to respond to Defendant's June 2002 discovery requests no later than April 11, 2003. (Attached at "C.") Despite this Order, Plaintiff continued to delay the discovery process, and failed to comply with the discovery requests, and after Defendant filed its May 2003 Motion to Dismiss or Alternatively to Compel, filed her 3rd motion for extension of time. (Docs. # 32, 37, 38, 39.)

---

[1] Plaintiff finally complied with her Rule 26 obligation and served her Initial Disclosures on February 14, 2002.

On August 27, 2003, counsel for Defendant attended a Status Conference with Judge Squatrito, as scheduled by the Court, to discuss Defendant's pending Motion to Dismiss and Plaintiff's motion for another extension of the discovery period. (Attached at "D.") Counsel for Plaintiff did not appear and did not give any advance notice to Counsel for Defendant or, to Counsel's knowledge, to the Court. (Id.) Counsel for Plaintiff was eventually reached to participate by telephone. (Id.) Following this conference, on August 29, 2003, the Court ordered: Plaintiff to respond to the outstanding 2002 discovery requests by September 22, 2003. (Attached at "E.") On September 23, 2003, Defendant received from Plaintiff a pleading titled "Amended Rule 26(a) Initial Disclosures," dated September 22, 2003, and an additional 21 pages of documents to the more than 4000 pages produced in the early stages of the case. (Attached at "D.")

On October 22, 2003, Counsel for Defendant sent Defendant's re-notice of Plaintiff's deposition to Plaintiff's counsel by certified mail return receipt requested. (Wice Aff. ¶4.) This notice set the deposition of Plaintiff for Tuesday November 18. (Id.) Plaintiff's counsel did not respond to this notice in any manner. (Id.) It wasn't until Defendant's Counsel contacted Plaintiff's Counsel on November 14 to confirm the deposition that Plaintiff's counsel reported for the first time that he had a scheduling conflict and therefore could not attend Plaintiff's deposition. (Id. at ¶5.) Thereafter, Defendant's Counsel attempted to confer with Plaintiff's Counsel regarding re-scheduling the deposition for a mutually available date prior to the deadline for the close of discovery. Defendant was unsuccessful in this attempt and thus filed a Motion to Compel on November 14, 2003. (Doc. #44.) Further, both Plaintiff and Defendant subsequently filed motions to extend the discovery deadlines on November 14, 2003 and November 17, 2003 respectively. (Docs. #48, 49.) On November 26, 2003, the Court granted the extension requests

and ordered that Plaintiff take her deposition by December 31, 2003 and Defendant take its depositions by January 30, 2004. (Attached at "F.") Further, the Court ordered that no further extensions would be granted. (Id.)

Delays and scheduling conflicts continued to arise, however, and on January 9, 2004, Defendant filed a Motion on Consent to Extend Post-Discovery Deadlines. (Doc. #52.) In response to this motion, on January 26, 2004, the Court ordered that discovery be completed by February 13, 2004 and dispositive motions filed by March 1, 2004. (Attached at "G.")

### III.   FACTS

On December 11, 2003, Defendant, via letter to Plaintiff's Counsel, (Attached at "H"), requested Plaintiff comply with her Rule 26(a) obligations and provide updates of Plaintiff's February 14, 2002 initial damages analysis. Plaintiff's initial February 2002 analysis, and her subsequent April 15, 2002, May 20, 2002, and September 22, 2003 disclosures did not include any earnings or other information beyond 2001. (Attached at "I.") Plaintiff never responded to this request. On January 15, 2004, Defendant again requested the same information; personally delivering a copy of the December 11, 2003 letter directly to Plaintiff's counsel with instructions to respond by January 22, 2004, the date of Plaintiff's deposition. (Wice Aff. ¶ 7.) Again, Plaintiff failed to comply with Defendant's request and, therefore, on January 27, 2004, Defendant served Plaintiff with its Supplemental Request for the Production of Documents. (Attached at "A.") Specifically, Defendant requested Plaintiff comply with her Rule 26(a) obligations and supplement her previous disclosures to reflect information and calculations current through the date of disclosure. Further, Defendant requested Plaintiff produce any and all documents reflecting the calculation and/or the current amount of damages she is claiming. Again, Plaintiff failed to comply with Defendant's production request. On February 9, 2004

Defendant's counsel again asked Plaintiff's counsel for the damages analysis information. (Wice Aff. ¶ 8.) Plaintiff's counsel indicated he could not timely comply and, therefore, Defendant's Counsel requested the information by February 11, 2003. (Id.) To date, Plaintiff has failed to comply with this request, her Rule 26(a) obligations, and the Court's January 26, 2004 Order that discovery be completed by February 13, 2004. (Attached at "G.")

### III.  ARGUMENT

#### A.  The Federal And Local Rules Authorize Sanctions For Failure To Comply With Rule 26 and Defendant's Discovery Requests.

A party's compliance with Rule 26(a) and response to duly served requests for production of documents are mandatory. Fed. R. Civ. P. 34; Fed. R. Civ. P. 37(d). Rule 37(d) authorizes the Court to award appropriate sanctions under Rule 37(b)(2) if a party fails to comply with such discovery requests.

Rule 37(b)(2)(C) authorizes the Court to issue an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

Local Rule 37(d)(4) also authorizes the Court to award sanctions for failure to comply with discovery ordered by the Court.

#### B.  Sanctions Are Appropriate Here Because Plaintiff Refuses To Comply With Her Rule 26(a) Obligations and Refuses to Respond to Defendant's Duly Served Discovery Requests.

Plaintiff refuses to comply with her Rule 26(a) obligations to supplement her damages analysis. Further, Plaintiff refuses to respond to Defendant's formal and informal discovery requests within the time ordered for the Parties to complete discovery. Plaintiff never filed any objection to Defendant's January 27, 2004 Supplemental Request for Production of Documents, nor did she give Counsel for Defendant any indication that she would object to such request. Indeed, as discussed above, despite Counsel for Defendant's repeated efforts to communicate and

cooperate with Plaintiff's counsel regarding these requests, Plaintiff's counsel refuses to give this long-pending matter any priority over his other engagements. Additionally, these abuses are propounded by the fast approaching deadline for dispositive motions. The Court's January 26, 2004 Order demands dispositive motions be filed by March 1, 2004. (Attached at "G.") Plaintiff's failure to provide the requested current information regarding her damages analysis unduly prejudices Defendant in its ability to assess and/or address the issue of damages in a dispositive motion. Thus, by refusing to comply with or respond to Defendant's multiple requests, Plaintiff gives Defendant no choice but to file the instant motion.

Plaintiff's complete disregard of the rules and multiple Orders of this Court; disregard for her duty to prosecute her case; disregard for the rights of Defendant; and insistence on allowing this matter to languish <u>for years</u> without regard to those rules, Orders and rights warrant sanctions. The Rules clearly authorize such sanctions; moreover the relevant case law also provides that it is well within the authority of the Court to dismiss an action due to such violations of the discovery process. *Independent Investor Protective League and Bader v. Touche Ross and Co.*, 607 F.2d 530 (2nd Cir. 1978)(failure to respond to interrogatories and obey a court order warranted dismissing complaint); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 26 (S.D.N.Y. 1996)(dismissal granted where party failed to comply with court order and committed other obstacles to discovery process); *Altschuler v. Samsonite Corp.*, 109 F.R.,D. 353, 358 (E.D.N.Y. 1986)(dismissing action due to party's failure to produce documents, answer interrogatories and obey court's discovery order); *International Mining Co. v. Allen and Co.*, 567 F.Supp. 777 (S.D.N.Y., 1983)(failure to produce documents and supply adequate answers to interrogatories without justifiable excuse warranted dismissal of complaint); *see also Henry v. Gill Inds., Inc.*, 983 F.2d 943 (9th Cir. 1993)(dismissal of action warranted where party failed to

initially appear for depositions, failed to submit complete responses to production requests, failed to pay previous monetary sanctions in appropriate manner and excuses for failures were unbelievable); *Pierzynowski v. Police Dept. of Detroit*, 941 F.Supp. 633, 646 (E.D. Mich. 1996)(recognizing that court has power to dismiss action as a sanction for failure to comply with court's order to answer interrogatories, produce documents, and pay costs for motion to compel, however already dismissed action on the merits).

Thus, absent some substantial justification from Plaintiff, the Court should dismiss the Complaint and order appropriate sanctions, including the attorneys' fees associated with this motion. Alternatively, the Court should compel Plaintiff to immediately comply with her Rule 26(a) obligations and to produce those documents responsive to Defendant's January 27, 2004 request.

## IV. CONCLUSION

Defendant respectfully requests that the Court dismiss Plaintiff's action in its entirety and award other appropriate sanctions, including the expenses and attorneys' fees caused by Plaintiff's failure to comply with her Rule 26(a) obligations and Defendant's discovery requests. Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 37(b)(2)(C), D. Conn. L. Civ. R. 37(d). Alternatively, pursuant to the same rules, Defendant requests an order compelling Plaintiff to immediately comply with her Rule 26(a) obligations and to produce those documents responsive to Defendant's January 27, 2004 request.

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: /s/ Alison Jacobs Wice
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
       wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL OR, ALTERNATIVELY, TO DISMISS has been sent *via* Federal Express to the following:

Max F. Brunswick, Esq.
12 Trumbull Street
New Haven, Connecticut 06511

This 13th day of February 2004.

_____
Alison Jacobs Wice