**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>PILOT CORPORATION OF AMERICA,<br>    JOHN FARRARA, D/B/A PILOT<br>    CORPORATION OF AMERICA,<br>    and PATRICIA ROBERTS, D/B/A<br>    PILOT CORPORATION OF AMERICA<br><br>        Defendants. | CIVIL ACTION NO.<br>301CV2204(DJS)<br><br><br><br><br>January 27, 2004 |

COPY

## DEFENDANT PILOT CORPORATION'S SUPPLEMENTAL REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Pilot Corporation, ("defendant"), requests that plaintiff, Lila Davis ("plaintiff"), provide legible copies of all of the documents requested herein to be delivered to the offices of Jackson Lewis Schnitzler & Krupman, 177 Broad Street, P.O. Box 251, Stamford, Connecticut 06904-0251, by February 9, 2004.

**I.**    **INSTRUCTIONS**

In responding to these requests, you shall furnish all information available to you, including information in the possession of your investigators and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot respond to these requests in full after exercising due diligence to secure the information

requested, you shall so state and answer to the extent possible, specifying the nature of your inability to fully comply.

Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty days after receipt of such information or documents.

If any file demanded herein or any document formerly contained therein as hereinafter described is no longer in your possession, custody or control, identify the file or document and the reason for loss of possession, custody or control thereof.

These requests are in addition to any disclosures you are required to provide under the federal or local civil rules of procedure.

## II. DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1. *Communication*. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. *Document*. The term "document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes computer files, including files stored on backup systems, and files that have been "deleted" but which are otherwise recoverable.

3. *Identify.* When referring to documents "identify" means to provide to the extent known, information about (1) the type of document; (2) its general subject matter; (3) the date of the document; and (4) author(s), addressee(s) and recipient(s).

4. *Identify (with respect to persons).* When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Parties.* The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. *All/Each.* The terms "all" and "each" shall both be construed as all and each.

8. *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. *Number.* The use of the singular form of any word includes the plural and vice versa.

10.  *Person.* The term "person" is defined as any natural person, or any business, legal or governmental entity or association.

11.  *Income.* The term "income" is defined as all income within the meaning of Section 61 of the Internal Revenue Code.

12.  The use of a verb in any tense shall be construed as the use of a verb in all other tenses, wherever necessary to bring within the scope of the specification all responses which might otherwise be construed to be outside its scope.

III.  **MANNER OF PRODUCTION**

1.  Documents produced pursuant to this request should be separately produced for each paragraph of this request, or, in the alternative, shall be identified as complying with the particular paragraph or paragraphs of the request to which they are responsive.

**REQUESTS FOR PRODUCTION**

1.  Disclosures pursuant to Rule 26(a) revised to reflect information and calculations current through the date of disclosure. [The 26(a) disclosures dated September 22, 2003 reflect Plaintiff's claim for and calculation of damages only through 2001. Identify whether there is any change in the most recently disclosed calculation of damages from 2001 through the present.]

RESPONSE:

2. The resume you referred to throughout your January 22, 2004 deposition and/or any documents reflecting your employers and work experience from the time you were employed by Pilot Corporation through the present.

RESPONSE:

3. All documents reflecting the calculation and/or the current amount of damages you are claiming in the above-captioned matter.

RESPONSE:

4. All documents supporting or used to make your calculation and/or current claim for damages you are claiming in the above-captioned matter, as shown in Plaintiff's updated 26(a) disclosures or documents otherwise produced in response to Request 3.

RESPONSE:

PILOT CORPORATION OF AMERICA

By: *Alison Jacobs Wice*
Michael J. Soltis (CT 07143)
Alison Jacobs Wice (CT 21771)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
(203) 961-0404
(203) 324-0704 (facsimile)
Soltism@jacksonlewis.com
Wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing SUPPLEMENTAL REQUEST FOR THE PRODUCTION OF DOCUMENTS has been sent via facsimile transmission and first class mail, postage prepaid, to:

    Max F. Brunswick
    Attorney At Law
    12 Trumbull Street
    New Haven, CT 06511

This 21st day of January, 2004.

                                            Alison Jacobs Wice

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LILA DAVIS
    Plaintiff

v.                                 : CIVIL NO.: 3:01cv2204(DJS)

PILOT CORPORATION OF AMERICA,
ET AL
    Defendants

## ORDER

The proposed case management plan dated January 15, 2002 is hereby approved and will control the pretrial proceedings in this case until further order of the Court with the following exceptions: Discovery, including all discovery relating to expert witnesses will be completed by **September 27, 2002**. Reports from plaintiff's experts will be due by **June 27, 2002**. Depositions of the plaintiff's experts shall be completed by **July 26, 2002**. Reports from defendants' experts shall be completed by **August 27, 2002**. Depositions of defendants' experts shall be completed by **September 27, 2002**. Dispositive motions, if any, will be filed by **October 28, 2002**.

**Motions to Compel must be filed within twenty (20) days of either: (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery, e.g., responses indicating objections that the movant contends are unjustified. Motions to Compel filed after such deadlines shall be denied for failure to comply with the case management plan.**

A joint trial memorandum, per the attached order, shall be filed by **November 22, 2002**. If the parties cannot agree to the filing of the joint trial memorandum, each party shall file their trial memorandum separately. If a dispositive motion is filed, the memorandum shall be filed within 30 days of any decision of the court on such dispositive motion. The filing of dispositive motions shall not stay discovery. This case shall be trial ready **December, 2002**.

The parties shall contact chambers the week beginning **May 27, 2002** to schedule a status conference. All discovery shall proceed notwithstanding the conference. If the parties feel a settlement conference would be realistic instead of a status conference, please indicate this.

The parties are hereby notified that failure to comply with this Order shall be grounds for either an immediate dismissal with prejudice or an entry of a default and/or sanctions.

IT IS SO ORDERED this 17th day of Jan., 2002.

Dominic J. Squatrito, United States District Judge

nmischel/26order.-04/18/00

**EXHIBIT C**

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT



| | | |
|---|---|---|
| LILA DAVIS<br>Plaintiff | : | US DISTRICT COURT<br>HARTFORD CT |
| v. | : | CIVIL NO.: 3:01cv2204(DJS) |
| PILOT CORPORATION OF<br>AMERICA, ET AL<br>Defendants | : | RECEIVED BY<br>MAR 19 2003<br>JACKSON LEWIS STAMFORD |

### ORDER

The Motion to Modify Scheduling Order and Continue Trial Date dated <u>March 5, 2003</u> (Doc. #29) is **GRANTED in part.** The following schedule will control the pretrial proceedings in this case until further order of the Court as follows: Discovery, including all discovery relating to expert witnesses will be completed by <u>August 18, 2003</u>. Plaintiff must respond to defendants' discovery requests no later than <u>April 11, 2003</u>. Reports from plaintiff's experts will be due by <u>May 18, 2003</u>. Depositions of the plaintiff's experts shall be completed by <u>June 18, 2003</u>. Reports from defendants' experts shall be completed by <u>July 18, 2003</u>. Depositions of defendants' experts shall be completed by <u>August 18, 2003</u>. Dispositive motions, if any, will be filed by <u>September 18, 2003</u>.

Motions to Compel <u>must</u> be filed within twenty (20) days of either: (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery, e.g., responses indicating objections that the movant contends are unjustified. Motions to Compel filed after such deadlines shall be denied for failure to comply with the case management plan.

A joint trial memorandum, per the attached order, shall be filed by <u>October 18, 2003</u>. If the parties cannot agree to the filing of the joint trial memorandum, each party shall file their trial memorandum separately. If a dispositive motion is filed, the memorandum shall be filed within 30 days of any decision of the court on such dispositive motion. The filing of dispositive motions shall not stay discovery. This case shall be trial ready <u>November, 2003</u>.

The parties are hereby notified that failure to comply with this Order shall be grounds for either an immediate dismissal with prejudice or an entry of a default and/or sanctions.

IT IS SO ORDERED this _13th_ day of _March_, 2003.

_____
Dominic J. Squatrito
United States District Judge

n:mischel/26forder.mod-04/18/99

AO 72A
(Rev.8/82)