**EXHIBIT I**

RECEIVED BY

SEP 2 3 2003

JACKSON LEWIS STAMFORD

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lila R. Davis,<br>Plaintiff | : NO. 3:01 CV 2204 (DJS)<br>:<br>: Jury Trial Demanded<br>:<br>:<br>: |
| Pilot Corporation of America, Patricia Roberts<br>and John Ferrara in their official capacities,<br>Defendants | : September 22,, 2003 |

### AMENDED RULE 26(a) INITIAL DISCLOSURES

The Plaintiff hereby submits the following amended disclosures pursuant to F.R.C.P. 26(a)(1)(A)-(D) (all changes are typed in boldface print):

(1)(A):    Names addresses and telephone numbers of each individual likely to have discoverable information that the plaintiff may use to support her claim, as well as the subjects of information:

1.    Ronald Shaw
2.    Patricia Roberts
3.    John Ferrara
4.    Donna McCausland
5.    Brenda Keller
6.    Wendy Jennings
7.    Diane Saksa
8.    Judy DeZenzio
9.    Herta Page
10.    Joyce Carr
11.    Sandra Landro
12.    Chantay Bynes
13.    Brenda Smorto
14.    Donna Baldino
15.    Melinda Brooks (?)
16.    Jeanette Hirsch
17.    James Winston
18.    Maxine Boykin

To the Plaintiffs knowledge and belief all of the above named persons are employed by the Defendant corporation and maintain business addresses and telephone numbers with the Defendant corporation.

(1)(B)    A description by category and location of all documents, data compilations, and tangible things that are in the possession, custody or control of the Plaintiff and that the Plaintiff may use to support her claims and defenses:

1.   Pilot Corporation of America Employee Handbook; 26 pages
2.   CCHRO/EEOC complaint and attachments; 61 pages
3.   EEOC Notice of Right to Sue; 2 pages
4.   Plaintiff's resume; 1 page
5.   Memo re: security card dated 6/17/99; 2 pages
6.   Memo re:  gate security card reader dated 5/29/97; 1 page
7.   Defendant's offer of employment letter to Plaintiff dated 8/4/99; 1 page
8.   Defendant's benefit fact sheet; 2 pages
9.   Note to Lila Davis File dated 8/5/99 and 8/6/99; 3 pages
10.   Plaintiff's Employee Status 90 day, with Plaintiff's handwritten response; 3 pages
11.   Probation review dated 6/29/00; 1 page
12.   Severance Agreement package dated 6/29/00; 28 pages
13.   Plaintiff's written warning-work performance dated 5/1/00, 1 page
14.   Plaintiff's response to written warning (with attachments) dated 5/1/00; 42 pages
15.   Plan of Action dated 6/1/00; 3 pages
16.   Customer Service Representative job description dated 2/2/99; 1 page
17.   Customer Service Representative job description dated 11/2/99; 2 pages
18.   Plaintiff's handwritten notes of 4/1/00 meeting with Patricia Roberts and Chante Bynes (with attachments); 6 pages
19.   Plaintiff's handwritten notes dated 5/11/00; 1 page, (this document is lost and if and when we locate it, we will forward it to your office)
20.   Departmental Phone Listing; 2 pages
21.   Plaintiff's handwritten work diary from June 1999 – June 2000; 214 pages
22.   Email confirmation reports; 9 pages
23.   Interoffice memos to or from Plaintiff; 151 pages
24.   Email transmittals re: MIS problems; 13 pages
25.   Memos to Customer Service Department; 43 pages
26.   Customers' written commendations to Plaintiff; 22 pages
27.   Plaintiff's improvement/suggestion memos; 6 pages
28.   Plaintiff's computer generated telephone logs; 240 pages
        a.  July, 1999; 25 pages
        b.  August, 1999; 22 pages
        c.  September; 1999; 18 pages

      d.  October, 1999; 20 pages
      e.  November, 1999; 20 pages
      f.  December, 1999; 17 pages
      g.  January, 2000; 21 pages
      h.  February, 2000; 20 pages
      i.  March, 2000; 20 pages
      j.  April, 2000; 12 pages
      k.  May, 2000; 35 pages
      l.  June, 2000; 28 pages

29.    Computer generated telephone logs for Plaintiff's co-workers; 92 pages
      a.  Sandy Landro; 11 pages
      b.  Joyce Carr; 6 pages
      c.  Herta Page; 23 pages
      d.  Donna McCausland; 10 pages
      e.  Diane Saksa; 42 pages

30.    Overtime batch letter labels; 10 pages

31.    Plaintiff's daily work June 1999 [reflected through telephone inquiry forms, order inquiry forms, order forms, return authorization forms, invoice inquiry forms, shipping order forms, purchase order forms, invoice/credit memos, invoice/debit memos, rapid load purchase order forms, print key output forms, EDI invoices, UPS tracking summary forms, bills of lading, expedite request forms, fed ex airbill receipts, item inventory requirement by requested ship date forms, open stock forms]; 18 pages

32.    July, 1999; 81 pages

33.    August, 1999; 237 pages

34.    September, 1999; 78 pages

35.    October, 1999; 118 pages

36.    November, 1999; 186 pages

37.    December, 1999; 151 pages

38.    January, 2000; 255 pages

39.    February, 2000; 115 pages

40.    March, 2000; 86 pages

41.    April, 2000, 139 pages

42.    May, 2000; 508 pages

43.    June, 2000; (attached hereto) 301 pages

44.    Pilot Training Program Manual; 200 pages

45.    Supplemental Program Manual; 124 pages

46.    Plaintiff's handwritten telephone logs (before Defendant required computer generated telephone logs); 189 pages

47.    Herta Pages' deleted orders; 16 pages

48.    Pilot telephone bill; 4 pages

49.    Plaintiff's Dept of Labor claim documentation; 24 pages

50. Orders on hold; 6 pages
51. Plaintiff's timesheets, August, 1999 through June 2000; 27 pages
52. Diane Saksa's international accounts assignments; 33 pages
53. Sandy Landro's EDI accounts assignments; 29 pages
54. blank forms; 13 pages
55. commercial products list; 13 pages
**56. Plaintiff's mitigation efforts after termination from Defendant corporation; 151 pages (21 new pages with this mailing)**
57. Plaintiff's income tax returns for 2000; 10 pages
58. Order File Summary reports; 21 pages

## TOTAL:  4,101 pages

All documents in possession of Plaintiff's counsel.

(1)(C)      A compilation of damages:

1. Lost wages:  Plaintiff earned approximately $484.75 weekly (gross wages) and $25, 207 yearly not including overtime wages, health and dental insurance benefits, and disability benefits.  She was terminated by Defendant on June 29, 2000.  From June 29, 2000 to the present there have been approximately 85 weekly pay periods.  Plaintiff has lost $41, 203.75 not including overtime wages and benefits.  As of the present date, Plaintiff has earned or received a total of  $39,652.00 since the date of her termination. Plaintiff collected $4,788.00 for unemployment compensation benefits in 2000.  Plaintiff earned $3,000.00 from a subsequent employer in 2000. Plaintiff's received a total of $7,788.00 from all sources of income (except Pilot Corporation) after she was terminated in 2000.  Plaintiff collected $5,899.00 for unemployment compensation benefits in 2001.  Plaintiff earned $25,965.00 from subsequent employers in 2001.  Plaintiff's received a total of $31,864.00 from all sources of income after she was terminated in the year 2001.
2. Punitive damages:  Plaintiff claims punitive damages in the amount of $300,000.00 (three hundred thousand dollars).
3. Attorneys fees:   Plaintiffs claims attorneys fees (at present) in the amount of approximately $7,500.00 (seven thousand five hundred dollars).
4. Costs:  Plaintiff claims (at present) $300.00 (three hundred dollars).

(1)(D)      Not applicable.


The Plaintiff,

Lila Davis

By: _____
Max F. Brunswick

MAY 2 0 2002

BY JLSK STAMFORD

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Lila R. Davis,
     Plaintiff

: NO. 3:01 CV 2204 (DJS)
:
: Jury Trial Demanded
:
:

Pilot Corporation of America, Patricia Roberts
and John Ferrara in their official capacities,
     Defendants

: May 20, 2002

## AMENDED RULE 26(a) INITIAL DISCLOSURES

The Plaintiff hereby submits the following amended disclosures pursuant to F.R.C.P. 26(a)(1)(A)-(D) (all changes are typed in boldface print):

(1)(A):     Names addresses and telephone numbers of each individual likely to have discoverable information that the plaintiff may use to support her claim, as well as the subjects of information:

1. Ronald Shaw
2. Patricia Roberts
3. John Ferrara
4. Donna McCausland
5. Brenda Keller
6. Wendy Jennings
7. Diane Saksa
8. Judy DeZenzio
9. Herta Page
10. Joyce Carr
11. Sandra Landro
12. Chantay Bynes
13. Brenda Smorto
14. Donna Baldino
15. Melinda Brooks (?)
16. Jeanette Hirsch
17. James Winston
18. **Maxine Boykin**

REBECCA L. JOHNSON • ATTORNEY AT LAW
JURIS NO.: 408982 • FEDERAL BAR NO.: CT17502
129 CHURCH STREET • SUITE 505 • NEW HAVEN, CT 06510

203/333-5695 (office)
203/333-1565 (facs.)

203/772-3044 (office)
203/787-1880 (facs.)

To the Plaintiffs knowledge and belief all of the above named persons are employed by the Defendant corporation and maintain business addresses and telephone numbers with the Defendant corporation.

(1)(B)    A description by category and location of all documents, data compilations, and tangible things that are in the possession, custody or control of the Plaintiff and that the Plaintiff may use to support her claims and defenses:

1.    Pilot Corporation of America Employee Handbook; 26 pages
2.    CCHRO/EEOC complaint and attachments; 61 pages
3.    EEOC Notice of Right to Sue; 2 pages
4.    Plaintiff's resume; 1 page
5.    Memo re: security card dated 6/17/99; 2 pages
6.    Memo re: gate security card reader dated 5/29/97; 1 page
7.    Defendant's offer of employment letter to Plaintiff dated 8/4/99; 1 page
8.    Defendant's benefit fact sheet; 2 pages
9.    Note to Lila Davis File dated 8/5/99 and 8/6/99; 3 pages
10.    Plaintiff's Employee Status 90 day, with Plaintiff's handwritten response; 3 pages
11.    Probation review dated 6/29/00; 1 page
12.    Severance Agreement package dated 6/29/00; 28 pages
13.    Plaintiff's written warning-work performance dated 5/1/00, 1 page
14.    Plaintiff's response to written warning (with attachments) dated 5/1/00; 42 pages
15.    Plan of Action dated 6/1/00; 3 pages
16.    Customer Service Representative job description dated 2/2/99; 1 page
17.    Customer Service Representative job description dated 11/2/99; 2 pages
18.    Plaintiff's handwritten notes of 4/1/00 meeting with Patricia Roberts and Chante Bynes (with attachments); 6 pages
19.    Plaintiff's handwritten notes dated 5/11/00; 1 page, (this document is lost and if and when we locate it, we will forward it to your office)
20.    Departmental Phone Listing; 2 pages
21.    Plaintiff's handwritten work diary from June 1999 – June 2000; 214 pages
22.    Email confirmation reports; 9 pages
23.    Interoffice memos to or from Plaintiff; 151 pages
24.    Email transmittals re: MIS problems; 13 pages
25.    Memos to Customer Service Department; 43 pages

REBECCA L. JOHNSON • ATTORNEY AT LAW
JURIS NO.: 408982 • FEDERAL BAR NO.: CT17502
129 CHURCH STREET • SUITE 505 • NEW HAVEN, CT 06510

203/333-5695 (office)
203/333-1565 (facs.)

203/772-3044 (office)
203/787-1880 (facs.)

26.  Customers' written commendations to Plaintiff; 22 pages
27.  Plaintiff's improvement/suggestion memos; 6 pages
28.  Plaintiff's computer generated telephone logs; 240 pages
   a.  July, 1999; 25 pages
   b.  August, 1999; 22 pages
   c.  September; 1999; 18 pages
   d.  October, 1999; 20 pages
   e.  November, 1999; 20 pages
   f.  December, 1999; 17 pages
   g.  January, 2000; 21 pages
   h.  February, 2000; 20 pages
   i.  March, 2000; 20 pages
   j.  April, 2000; 12 pages
   k.  May, 2000; 35 pages
   l.  June, 2000; 28 pages
29.  Computer generated telephone logs for Plaintiff's co-workers; 92 pages
   a.  Sandy Landro; 11 pages
   b.  Joyce Carr; 6 pages
   c.  Herta Page; 23 pages
   d.  Donna McCausland; 10 pages
   e.  Diane Saksa; 42 pages
30.  Overtime batch letter labels; 10 pages
31.  Plaintiff's daily work June 1999 [reflected through telephone inquiry forms, order inquiry forms, order forms, return authorization forms, invoice inquiry forms, shipping order forms, purchase order forms, invoice/credit memos, invoice/debit memos, rapid load purchase order forms, print key output forms, EDI invoices, UPS tracking summary forms, bills of lading, expedite request forms, fed ex airbill receipts, item inventory requirement by requested ship date forms, open stock forms]; 18 pages
32.  July, 1999; 81 pages
33.  August, 1999; 237 pages
34.  September, 1999; 78 pages
35.  October, 1999; 118 pages
36.  November, 1999; 186 pages
37.  December, 1999; 151 pages
38.  January, 2000; 255 pages
39.  February, 2000; 115 pages
40.  March, 2000; 86 pages
41.  April, 2000, 139 pages
42.  May, 2000; 508 pages

REBECCA L. JOHNSON • ATTORNEY AT LAW
JURIS NO.: 408982 • FEDERAL BAR NO.: CT17502
129 CHURCH STREET • SUITE 505 • NEW HAVEN, CT  06510

203/333-5695 (office)
203/333-1565 (facs.)

203/772-3044 (office)
203/787-1880  (facs.)

**43.    June, 2000; (attached hereto) 301 pages**
44.    Pilot Training Program Manual; 200 pages
45.    Supplemental Program Manual; 124 pages
46.    Plaintiff's handwritten telephone logs (before Defendant required computer generated telephone logs); 189 pages
47.    Herta Pages' deleted orders; 16 pages
48.    Pilot telephone bill; 4 pages
49.    Plaintiff's Dept of Labor claim documentation; 24 pages
50.    Orders on hold; 6 pages
51.    Plaintiff's timesheets, August, 1999 through June 2000; 27 pages
52.    Diane Saksa's international accounts assignments; 33 pages
53.    Sandy Landro's EDI accounts assignments; 29 pages
54.    blank forms; 13 pages
55.    commercial products list; 13 pages
56.    Plaintiff's mitigation efforts after termination from Defendant corporation; 130 pages
57.    Plaintiff's income tax returns for 2000; 10 pages
58.    Order File Summary reports; 21 pages

# TOTAL:   4,101 pages

All documents in possession of Plaintiff's counsel.

(1)(C)       A compilation of damages:

1. Lost wages:  Plaintiff earned approximately $484.75 weekly (gross wages) and $25, 207 yearly not including overtime wages, health and dental insurance benefits, and disability benefits.  She was terminated by Defendant on June 29, 2000.  From June 29, 2000 to the present there have been approximately 85 weekly pay periods.  Plaintiff has lost $41, 203.75 not including overtime wages and benefits.  As of the present date, Plaintiff has earned or received a total of  $39,652.00 since the date of her termination.  Plaintiff collected $4,788.00 for unemployment compensation benefits in 2000.  Plaintiff earned $3,000.00 from a subsequent employer in 2000.  Plaintiff's received a total of $7,788.00 from all sources of income (except Pilot Corporation) after she was terminated in 2000.  Plaintiff collected $5,899.00 for unemployment compensation benefits in 2001.  Plaintiff earned $25,965.00 from subsequent employers in 2001.  Plaintiff's received a total of $31,864.00 from all sources of income after she was terminated in the year 2001.

2. Punitive damages:  Plaintiff claims punitive damages in the amount of $300,000.00 (three hundred thousand dollars).

REBECCA L. JOHNSON • ATTORNEY AT LAW
JURIS NO.:  408982 • FEDERAL BAR NO.: CT17502
129 CHURCH STREET • SUITE 505 • NEW HAVEN, CT  06510

203/333-5695 (office)
203/333-1565 (facs.)

203/772-3044 (office)
203/787-1880 (facs.)

3. Attorneys fees:   Plaintiffs claims attorneys fees (at present) in the amount of approximately $7,500.00 (seven thousand five hundred dollars).

4. Costs:  Plaintiff claims (at present) $300.00 (three hundred dollars).

(1)(D)        Not applicable.

The Plaintiff,
Lila Davis

By:   *R. L. Johnson*
        Rebecca L. Johnson

---

REBECCA L. JOHNSON • ATTORNEY AT LAW
JURIS NO.: 408982 • FEDERAL BAR NO.: CT17502
129 CHURCH STREET • SUITE 505 • NEW HAVEN, CT  06510

203/333-5695 (office)                                                                203/772-3044 (office)
203/333-1565 (facs.)                                                                 203/787-1880  (facs.)

## CERTIFICATION

This is to certify that on this date a copy of the foregoing **AMENDED RULE 26(a)**

**INITIAL DISCLOSURES** has been hand delivered/forwarded via first class U.S. mail,

postage prepaid to the following counsel and/or pro se parties of record:


Attention:  Attorney Christina Calise Feeny
Jackson, Lewis, Schnitzler & Krupman
177 Broad Street
P.O. Box 251
Stamford, CT  06904-0251


_R. L. Johnson_
Rebecca L. Johnson

REBECCA L. JOHNSON • ATTORNEY AT LAW
JURIS NO.:  408982 • FEDERAL BAR NO.:  CT17502
129 CHURCH STREET • SUITE 505 • NEW HAVEN, CT  06510
203/333-5695 (office)
203/333-1565 (facs.)
203/772-3044 (office)
203/787-1880 (facs.)