UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS, | CIVIL ACTION NO. |
| | 301CV2204(DJS) |
| Plaintiff, | |
| | |
| v. | |
| | |
| PILOT CORPORATION OF AMERICA, | |
| | February 27, 2004 |
| Defendant. | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, Defendant Pilot Corporation of America ("Pilot" or "Defendant"), respectfully submits that Pilot is entitled to summary judgment on the First (and only) Count of the Complaint. As such, the Complaint should be dismissed in its entirety, with prejudice, on the basis that there is no genuine issue of material fact for trial on Plaintiff's claims and, therefore, Pilot is entitled to judgment as a matter of law. A memorandum, affidavits with attachments, and Defendant's Local Rule 56(a)(1) Statement in support of this motion are submitted herewith.

The undisputed evidence presented in that memorandum, affidavits with attachments, and Defendant's Local Rule 56(a)(1) Statement show that Pilot hired Plaintiff Lila Davis, who is black and African-American, as a full time Customer Service Representative ("CSR") in August 1999. Eight months later, in June 2000, Mr. Ferrara and his Assistant Customer Service Manager Patricia Roberts terminated Ms. Davis for poor performance. Plaintiff claims that that the scrutiny of her work performance was harassment and the termination of her employment based on the scrutiny which established the poor performance was discrimination against her

**ORAL ARGUMENT REQUESTED**

**TESTIMONY NOT REQUIRED**

because of her race and color in violation of Title VII of the Civil Rights Act of 1964.

Plaintiff does not point to any direct evidence of race discrimination to support her claim. She does not – and cannot -- point to evidence that similarly situated non-black/non-African-American employees were treated differently than she. In fact, Pilot hired Plaintiff to fill a vacancy caused by its discharge of a Caucasian CSR for poor performance.

The undisputed evidence – including entries from Ms. Davis' work diary – establishes that Pilot went to great lengths to try to assist Plaintiff to improve her performance and remain employed. After Plaintiff failed to respond to these efforts, Pilot gave Plaintiff 30 days to meet the requirements of the position. When Plaintiff failed to do so, Pilot extended that period for an additional two weeks.

No evidence – direct or indirect – supports Plaintiff's claim of race discrimination. No evidence allows for a reasonable inference of discrimination as opposed to Plaintiff's mere speculation and conjecture. The law holds that Plaintiff's "feelings and perceptions of being discriminated against are not evidence of discrimination."

Even if Ms. Davis could establish a prima facie case, Pilot has articulated a legitimate non-discriminatory reason for its actions, i.e., her poor performance. Ms. Davis' only response to the allegations of poor performance is that she was doing her best and meeting her own standards of performance. As a matter of law, these subjective statements do not establish that Pilot's legitimate business reason is a pretext for discrimination.

There are no material issues of fact. Pilot respectfully requests that the Court grant it summary judgment and dismiss Plaintiff's Complaint in its entirety.

PILOT CORPORATION OF AMERICA,

By: /s/ Alison Jacobs Wice
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT 21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
(203) 961-0404
(203) 324-4704 (Facsimile)
soltism@jacksonlewis.com
wicea@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing MOTION FOR SUMMARY JUDGMENT has been served, via regular mail, postage prepaid, to counsel of record at the following address:

>Max F. Brunswick, Esq.
>12 Trumbull Street
>New Haven, Connecticut 06511

This 27th day of February, 2004.

Alison Jacobs Wice