UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | CIVIL ACTION NO. |
| | : | 301CV2204(DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PILOT CORPORATION OF AMERICA, | : | |
| | : | |
| Defendant. | : | February 27, 2004 |

## AFFIDAVIT OF PATRICIA ROBERTS

PATRICIA ROBERTS, being first duly sworn, hereby deposes and says that:

1. I am over twenty-one years of age and I understand and believe in the obligations of an oath.

2. I make this affidavit freely, based on my personal knowledge of the facts set forth herein.

3. Prior to being employed by Pilot, I received extensive logistics training and then conducted time studies of customer service and the employees under her supervision at UPS, my former employer, to measure their work functions, determine staffing levels and monitor the volume of work output.

4. I applied the time study methodology I learned at UPS to my subsequent jobs, including Airborne Express, Manager of the TFS customer service call center, and at Pilot.

5. On April 4, my second day of employment at Pilot, I conducted individual meetings with Customer Service employees, including Lila Davis and the other CSRs, to learn about their job functions and areas for improving the Department. I recorded notes of these

meetings in my electronic calendar. (Attachment A.) I also sought to learn the CSRs' role and duties so that I could process order entries myself and understand the position from the CSRs' perspective.

6. I first met with Customer Service Clerk Brenda Keller and reviewed her work distribution log which listed the work she distributed to the CSRs. (Attachment A.)

7. Reviewing that log, I noticed that the entries for Lila Davis were often crossed out and redistributed to the other CSRs: Diane Saska, Herta Page and Joyce Carre.

8. I sat with Lila Davis for the same purpose as I did with the other CSRs: to learn CSR duties and become familiar with Ms. Davis' level of performance (Attachment A).

9. In an effort to standardize and make CSR processing more efficient, Ms. Roberts gathered and analyzed order processing records, by individual CSR, from the previous month, and thereafter from the previous year. As part of this effort, I asked all of the CSRs to keep track of and report back to me the number of orders they entered and telephone calls they handled each day. I utilized these records, including the CSRs' telephone logs and order file summary sheets, to determine how many e-mails and calls a CSR should be able to respond to per day.

10. I concluded from this review that CSRs should be able to complete: (a) an average of 20 orders entered manually per day; (b) respond to between 20 and 25 consumer letters; and (c) to handle the daily volume answering telephone calls, which usually vary between 5 and 15 inbound calls daily. (Attachment B.)

11. Following my initial meeting with Lila Davis and as she and I had agreed, Ms. Davis began e-mailing me on a daily basis often reporting in unnecessary and unprofessional detail the tasks she performed each day. (Attachment C.) These e-mails and my

contemporaneous notes that I made on printouts of those e-mails reflected Ms. Davis' continued inability to keep up with her assigned workload. (Id.)

12. According to Plaintiff's e-mails, she entered 20 or more orders on only one day that she reported to me in the month of April. (Attachment C.)

13. By on or about April 25, Lila Davis was 18 orders behind and I completed some of the orders that had been assigned to Ms. Davis and were already overdue. (Attachment C.)

14. That same day, I also sat with Lila Davis to go through her orders and explained to her again that she was required to improve her order entry speed.

15. According to her own e-mails, on May 1 and 2 Lila Davis processed 10 or less orders. (Attachment C.)

16. On May 8, 2000, Lila Davis e-mailed me asking me to clarify Pilot's expectations for her performance. (Attachment D.) I responded that Ms. Davis should complete a batch of 20 customer inquiries in an hour and a half and enter 20 orders (averaging 20 line items) per day. (Id.)

I have read the above 16 numbered paragraphs and they are true and complete to the best of my knowledge and belief.

_____
PATRICIA ROBERTS

Subscribed and sworn to before me
this 25th day of February 2004.

_____
Notary Public
My Commission Expires:

My Commission Expires
Dec. 31, 2005

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing AFFADAVIT with exhibits has been mailed *via* first class mail, postage prepaid, to the following:

    Max F. Brunswick, Esq.
    12 Trumbull Street
    New Haven, Connecticut 06511

This 27th day of February 2004.

                                                    Alison Jacobs Wice