UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS, : | CIVIL ACTION NO. |
| : | 301CV2204(DJS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PILOT CORPORATION OF AMERICA, : | |
| : | March 18, 2004 |
| Defendant. : | |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO DISCOVERY**

Pursuant to Local Rule of Civil Procedure 7, Defendant, Pilot Corporation of America, hereby objects to the request of Plaintiff, Lila Davis (hereinafter "Plaintiff" or "Davis") to compel Defendant to respond to discovery requests dated February 3, 2004, as set forth in Plaintiff's Motion To Compel Defendant's Response To Discovery dated March 11, 2004.

**II.    PROCEDURAL HISTORY**

This action involves Davis' claims against Defendant for race and color discrimination under Title VII. Plaintiff initially filed her complaint in state court and served Defendant on October 29, 2001. On November 27, 2001, Defendant removed the action to this Court. Defendant timely filed its Answer on January 2, 2002.

By Order dated March 13, 2003, this Court extended the deadlines for completing all discovery in this case to accommodate substitute counsel for Plaintiff's request in a Motion to Modify Scheduling Order and Continue Trial Date for "sufficient time to prepare." (Doc. #29, 31.) That Order required all discovery to be completed by August 18, 2003. On August 27, 2003, counsel for Defendant attended a Status Conference with Judge Squatrito, as scheduled by

the Court, to discuss the pending motion to dismiss and motion for another extension of the discovery period. (Doc. # 46.) Counsel for Plaintiff did not appear and did not give any advance notice to Counsel for Defendant or, to Counsel's knowledge, to the Court. (Id.) Counsel for Plaintiff was eventually reached to participate by telephone. (Id.) Following this conference, on August 29, 2003, the Court ordered: Plaintiff to respond to the outstanding 2002 written discovery requests by September 22, 2003; Plaintiff to take the one deposition she intended to take by October 31, 2003; and Defendant to complete their depositions by November 28, 2003. (Doc. #42.) This Order did not reopen the time to undertake any new discovery. (Id.)

Plaintiff and Defendant filed motions to extend the time to complete theses depositions on November 14, 2003 and November 17, 2003 respectively. (Docs. #48, 49.) On November 26, 2003, the Court granted an extension allowing additional time specifically for taking the remaining depositions only: Plaintiff to take Patricia Robert's deposition by December 31, 2003 and Defendant take its depositions by January 30, 2004. (Doc. #50.) Further, the Court ordered that no further extensions would be granted. (Id.)

Despite this Order, counsel were unable to identify dates between November 26 and December 31 on which all parties were available for Ms. Roberts' deposition. On January 9, 2004, Defendant filed a Motion on Consent to Extend Post-Discovery Deadlines, reporting that the depositions were ultimately scheduled for later than originally planned and closer to the Court's deadline for the filing of dispositive motions. (Doc. #52.) In response to this motion, on January 26, 2004, the Court ordered that any remaining discovery be completed by February 13, 2004 and dispositive motions filed by March 1, 2004. (Doc. #53.) Plaintiff eventually took Ms. Roberts' deposition at the office of Rebecca Johnson on January 15, 2004. Defendant took Plaintiff's deposition at the offices of counsel for Defendant on January 22, 2004.

Plaintiff's Motion To Compel Defendant's Response To Discovery dated March 11, 2004 asks the Court to require Defendant to respond to entirely new interrogatories and requests for production of documents that counsel for Plaintiff alleges he unsuccessfully attempted to serve via certified mail. Plaintiff's Motion should be denied because counsel for Plaintiff failed to meet the Federal and Local Rules' prerequisites for filing such motion; and because the underlying discovery requests are untimely and invalid.

### III. ARGUMENT

Plaintiff's Motion To Compel Defendant's Response To Discovery is flawed in both form and substance and should be denied.

### A. Plaintiff's Motion To Compel Defendant's Response To Discovery is Procedurally Flawed

#### 1. Plaintiff's Motion To Compel Defendant's Response To Discovery And Attached Certificate Of Service Are Not Signed

Defendant received Plaintiff's Motion To Compel Defendant's Response To Discovery requesting that the Court compel Defendant to respond to discovery requests on March 12, 2004. That Motion was not signed by counsel at the signature block or on the attached Certificate of Service. Therefore, it does not comply with Federal Rules of Civil 5(d), 7(b)(3) and 11(a), the Motion should be stricken, and should not be considered by the Court. Additionally, the Certificate of Service is not only unsigned, but also fails to identify the method by which such service was made.

Additionally, Plaintiff's Motion is invalid under Local Rule 37, which requires a motion made pursuant to Federal Rules 33 and 37 to be accompanied by "an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." Plaintiff failed to provide such affidavit and, as set forth

more fully below, counsel for Plaintiff could not in good faith provide the required information under oath in such an affidavit. D. Conn. L. Civ. R. 37(a)(2) (2004).

       2.      **Plaintiff's Motion To Compel Defendant's Response To Discovery Does Not Comply With Local Rule 7**

Plaintiff's Motion to compel is not accompanied by a written memorandum of law, as required by Local Rule 7. D. Conn. L. Civ. R. 7(a)(1). That Rule sets forth that such "failure to submit a memorandum may be deemed sufficient cause to deny the motion." Id.

    B.    **Plaintiff Failed In Good Faith To Confer With Defendant In An Effort To Secure The Requested Disclosure**

Federal Rule 37 requires:

> If a party fails to make a disclosure required by Rule [33], any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Fed. R. Civ. P. 33(b)(5), 37(a)(2)(A) (2004) (emphasis added). See also D. Conn. L. Civ. R. 37(a)(2) ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution"). Plaintiff's Motion contains no such certification. Indeed, Plaintiff's Motion by its terms reveals that counsel for Plaintiff failed to confer or even attempt to confer with Defendant concerning the difficulties with delivery of the discovery requests by certified mail. Plaintiff's Motion only reports that the package containing the discovery requests and sent to Defendant by certified mail was returned to counsel for Plaintiff "unclaimed." (See Plaintiff's Motion at 1, Ex. B.) In fact, the discovery requests in question have still never been served on Defendant by any method of delivery and Plaintiff's motion indicates Plaintiff never attempted to reserve the requests by any other delivery method,

4

instead assuming that his package had been "refused." Indeed, the requests as attached to Plaintiff's Motion are the first time Defendant learned of their existence or Plaintiff's issues with delivery by certified mail.

In this vein, Plaintiff's counsel attended Plaintiff's deposition on January 22, 2004 at counsel for Defendant's office and, therefore, is fully aware that Defendant's office is located in a large office building containing several other offices and businesses which could account for difficulty with delivery by certified mail to an address without specific suite, floor or "P.O. Box" information. (See Plaintiff's Motion at 1, Ex. B.) This fact alone gives sufficient practical reason why Plaintiff's counsel should have attempted to confer with Defendant regarding these discovery requests and the unsuccessfully service by certified mail.

    C.    **Plaintiff's Underlying Discovery Requests Are Procedurally Invalid**

        1.    **Plaintiff's Interrogatories Exceed The Number Permitted By The Rules**

Plaintiff's still unserved discovery requests exceed the number of requests provided under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a). (See also Doc. #15 at E.5.) Under Federal Rule 33 and the parties' Rule 26(f) report, a party may not serve more than 25 interrogatories (including all discrete subparts) unless such party seeks the leave of court to serve additional interrogatories to the extent allowed under Fed. R. Civ. P. 26(b)(2). (See Doc. #15.) Plaintiff has already served a total of 22 interrogatories in this case upon Defendant. Thus, the total of Plaintiff's prior interrogatories and the additional 19 interrogatories (counting the discrete subparts) contained the requests dated February 3, 2004 far exceed the 25 allowed under the Federal Rules of Civil Procedure. At no time in advance of serving these interrogatories nor in conjunction with such service did Plaintiff seek the leave of court to serve such excessive

additional requests. Therefore, Defendant is under no obligation to respond to those Interrogatories, they should stricken from the record in this case.

### 2. The Discovery Requests And Attached Certificate Of Service Are Unsigned And Defective Under The Rules

Like the Motion at issue, the underlying discovery requests and certification of service attached to the requests (as appended to Plaintiff's Motion to Compel) are unsigned. See Fed. R. Civ. P. 26(g). These procedural flaws reflect not only Plaintiff's disregard for the Rules, but also demonstrate that the difficulty with delivery of the requests could have been easily avoided by Plaintiff. For example, the address for Defendant's counsel as provided on Plaintiff's certification of service attached to the discovery requests is different from the address provided on the envelope Plaintiff allegedly used to mail the unserved February 3, 2004 discovery requests: the certificate of service reciting a "P.O. Box" number and the envelope bearing only a street address. (See Plaintiff's Motion at 1, Ex. B.) Again, Plaintiff's counsel attended Plaintiff's deposition on January 22, 2004 at counsel for Defendant's office and, therefore, is fully aware that Defendant's office is located in a large office building containing several other offices and businesses which could account for difficulty with delivery by certified mail to an address without specific suite, floor or "P.O. Box" information. (See Plaintiff's Motion at 1, Ex. B.) Plaintiff also fails to offer any justification for why, upon receipt of the returned certified mail package to him, he did not call or otherwise attempt to contact counsel for Defendant to discuss his difficulty with delivery by certified mail.

### D. Defendant Is Not Required To Respond To The Underlying Discovery Requests Because The Deadline For Filing Written Discovery Requests Has Long Since Passed

In any event, Defendant should not be required to respond to Plaintiff's discovery requests dated February 3 because they are time barred by the relevant scheduling orders.

Plaintiff fails to identify any reason for the substantial delay in serving these requests. None of the inquiries made in those underlying requests relate to issues only recently revealed or identifiable after years of discovery and proceedings in this case. Plaintiff also had ample opportunity to raise such questions at his deposition of Plaintiff's former supervisor, a former Pilot manager, and failed to do so. Thus, there is no good cause for allowing additional time for Plaintiff to pursue these untimely requests.

Additionally, the Scheduling Orders issued by this Court do not permit Plaintiff to file any additional written discovery. In particular, the Court's August 29, 2003 Order expressly provided additional time for Plaintiff to take a single deposition only. (Doc. #42.) As of the date of that Order, the parties had reported to the Court that the only remaining discovery was Plaintiff's overdue responses to Defendant's June 22, 2002 discovery requests and completion of depositions by both parties. By that date, the time to propound new written discovery requests had passed. (See Doc. #31.) The Court's November 26, 2003 Order was prompted by yet another request by Plaintiff for more time specifically to take one deposition. (Doc. #48, 50.) That Order expressly set forth deadlines for the parties to complete depositions and did not reopen the period for propounding new written discovery. (Doc. #50.) Similarly, Defendant's Motion on Consent to Extend Post-Discovery Deadlines filed January 12, 2004 (Doc. #52) sought extension only of the dates set forth in that November 26 Order. (See Doc. #53.) Thus, Plaintiff should not be allowed to serve any new discovery requests, as they are time barred by the Court's Orders. It follows that that there is no valid basis for Plaintiff's Motion to Compel responses to such requests.

## IV. CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion To Compel Defendant's Response To Discovery in its entirety; and that it strike Plaintiff's underlying discovery requests as untimely.

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: /s/ Alison Jacobs Wice
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
       wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO DISCOVERY has been sent *via* first class mail to the following:

>Max F. Brunswick, Esq.
>12 Trumbull Street
>New Haven, Connecticut 06511

This 18th day of March, 2004.

*Alison Jacobs Wice*