UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>PILOT CORPORATION OF AMERICA,<br><br>    Defendant. | CIVIL ACTION NO.<br>301CV2204(DJS)<br><br><br><br><br>March 17, 2004 |

### DEFENDANT'S OBJECTION TO
### PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule of Civil Procedure 7, Defendant, Pilot Corporation of America, hereby objects to the request of Plaintiff, Lila Davis (hereinafter "Plaintiff" or "Davis") to extend the time to respond to Defendant's duly filed and served Motion for Summary Judgment and supporting documents by 60 days, as set forth in Plaintiff's Motion for Extension of Time dated March 11, 2004.

### II.     PROCEDURAL HISTORY

This action involves Davis' claims against Defendant for race and color discrimination under Title VII. Plaintiff initially filed her complaint in state court and served Defendant on October 29, 2001. On November 27, 2001, Defendant removed the action to this Court. Defendant timely filed its Answer on January 2, 2002.

#### A.     Past Extensions of Time To Respond To Discovery And Take Depositions

Since his entry into this case after the indefinite suspension of Plaintiff's former counsel, Rebecca Johnson, from the Bar,[1] counsel for Plaintiff has sought to delay the progress of this

---

[1] On January 9, 2003, the Court reported the disciplinary suspension of Davis' original counsel and Ordered that substitute counsel appear by February 21, 2003.

case until Ms. Johnson could resume her role. On or about February 19, 2003, Max Brunswick appeared as substitute counsel for Plaintiff. Soon after his appearance, by Motion dated March 5, 2003, Mr. Brunswick requested an extension of discovery so that he could familiarize himself with the case file. (Doc. #29.) In its March 13, 2003 ruling on this Motion, the Court instructed that Plaintiff was required to respond to Defendant's June 10, 2002 discovery requests no later than April 11, 2003.

As set forth in Defendant's Motion to Dismiss or Alternatively to Compel filed May 1, 2003, in contravention of the Court's Order Plaintiff persisted in her failure to respond to the 2002 discovery requests. (Docs. #32, 33.) On June 10, 2003, more than three months after appearing in this case, Plaintiff's substitute counsel filed a motion seeking yet another extension of time and purported to excuse his violation of the Court's Order based on the suspended attorney's failure to deliver "discovery material" to him.[2] (See Plaintiff's Opposition to Defendant's Motion to Dismiss of the same date also blaming suspended original counsel for the delay. Doc. # 37.)

On August 27, 2003, counsel for Defendant attended a Status Conference with Judge Squatrito, as scheduled by the Court, to discuss the pending motion to dismiss and motion for another extension of the discovery period. (Doc. # 46.) Counsel for Plaintiff did not appear and did not give any advance notice to Counsel for Defendant or, to Counsel's knowledge, to the Court. (Id.) Counsel for Plaintiff was eventually reached to participate by telephone. (Id.) Following this conference, on August 29, 2003, the Court ordered: Plaintiff to respond to the outstanding 2002 discovery requests by September 22, 2003; Plaintiff to take the one deposition

---

[2] This representation appears to contradict Plaintiff's March 5, 2003 motion for an extension, in which substitute counsel proffered his need for additional time to go through the "massive file" transferred to him before he could proceed. (Doc. #29.)

2

she intended to take by October 31, 2003; and Defendant to complete their depositions by November 28, 2003. (Doc. #42.)

On October 22, 2003, Counsel for Defendant sent Defendant's renotice of Plaintiff's deposition to Plaintiff's counsel by certified mail return receipt requested. (Doc. #47.) This notice set the deposition of Davis for Tuesday November 18. (Id.) In response, Plaintiff's counsel reported a conflict or partial conflict for every day between November 14 and Wednesday November 26. (Id.) Thus, counsel for Defendant's attempts to confer with counsel for Plaintiff regarding re-scheduling the deposition for a mutually available date prior to the deadline for the close of discovery were unsuccessful and, therefore, filed a Motion to Compel on November 14, 2003. (Doc. #44.) Plaintiff and Defendant also subsequently filed motions to extend the discovery deadlines on November 14, 2003 and November 17, 2003 respectively. (Docs. #48, 49.) On November 26, 2003, the Court granted an extension allowing additional time specifically for taking the remaining depositions only: Plaintiff to take Patricia Robert's deposition by December 31, 2003 and Defendant take its depositions by January 30, 2004. (Doc. #50.) Further, the Court ordered that no further extensions would be granted. (Id.)

Despite this Order, counsel were unable to identify dates between November 26 and December 31 on which all parties were available for Ms. Roberts' deposition. On January 9, 2004, Defendant filed a Motion on Consent to Extend Post-Discovery Deadlines. (Doc. #52.) In response to this motion, on January 26, 2004, the Court ordered that the remaining discovery be completed by February 13, 2004 and dispositive motions filed by March 1, 2004. (Doc. #53.) Plaintiff eventually took Ms. Roberts' deposition at the office of Rebecca Johnson on January 15, 2004. Defendant took Plaintiff's deposition at the offices of counsel for Defendant on January 22, 2004.

B.  **Plaintiff's Failure To Provided Updated Damages Analysis**

As set forth in Defendant's Motion to Dismiss or Alternatively to Compel filed February 17, 2004, on December 11, 2003, Defendant wrote to counsel for Plaintiff requesting that Plaintiff comply with her Rule 26(a) obligations and provide updates of Plaintiff's February 14, 2002 initial damages analysis. (Doc. #55, 56.) Plaintiff never responded to this request. On January 15, 2004, Defendant again requested the same information; personally delivering a copy of the December 11, 2003 letter directly to Plaintiff's counsel with instructions to respond by January 22, 2004, the date of Plaintiff's deposition. (See Doc. #57.) Again, Plaintiff failed to comply with Defendant's request. Therefore, on January 27, 2004, Defendant served Plaintiff with its Supplemental Request for the Production of Documents. (Attached to Doc. #56.)

Plaintiff also failed to comply this production request. On February 9, 2004 Defendant's counsel again asked Plaintiff's counsel for the damages analysis information. (See Doc. #57.) Plaintiff's counsel indicated he could not timely comply and, therefore, Defendant's Counsel requested the information by February 11, 2004. (Id.) To date, Plaintiff has failed to comply with this request and her Rule 26(a) obligations. Plaintiff has further failed to respond in any manner to Defendant's Motion to Dismiss or Alternatively Compel filed on February 17. See D. Conn. L. Civ. R. 7(a).

C.  **Defendant's Motion for Summary Judgment**

Pursuant to the Court's January 26, 2004 Order, Defendant timely filed its Motion for Summary Judgment and supporting documents on March 1, 2004. (Doc. #53, 61.) By e-mail from CMECF@ctd.uscourts.gov on March 3, 2003, the Court confirmed that Defendant's Motion for Summary Judgment was timely filed on March 1 and that Plaintiff's response is due by March 22. (Attached at Tab A.)

Plaintiff's Motion for Extension of Time dated March 11, 2004 requesting a 60-day extension of time to file such response should not be granted because: (1) that Motion is fatally flawed under the applicable rules; and (2) Plaintiff fails to offer good cause for such an extension.

### III.   ARGUMENT

Plaintiff's Motion for Extension of Time dated March 11, 2004, if flawed in both form and substance and should be denied.

   **A.   Plaintiff's Motion for Extension of Time is Procedurally Flawed**

   1.   **Plaintiff's Motion For Extension Of Time And Attached Certificate Of Service Are Not Signed**

Defendant received Plaintiff's Motion for Extension of Time requesting a 60-day extension to file her response and objection to Defendant's timely filed Motion for Summary Judgment on March 12, 2004. That Motion was not signed by counsel at the signature block or on the attached Certificate of Service. Therefore, it does not comply with Federal Rules of Civil 5(d), 7(b)(3) and 11(a), the Motion should be stricken, and should not be considered by the Court. Additionally, the Certificate of Service is not only unsigned, but also fails to identify the method by which such service was made.

   **B.   Plaintiff Fails To Offer Good Cause For The Requested 60-Day Extension Of Time.**

   1.   **Plaintiff Failed To Confer With Counsel Regarding The Filing Of The Motion For Extension Of Time Or To Make A Good Faith Attempt To Resolve The Underlying Matters Without Court Intervention**

Local Rule 7 requires that all motions for extensions of time shall include a statement of the moving counsel that 1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that 2) despite diligent effort, he or she cannot ascertain opposing counsel's position. D. Conn. L. Civ. R. 7(b)(3). Further, the Rule requires that all such motions

5

must also indicate the number of motions for extension of time that have been filed by the moving party with respect to the same limitation. Id. Not only did Plaintiff fail to include any such statements in her motion but Plaintiff's counsel never made any such inquiry or attempt to confer with Defendant regarding the motion or the underlying issue: Defendant's alleged failure to respond to the interrogatories and production requests that Plaintiff attempted to serve on February 3, 2004.

Indeed, Plaintiff's motion offers only that a "postal carrier agent made three attempts to deliver" Plaintiff's discovery requests dated February 3, 2004 to counsel for Defendant. Plaintiff's Motion does not contend that counsel made any effort to contact counsel for Defendant – by telephone, facsimile transmission, first class mail, or any other method -- to discuss his inability to reach the undersigned by certified mail or the requested extension of time. Not only does this failure run afoul of Local Rule 7, but also demonstrates Plaintiff's failure to comply with Federal Rule 37(a)(2). The latter requires a party seeking compliance with discovery requests to confer or attempt to confer in good faith with the person or party failing to make the discovery in an effort to secure the information or material without court action. By her own motion, Plaintiff admits that she failed to meet the requirements of these Federal and Local Rules.

    2.    **The Discovery Requests On Which Plaintiff's Motion For Extension Of Time Is Based Are Invalid Under The Applicable Rules**

Plaintiff proposes that she needs an extension of time in which to respond to Defendant's Motion for Summary Judgment because Defendant failed to respond to her discovery requests dated February 3, 2004 and because she intends to file an *additional* 10 to 15 interrogatories and production requests on or before March 30, 2004.

### a. The underlying discovery requests are procedurally invalid.

The discovery requests in question have still never been served on Defendant by any method of delivery. As set forth above, Plaintiff made no attempt to confer with Defendant regarding the difficulty with service by certified mail. Implicit in Plaintiff's motion is that Plaintiff never attempted to reserve the requests by any other delivery method. The requests as attached to Plaintiff's Motion for Extension of Time are the first time Defendant learned of their existence or Plaintiff's issues with delivery by certified mail.

As discussed further below, these unserved discovery requests, as well as Plaintiff's proposed 10 to 15 additional discovery requests, exceed the number of requests provided under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a). (See also Doc. #15 at E.5.) Therefore, Defendant is under no obligation to respond to those Interrogatories, they should stricken from the record in this case, and Plaintiff should not be permitted to serve any additional discovery requests.

Like the Motion for Extension of Time at issue, the underlying discovery requests and certification of service attached to the requests (as appended to Plaintiff's Motion for Extension of Time) are unsigned. See Fed. R. Civ. P. 26(g). Additional procedural flaws reflect not only Plaintiff's disregard for the Rules, but also demonstrate that the difficulty with delivery of the requests could have been easily avoided by Plaintiff. For example, the address for Defendant's counsel as provided on Plaintiff's certification of service attached to the discovery requests is different from the address provided on the envelope Plaintiff allegedly used to mail the unserved February 3, 2004 discovery requests: the certificate of service reciting a "P.O. Box" number and the envelope bearing only a street address. Further, Plaintiff's counsel attended Plaintiff's deposition on January 22, 2004 at counsel for Defendant's office and, therefore, is fully aware

that Defendant's office is located in a large office building containing several other offices and businesses which could account for difficulty with delivery by certified mail to an address without specific suite, floor or "P.O. Box" information. This fact alone gives sufficient reason why Plaintiff's counsel should have attempted to confer with Defendant regarding these discovery requests and the unsuccessfully service by certified mail.

          **b.**          **Defendant is not required to respond to the underlying discovery requests because the deadline for filing written discovery requests has long since passed.**

In any event, Plaintiff's February 3, 2004 discovery requests and her claimed need to file an additional 10 to 15 interrogatories and production requests should not be considered as a valid reason for her Motion for Extension of time because Plaintiff should not be allowed to file such requests as they are excessive in number and time barred by the relevant scheduling orders. Under Federal Rule 33 and the parties' Rule 26(f) report, a party may not serve more than 25 interrogatories (including all discrete subparts) unless such party seeks the leave of court to serve additional interrogatories to the extent allowed under Fed. R. Civ. P. 26(b)(2). (See Doc. #15.) Plaintiff has already served a total of 22 interrogatories in this case upon Defendant. Thus, Plaintiff's 8, which amount to 19 interrogatories counting the discrete subparts, interrogatories contained the requests dated February 3, 2004 and the additional 10 to 15 interrogatories that Plaintiff proposes to serve, far exceed the 25 allowed under the Federal Rules of Civil Procedure. At not time in advance of serving these interrogatories nor in conjunction with such service did Plaintiff seek the leave of court to serve such excessive additional requests.

        Plaintiff also fails to identify any reason for the substantial delay in serving these requests. None of the inquiries made in those underlying requests relate to issues only recently revealed or identifiable after years of discovery and proceedings in this case. Plaintiff also had

ample opportunity to raise such questions at his deposition of Plaintiff's former supervisor, a former Pilot manager, and failed to do so. Thus, there is no good cause for allowing additional time for Plaintiff to pursue these untimely requests.

Additionally, the Scheduling Orders issued by this Court do not permit Plaintiff to file any additional written discovery. In particular, the Court's August 29, 2003 Order expressly provided additional time for Plaintiff to take a single deposition only. (Doc. #42.) As of the date of that Order, the parties had reported to the Court that the only remaining discovery was Plaintiff's overdue responses to Defendant's June 22, 2002 discovery requests and completion of depositions by both parties. By that date, the time to propound new written discovery requests had passed. (See Doc. #31.) The Court's November 26, 2003 Order was prompted by yet another request by Plaintiff for more time specifically to take one deposition. (Doc. #48, 50.) That Order expressly set forth deadlines for the parties to complete depositions and did not reopen the period for propounding new written discovery. (Doc. #50.) Similarly, Defendant's Motion on Consent to Extend Post-Discovery Deadlines filed January 12, 2004 (Doc. #52) sought extension only of the dates set forth in that November 26 Order. (See Doc. #53.) Thus, Plaintiff should not be allowed to serve any more discovery requests, as they are and would be excessive in number and time barred by the Court's Orders. It follows that such additional discovery requests should not be considered a valid reason supporting Plaintiff's Motion for Extension of Time.

## IV.  CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion for Extension of Time in its entirety; that it strike Plaintiff's underlying discovery requests as untimely; and that Plaintiff be required to respond to Defendant's Motion for Summary Judgment within the time allowed by Local Rule 7.

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: /s/ Alison Jacobs Wice
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
         wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME has been sent *via* first class mail to the following:

> Max F. Brunswick, Esq.
> 12 Trumbull Street
> New Haven, Connecticut 06511

This 17th day of March, 2004.

*(signature)*
Alison Jacobs Wice