UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | CIVIL ACTION NO. |
| | : | 301CV2204(DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PILOT CORPORATION OF AMERICA, | : | |
| | : | April 8, 2004 |
| Defendant. | : | |

## DEFENDANT PILOT CORPORATION OF AMERICA'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 15(a) and the April 6, 2004 Order of this Court, Defendant Pilot Corporation of America ("Pilot"), as its Amended Answer to the Complaint dated October 19, 2001, states as follows:

1. Paragraph 1 does not contain factual allegations to which a response is required.

2. Admits the allegations in paragraph two.

3. Admits the allegations in paragraph three.

4. Denies the allegations in paragraph four but admits that John Ferrara was employed by Pilot at its Trumbull, Connecticut office throughout the period that Plaintiff was employed by Pilot and Patricia Roberts was employed by Pilot from April 3, 2000 through the date Plaintiff's employment was terminated.

5.  Denies the allegations in paragraph five but admits that John Ferrara was the Customer Service Manager at Pilot during the period Plaintiff was employed by Pilot and, in that capacity, had supervisory authority over Plaintiff, and Patricia Roberts was employed by Pilot as Assistant Customer Service Manager from April 3, 2000 through the date Plaintiff's employment was terminated and was Plaintiff's immediate supervisor during that time.

6.  Denies the allegations in paragraph six but admits that beginning in June 1999, Plaintiff worked at Pilot through a temporary agency and that on August 16, 1999, Pilot hired Plaintiff as a regular full time Customer Service Representative at an hourly rate of $13.85.

7.  Denies the allegations in paragraph seven but admits that on August 16, 1999, Pilot hired Plaintiff as a regular full time Customer Service Representative at an hourly rate of $13.85.

8.  Denies the allegations in paragraph eight but admits that during a period of her employment with Pilot, Plaintiff worked under the direct supervision of Patricia Roberts.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations alleged in paragraph nine.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations alleged in paragraph ten.

11. Denies the allegations in paragraph eleven.

12. Denies the allegations in paragraph twelve.

13. Denies the allegations in paragraph thirteen.

14. Denies the allegations in paragraph fourteen.

15. Denies the allegations in paragraph fifteen.

16. Denies the allegations in paragraph sixteen to the extent they allege that Roberts engaged in harassing or other unlawful conduct but admits Roberts supervised and evaluated Plaintiff's productivity closely given Pilot's concerns regarding her performance.

17. Denies the allegations in paragraph seventeen.

18. Denies knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph eighteen.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nineteen.

20. Denies the allegations in paragraph twenty.

21. Denies the allegations in paragraph twenty-one but admits that on May 1, 2000, Roberts gave Plaintiff a written warning.

22. Admits the allegations in paragraph twenty-two.

23. Denies the allegations in paragraph twenty-three but admits on June 1, 2000, Laurie Faulkner issued a written memorandum to Plaintiff extending her probation period.

24. Denies the allegation in paragraph twenty-four but admits that Plaintiff's employment was terminated on June 29, 2000.

25. Denies the allegations in paragraph twenty-five.

26. Denies the allegations in paragraph twenty-six.

27. Denies the allegations in paragraph twenty-seven.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff failed to mitigate her damages, if any.

4. At all times relevant hereto, Pilot has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

5. Even if Pilot's reasons for any employment action are shown to be false, which they are not, Pilot did not discriminate against Plaintiff.

6. Even if Plaintiff could prove that her that her race or color were factors in any employment decision, which they were not, Pilot would have made the same employment decision(s).

7. Plaintiff's discrimination claims are barred and/or any recovery of damages are precluded because Pilot exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

8. Plaintiff's discrimination claims are barred and/or any recovery of damages are precluded because Plaintiff unreasonably failed to take advantage of Pilot's preventive or corrective opportunities or to avoid harm otherwise.

9. Plaintiff engaged in wrongdoing during her employment that was of such severity that Plaintiff in fact would have been terminated had Pilot had known of the evidence of that wrongdoing at the time of the discharge.

**WHEREFORE,** Pilot respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. Deny each and every demand for relief set forth in the Complaint;

3. Award Pilot reasonable attorneys' fees and costs; and

4. Grant such other and further relief as the Court deems just and proper.

    Respectfully Submitted,

    PILOT CORPORATION OF AMERICA

    By: _/s/ Alison Jacobs Wice_
    Michael J. Soltis
    CT 07413
    Alison Jacobs Wice
    CT21771
    JACKSON LEWIS LLP
    177 Broad Street
    P.O. Box 251
    Stamford, Connecticut 06904
    Tel. (203) 961-0404
    Fax. (203) 324-0704
    E-mail: soltism@jacksonlewis.com
           wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing AMENDED ANSWER AND AFFIRMATIVE DEFENSES has been sent via first class mail, postage prepaid, to the following:

>Max F. Brunswick, Esq.
>12 Trumbull Street
>New Haven, Connecticut 06511

This 8th day of April 2004.

*Alison Jacobs Wice*
Alison Jacobs Wice