UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>PILOT CORPORATION OF AMERICA,<br><br>      Defendant. | CIVIL ACTION NO.<br>301CV2204(DJS)<br><br><br><br><br>May 10, 2004 |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Plaintiff's disregard of the applicable Rules and of this Court's Orders continues with Plaintiff's Motion for Extension of Time dated May 6, 2004. Therefore, pursuant to Local Rule of Civil Procedure 7, Defendant, Pilot Corporation of America, hereby objects to that motion to extend *yet again* the time to respond to Defendant's duly filed and served Motion for Summary Judgment beyond the already extended due date of May 7, 2004.

At nearly every turn since his February 19, 2003 appearance as substitute counsel after the indefinite suspension of Plaintiff's former counsel, Rebecca Johnson, from the Bar, current counsel for Plaintiff has sought delays and missed court-ordered and rule-mandated deadlines in furtherance of such delays to bide his time until Ms. Johnson could resume her role as lead counsel for Plaintiff. Indeed, these delays have continued even though Mr. Brunswick's time as counsel now exceeds the time that Ms. Johnson spent on the case.

With his May 6, 2004 Motion to Extend Time, counsel for Plaintiff not only disregards the applicable Rules of Civil Procedure but also flouts this Court's Order concerning the deadlines for Plaintiff's Response and the Court's repeated understanding of Plaintiff's

"difficulty" with meeting almost every deadline set by the Rules or by Order in this case. For example:

- by Motion dated March 5, 2003, Mr. Brunswick requested an extension of discovery so that he could familiarize himself with the case file and allow for time for Ms. Johnson to be reinstated and resume her role as lead counsel (Doc. #29);
  - In its March 13, 2003 ruling on this Motion, the Court instructed that Plaintiff was required to respond to Defendant's June 10, **2002** discovery requests no later than April 11, 2003;
  - as of April 30, 2003 Plaintiff persisted in her failure to respond to the 2002 discovery requests (Docs. #32, 33); and
  - on June 3, 2003, more than three months after appearing in this case and nearly two months after the ordered deadline, Plaintiff's counsel served[1] another motion seeking yet a further extension of time for the same deadline.
- On August 27, 2003, counsel for Defendant attended a Status Conference with Judge Squatrito, as scheduled by the Court, to discuss the pending motion to dismiss and the motion for another extension of the discovery period; and
  - Counsel for Plaintiff did not appear until the Court affirmatively sought him out to participate by telephone.

---

[1] On June 5, 2003 Defendant received Plaintiff's motion titled "Motion for Enlargement of Time for Completion of Discovery Based on Full Compliance" dated June 3, 2003, but that motion was never filed with the Court.

- By Order of January 26, 2004, dispositive motions were due to be filed by March 1, 2004;
    - Defendant timely filed its Motion for Summary Judgment and supporting documents on March 1, 2004 (Doc. #61);
    - by e-mail from CMECF@ctd.uscourts.gov on March 3, 2003, the Court confirmed that Defendant's Motion for Summary Judgment was timely filed on March 1 and that Plaintiff's response was due by March 22;
    - by Motion dated March 11, 2004, Plaintiff requested a 60-day extension of time until May 12, 2004 to file her response to Defendant's Motion for Summary Judgment (Doc. #68);
    - Defendant's opposed this Motion (Doc. #71)[2]; and
    - on March 29, 2004, the Court granted in part Plaintiff's March 11 motion seeking additional time to respond to Defendant's Motion for Summary Judgment.

Despite all of these chances to redeem the failures to meet the Court's and the Rules' deadlines, Plaintiff's counsel waited until May 6, 2004 the day before her Response was due, to contact counsel for Defendant. Plaintiff has already had more than sixty-five (65) days to respond – from March 1 through May 7, 2004. Further, contrary to the Plaintiff's claim and in

---

[2] In direct contravention of Federal Rule 37(a)(2) Plaintiff's counsel never made any such inquiry or attempt to confer with Defendant regarding the motion or the underlying issue: Defendant's alleged failure to respond to the interrogatories and production requests that Plaintiff attempted to serve on February 3, 2004. Plaintiff further failed to identify good cause for allowing additional time for Plaintiff to pursue those written discovery requests, untimely under the Scheduling Orders issued by this Court. (See Docs. #31, 42, 48, 50, 53.) Additionally, the discovery requests in question have still never been served on Defendant by any method of delivery; these unserved discovery requests exceed the number of requests provided under the Federal Rule 33(a).

violation of counsel for Plaintiff's duty under Federal Rule 11(b), the May 6 request is <u>not</u> Plaintiff's first request with respect to this deadline; it is the second request.

## IV.   CONCLUSION

Defendant respectfully requests that the Court deny Plaintiff's May 6, 2004 Motion for Extension of Time and grant Defendant's Motion for Summary Judgment based on Plaintiff's failure to respond. D. Conn. L. Civ. R. 7(a).

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: *Alison Jacobs Wice*
Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
   wicea@jacksonlewis.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME has been sent *via* Federal Express to the following:

>   Max F. Brunswick, Esq.
>   12 Trumbull Street
>   New Haven, Connecticut 06511

This 10th day of May 2004.

> */s/ Alison Jacobs Wice*
> Alison Jacobs Wice