FILED

2004 JUL -6  A 11: 42

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lila R. Davis,<br>Plaintiff | : NO. 3:01 CV 2204 (DJS)<br>:<br>: Jury Trial Demanded |
| Pilot Corporation of America,<br>Defendant | : July 2, 2004 |

### PLAINTIFF'S MOTION FOR SANCTIONS

Now comes the Plaintiff, Lila R. Davis, by counsel and pursuant to Fed.R.Civ.P. 33, 37(a), and Local Rule 9(d) moves that the Court compel responses to her discovery package dated and served on the Defendant on February 3, 2004. The undersigned also seeks sanctions for the reasons stated hereinbelow.

**I.   Statement of Facts**

Plaintiff commenced this Title VII wrongful termination action in the State of Connecticut superior court with a return date of November 20, 2001. The Defendant subsequently removed the matter to federal court on or about November 27, 2001. Defendant's Motion for Summary Judgment is currently pending before this Court, with Plaintiff's response due on July 12, 2004.

On February 3, 2004, Plaintiff prepared discovery in the form of 8 interrogatories and 1 request for production of records. **See attachment no. 1.** This discovery package was delivered to defense counsel's business address, via certified mailing on February 5 and February 10. However delivery was refused on both dates and the discovery was returned to the undersigned Plaintiff's counsel on February 20, 2004. **See attachment no. 2.**

The undersigned subsequently filed Plaintiff's Motion to Compel Defendant's Response to Discovery on or about March 11, 2004. **See attachment no. 3.** This Court issued orders on April 6, 2004 requiring the Defendant's response to the discovery by April 16, 2004. To date the Defendant's have failed to comply.

The undersigned has attached his affidavit detailing his efforts to contact defense counsel which have proved to be unfruitful.

II. **Argument/Statement of Law**

Fed. R. Civ. Proc. 37(d) reads as follows:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Subparagraphs (A), (B) and (C) provide the following sanctions:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed, . . . or rendering a judgment by default against the disobedient party."

The Defendant, having first unjustifiably refused to not only answer, but also having refused to accept delivery of Plaintiffs February 3rd discovery package, was ordered by this Court to provide responses no later than April 16th. Some eight (8) weeks have passed and the undersigned has telephoned defense counsel to remind

her that Plaintiff is still awaiting receipt of their responses. No one from the defense firm has responded to the telephone calls made by the undersigned.

The discovery sought is unquestionably relevant, as it pertains to records concerning Plaintiff's work and that of other coworkers in her department. Plaintiff was employed by the Defendant as a Customer Service Representative and it was her job to enter customers' order into the Defendant's computer system and respond to various consumer inquiries concerning the Defendant's products, the progress of customers' orders, or complaints, etc. Plaintiff was terminated just nine months after she was hired by the Defendant and less than 3 months after her immediate supervisor, Patricia Roberts, was hired by the Defendant. Plaintiff was terminated allegedly for failing to maintain a daily quota requiring that she enter 18-20 orders into the Defendant's computer system daily. Defendant claims that she was made aware of the mandatory quota by her supervisors and that she was repeatedly warned that she was not meeting the quota.

As to interrogatory nos. 1, 2 and 5, the records sought by the Plaintiff are relevant as they may contain information concerning the amount of work assigned to and completed by the Plaintiff and her departmental co-workers on a day to day basis as well as records either the Plaintiff or her coworkers falling behind in completing the work assigned or failing to meet mandatory daily quotas. The reports sought may also contain a record of the specific customer accounts assigned to each of her co-workers and the methods by which work was distributed to each worker in Plaintiff's department.

As to interrogatory no. 3, Plaintiff seeks specific records which may document warnings she received from her superiors relating to any alleged failure to meet quotas.

Interrogatory nos. 4 and 8 seek information pertaining to the identity and current or last known address of witnesses whose statements may be sought for purposes of responding to Defendant's Motion for Summary Judgment or trial. The persons referred to in particular are Plaintiff's former coworkers who worked in her department in the Defendant company.

Interrogatory no. 6 is relevant as it seeks information pertaining to the computer system/software Plaintiff worked on while employed by Defendant. Finally, Interrogatory no. 7 seeks relevant information pertaining to Plaintiff's last supervisor, Patricia Roberts who was instrumental in the decision to terminate her employment. Roberts claims that she

"received extensive logistics training and then conducted time studies of customer service and the employees under her supervision to measure their work functions, determine staffing levels and monitor the volume of work output. . . Ms. Roberts applied that time study methodology at her subsequent jobs, including Airborne Express, Manager of TFS customer service call center, and at Pilot." [Defendant's] Memorandum of Law In Support of Defendant's Motion for Summary Judgment, pg. 4-5.

Presumably, based on her prior extensive training and professional experiences, she adjudged Plaintiff's performance, eventually concluding that she was unable to perform her tasks at a reasonable pace. Thus, the information sought, pertains to Roberts training and/or professional background, particularly computer software she utilized at either Pilot or with prior employers.

Finally, Plaintiff seeks access to any and all documents/records utilized to respond to the above described interrogatories. The discovery sought is basic and non-complex by any definition and the Defendant has had ample opportunity to respond to the Court's April 6th orders. Moreover the Defendant's complete responses are necessary for Plaintiff to respond to Defendant's summary judgment motion, now due on July 12. Frankly, the undersigned in puzzled by defense counsel's refusal to respond to mail deliveries and now, more recently, telephone inquiries.

### III. Conclusion

On the basis of the foregoing arguments and statement of law, the Plaintiff seeks an order of default, or an order denying Defendant's Motion for Summary Judgment along with attorneys fees incurred in preparing and filing this motion. In the alternative, Plaintiff seeks an order of production of the sought after discovery responses and materials, as well as an additional 30 days to respond to the Motion for Summary Judgment beyond that the date such discovery responses are ordered to be produced.

The Plaintiff,
Lila Davis

By: _____
Max F. Brunswick, Esquire
Attorney for the Plaintiff
12 Trumbull Street
New Haven, CT 06511
203/562-4024 (o)
203/782-5979 (f)

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

## CERTIFICATION

This is to certify that on this date a copy of the foregoing **PLAINTIFF'S MOTION FOR SANCTIONS** has been hand delivered/forwarded via first class U.S. mail, postage prepaid to the following counsel and/or pro se parties of record:

Jackson, Lewis, Schnitzler & Krupman
177 Broad Street
P.O. Box 251
Stamford, CT  06904-0251

Max F. Brunswick, Esquire