# ATTACHMENT NO. 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lila R. Davis,<br>   Plaintiff | : NO. 3:01 CV 2204 (DJS)<br>:<br>: Jury Trial Demanded |
| Pilot Corporation of America,<br>   Defendant | : February 3, 2004 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

Pursuant to F.R.C.P. 34, Plaintiff, Lila Davis, through counsel hereby requests that the Defendants respond to the attached interrogatories and provide the documents described hereinbelow no later than March 5, 2004, to be forwarded to Attorney Max F. Brunswick.  In accordance with Rule 34, Defendant(s) must serve within thirty (30) days after service of this request, (on or before March 5, 2004) a verified written response, responding separately to each item or category of items included in the request by a statement that Defendant will comply with the particular request for inspection, a representation that Defendant lack the ability to comply with the particular request, or an objection to the particular request. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A WAIVER BY DEFENDANT OF ANY OBJECTION TO THIS REQUEST, INCLUDING THOSE BASED UPON PRIVILEGE OR WORK PRODUCT.

## DEFINITIONS AND INSTRUCTIONS

### I.    Definitions

Plaintiff hereby incorporates by reference the full text of the definitions set forth in paragraphs (c) and (d) of Local Rule 39. Plaintiff further supplements the above referenced definitions as follows:

A.    The term **"document"** is defined to be synonymous in meaning and equal in scope to the usage of this term in F.R.C.P. 34(a). A draft or non-identical copy is a

information with respect to any such document:

i.      the identity of the person(s) who prepared the document or item sought, who signed or executed it and/or in whose name it was sent or issued;

ii.      the identity of the person(s) to whom the document was directed;

iii.      the nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

iv.      the date the document was issued;

v.      the identity of the person(s) currently having custody of or control over the document and each copy thereof;

vi.      the identity of each person to whom copies of the document were furnished;

vii.      the number of pages;

viii.      the basis on which any privilege or other protection is claimed; and

ix.      whether any non-privileged or non-protected matter is included in the document.

B.      Partial production. Whenever an objection is made to any particular request, or portion thereof, all documents sought after which are not subject to the objection must be produced. Similarly, wherever a document is not produced in full, a statement must be provided specifying the reason or reasons it is not being produced in full, and describe in as full detail as possible, those portions of the document which are not produced.

C.      Orderly response. Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

**BY WAY OF INTERROGATORIES:**

1.      With reference to Chantay Bynes' statement found on page 120 of the defendant's Rule 26(a) documentary disclosures, "We realize that Wendy is the keeper of the reports," provided to plaintiff's former counsel, Attorney Rebecca L.

Johnson, please provide a list of all reports that Wendy Jennings was responsible for keeping while in the employ of the defendant.
Response:

2.    With reference to the reports referred to in response to Interrogatory no. 1, please provide the following:
   a.  Copies of all such reports generated while Lila Davis was employed by the defendant which contain any data concerning work performed by Lila Davis, Donna McCausland, Donna Baldino, Brenda Keller, Brenda Smorto, Diane Saksa, Herta Page, Sandy Landro, Joyce Carr or any other CSR supervised by John Ferrarra and Patricia Roberts;
   b.  A detailed description of the purpose for each report;
   c.  A detailed description of each category of information generated for each report.
Response:

3.    With reference to Patricia Roberts' statement found on page 119 of the defendant's Rule 26(a) documentary disclosures, "John explained that there always was a problem with her work performance," and page 121 of Chantay Bynes' summary of John Ferrara's statement "Judy and I had discussions with you during you (sic) probation period about your not being up to speed. I have discussed with you on occasions about the backlog," provided to plaintiff's former counsel, Attorney Rebecca L. Johnson, please provide:
   a.    a list of all dates that John Ferrara spoke with Lila Davis regarding her "problematic" work performance;
   b.    a list of all dates that Judy DeZenzio spoke with Lila Davis regarding her "problematic" work performance;
   c.    a list of all written documentation that provided notice of, counseling or disciplinary measures taken against Lila Davis regarding any problematic work performance.
Response:

4. Please state whether any of the following persons continue to remain employed by the defendant:
   a. Diane Saksa;
   b. Donna McCausland;
   c. Brenda Keller;
   d. Herta Page;
   e. Brenda Smorto;
   f. Joyce Carr;
   g. Sandy Landro;
   h. Any other customer service representative employed by the defendant from January of 1999 to December of 2000.

   Response:

5. With reference to the employees named in Interrogatory no. 4 and any other customer service representative employed between January of 1999 and December of 2000, please state whether any were made aware of any specific work schedule or quota of work product that was expected to be completed of him/her on a daily basis such as that which is described in Patricia Roberts' statement found on page 124 of the defendant's Rule 26(a) documentary disclosures.

   Response:

6.    Please provide a legible copy and/or print out of all screens found on the AS400 software system that were utilized by customer service representatives between January of 1999 and December of 2000.
      Response:

7.    Please state the name of all computer software utilized by Patricia Roberts in any employment setting from January 1, 1990 to the present.   Please specify which software was utilized by Ms. Roberts with each such employer and the position she occupied at the time she utilized the specific software, providing specific timeframes.
       Response:

8.    Please provide the last known telephone number, residential and business address and forwarding address of any person listed in plaintiff's 26(a) disclosure who presently is or has been employed by the respondent.
       Response:

**BY WAY OF REQUEST FOR PRODUCTION:**

1.     Produce photocopies of any and all documentation or other records or other
items utilized or referenced in response to the interrogatories above.

The Plaintiff,
Lila Davis

By: _____

Max F. Brunswick, Esquire
Attorney for the Plaintiff
12 Trumbull Street
New Haven, CT  06511
203/562-4024 (o)
203/782-5979 (f)

## <u>CERTIFICATION</u>

This is to certify that I/we _____, _____ _____(title) defendant in this action, have read the foregoing answers to interrogatories and state that they are true and accurate to the best of my/our knowledge on the _____ day of _____, 2004.

STATE OF CONNECTICUT    )
                        )    ss.:
COUNTY OF NEW HAVEN     )

On the _____ day of _____, 2004, before me, personally appeared _____ who affirmed under oath the truth of the foregoing interrogatories and also acknowledged his/her execution of the above document.

_____
Commissioner of the Superior Court/
Notary Public

    I hereby certify that a copy of the foregoing was mailed on _____ to all counsel of record.

_____
ATTORNEY FOR THE DEFENDANT

## CERTIFICATION

This is to certify that on this date a copy of the foregoing PLAINTIFF'S SECOND SET
OF INTERROGATORIES AND REQUEST FOR PRODUCTION has been hand
delivered/forwarded via first class U.S. mail, postage prepaid to the following counsel
and/or pro se parties of record:

Jackson, Lewis, Schnitzler & Krupman
177 Broad Street
P.O. Box 251
Stamford, CT  06904-0251

Max F. Brunswick, Esquire

# ATTACHMENT NO. 2



# ATTACHMENT NO. 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Lila R. Davis,<br>Plaintiff | : NO. 3:01 CV 2204 (DJS)<br>:<br>: Jury Trial Demanded |
| Pilot Corporation of America,<br>Defendant | : March 11, 2004 |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO DISCOVERY

Now comes the Plaintiff, Lila R. Davis, by counsel and pursuant to Fed.R.Civ.P. 33, 37(a) moves that the Court compel responses to her discovery package dated and served on the Defendant on February 3, 2004. A photocopy of the said discovery package is attached hereto and marked Exhibit A. A photocopy of the envelope indicating the Defendant's refusal to accept the attempted delivery of the February 3, 2004 discovery is attached hereto and marked Exhibit B.

Clearly by refusing to accept service of the discovery package on the three listed occasions, the Defendant has engaged bad faith conduct which has resulted in unnecessary delays in the litigation of the pending case. For this reason, the Plaintiff requests that additional orders of this Court be issued requiring defense counsel to accept service of future mailings from the undersigned without unnecessary delay, subject to additional sanctions.

The Plaintiff,
Lila Davis

By:  _____
Max F. Brunswick, Esquire
Attorney for the Plaintiff
12 Trumbull Street
New Haven, CT 06511
203/562-4024 (o)
203/782-5979 (f)

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

## CERTIFICATION

This is to certify that on this date a copy of the foregoing PLAINTIFF'S MOTION TO COMPEL

DEFENDANT'S RESPONSE TO DISCOVERY has been hand delivered/forwarded via first

class U.S. mail, postage prepaid to the following counsel and/or pro se parties of record:

Jackson, Lewis, Schnitzler & Krupman
177 Broad Street
P.O. Box 251
Stamford, CT  06904-0251



_____
Max F. Brunswick, Esquire