UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | CIVIL ACTION NO. |
| | : | 301CV2204(DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PILOT CORPORATION OF AMERICA, | : | |
| | : | July 8, 2004 |
| Defendant. | : | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff's Motion for Sanctions is predicated entirely on an Order by this Court which does not exist. Plaintiff states that "this Court issued orders on April 6, 2004 requiring the Defendant's response to the discovery by April 16, 2004." (Pl. Motion at 2). Plaintiff did not attach a copy of the supposed order to the Motion. Counsel for Defendant has requested that Plaintiff provide such order; to date, Plaintiff has not done so. (Tab A).

On April 6, 2004, this Court did issue an Order stating: *Defendant's* Motion to Compel (Doc. #55) is **GRANTED**. *Plaintiff* has until April 16, 2004 to respond to *Defendant*'s Request for Production of Documents." (emphasis added) (Tab B). To state the obvious, this Order imposed obligations on Plaintiff, not Defendant.

Plaintiff's Motion to Compel Defendant's Response to Discovery is still pending. Plaintiff filed that Motion on March 12, 2004 (Doc.#67). Defendant filed its Objection to such Motion on March 19, 2004 (Doc.#70).[1]  As such, Plaintiff cannot seek sanctions under Rule 37 because an order commanding such responses is an express prerequisite to such action. Fed. R. Civ. P. 37(b), (d).  See Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991) (citing Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986) ("The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed and we have clearly held that 'dismissal under this subdivision [is] improper in the absence of an order.'"))

Plaintiff's Motion for Sanctions and request for yet additional time to respond to Defendant's Motion for Summary Judgment are merely the next in the line of efforts by Plaintiff to achieve her goal of delaying this case until Plaintiff's original attorney, Rebecca Johnson, who has been indefinitely suspended from the Bar, is reinstated. On April 6, 2003, Plaintiff's substitute counsel made this specific request, which this Court denied. (Doc. #29, #31).

Since his February 19, 2003 appearance as substitute counsel, current counsel for Plaintiff has sought delays and missed court-ordered and rule-mandated deadlines in furtherance of delays of this litigation and of the summary judgment process.  The only reasonable interpretation of

---

[1] Plaintiff's counsel states that he left a voicemail message for co-counsel for Defendant Alison Jacobs Wice on June 14, 2004 stating that he had not received responses to his discovery requests. (July 3, 2004 Affidavit of Max Brunswick, ¶ 9, 10). Mr. Brunswick claims Ms. Wice did not return his call. Attached is an Affidavit of Alison Jacobs Wice, stating that she did not receive any message on June 14, 2004 from Mr. Brunswick. (Tab D).  Regardless of whether such call was made, the discovery Plaintiff sought was the subject of his Motion to Compel, which was and is still pending before the Court. Defendant objected to that Motion and had no obligation to respond.

Plaintiff's conduct is that it is intended to bide time until Ms. Johnson could resume her role as lead counsel for Plaintiff.[2]

Defendant timely filed its Motion for Summary Judgment on March 1, 2004. (Doc. #61). Plaintiff's response was due March 22, 2004. Twice since then, Plaintiff has sought extensions of time linked to his pending Motion to Compel. (Doc. #68, 75).[3] Twice, the Court denied Plaintiff's requests. (Doc. #72, 76). Further, in its May 11 Order, the Court stated that "[n]o further extensions shall be granted." (Tab C).

Masquerading as a Motion for Sanctions, Plaintiff now seeks a further extension of the time to respond to Defendant's Motion for Summary Judgment. Plaintiff has already been granted four months to file such a response. Good cause does not exist for any further extensions to be granted.

Plaintiff's record of failing to follow the Federal Rules of Civil Procedure continues with her Motion for Sanctions. In violation of counsel for Plaintiff's duty under Federal Rule 11, the July 2 request is not signed. Further Plaintiff's July 2 Certification purports to serve Defendant with an Affidavit dated and signed on July 3. Two conclusions stem from that failure: (1) counsel for Plaintiff could not in good faith sign a pleading that is based entirely on the existence of a fabricated Order; and (2) Defendant's concern that former counsel Ms. Johnson remains involved

---

[2] Defendant's concern that Ms. Johnson continues to be involved in this case, at least to some degree, is well-founded. The only deposition Plaintiff took in this case was held in Ms. Johnson's office on January 15, 2004. At that deposition, Ms. Johnson informed counsel for Defendant that she was working for Mr. Brunswick on Plaintiff's case. (See Tab D, ¶ 4.)

[3] In the latter Motion (Doc.#75), counsel for Plaintiff misrepresented to this Court that this was his first request for an extension of the time to respond to Defendant's March 1, 2004 Motion for Summary Judgment.

in this case as counsel may be well-founded.[4]  In light of these conclusions and Plaintiff's failure to withdraw the Motion for Sanctions despite Defendant's repeated attempts to clarify with Plaintiff that the Order described in the Motion for Sanctions does not exist (see Tab A and Tab D at ¶ 7), it is clear that Plaintiff has not acted in good faith in the conduct of this litigation or, at the very least, "has negligently or recklessly failed to perform his responsibilities as an officer of the court."  Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001) (citing United States v. Seltzer, 227 F.3d 36, 40-42 (2d Cir. 2000); and First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338, 118 F.3d 892, 898 (2d Cir. 1997)).  As such, Plaintiff should be charged with Defendant's costs in opposing the Motion for Sanctions pursuant this Court's "inherent equitable powers to impose costs against an attorney as sanction." Wilder, 258 F.3d at 130 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 48-49 (1991) (recognizing a court's inherent equitable power to sanction an attorney)).

## CONCLUSION

The Order on which Plaintiff bases her Motion does not exist.  Thus, Defendant cannot be sanctioned for an alleged failure to comply with a fictional Order.  Defendant respectfully requests that the Court deny Plaintiff's July 2, 2004 Motion for Sanctions in its entirety, deny any further extension of time for Plaintiff to respond to Defendant's Motion for Summary Judgment, and require Plaintiff to respond on July 12, as previously ordered.  If Plaintiff fails to so respond, Defendant's Motion for Summary Judgment should be granted pursuant to Local Rule 7(a). Defendant also requests that the Court order Plaintiff to pay Defendant's costs in responding to this Motion.  See Wilder, supra ("Such sanctions . . . are appropriate only where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the

---

[4] See note 2, supra.

litigation, or where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court").

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: _____
    Michael J. Soltis
    CT 07413
    Alison Jacobs Wice
    CT21771
    JACKSON LEWIS LLP
    177 Broad Street
    P.O. Box 251
    Stamford, Connecticut 06904
    Tel. (203) 961-0404
    Fax. (203) 324-0704
    E-mail: soltism@jacksonlewis.com
            wicea@jacksonlewis.com

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S OBJECTION TO

PLAINTIFF'S MOTION FOR SANCTIONS has been sent *via* first class mail, postage prepaid,

to the following:

> Max F. Brunswick, Esq.
> 12 Trumbull Street
> New Haven, Connecticut 06511

This 8th day of July, 2004.

Alison Jacobs Wice