UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG -9 A 11:32

| | |
|---|---|
| Lila R. Davis,<br>　　Plaintiff | : NO. 3:01 CV 2204 (DJS)<br>:<br>: Jury Trial Demanded |
| Pilot Corporation of America,<br>　　Defendant | : August 6, 2004 |

### PLAINTIFF'S SECOND MOTION FOR SANCTIONS

Now comes the Plaintiff, Lila R. Davis, by counsel and pursuant to Fed.R.Civ.P. 33, 37(a), and Local Rule 9(d) moves that the Court compel proper responses to her discovery package dated and served on the Defendant on February 3, 2004. The undersigned also seeks sanctions for the reasons stated hereinbelow.

**I.   Statement of Facts**

Plaintiff commenced this Title VII wrongful termination action in the State of Connecticut superior court with a return date of November 20, 2001. The Defendant subsequently removed the matter to federal court on or about November 27, 2001. Defendant's Motion for Summary Judgment is currently pending before this Court, with Plaintiff's response due on July 12, 2004.

On February 3, 2004, Plaintiff prepared discovery in the form of 8 interrogatories and 1 request for production of records.  **See attachment no. 1.**  This discovery package was delivered to defense counsel's business address, via certified mailing on February 5 and February 10. However delivery was refused on both dates and the discovery was returned to the undersigned Plaintiff's counsel on February 20, 2004. **See attachment no. 2.**

The undersigned subsequently filed Plaintiff's Motion to Compel Defendant's Response to Discovery on or about March 11, 2004. **See attachment no. 3.** This Court issued orders on April 6, 2004, requiring the Plaintiff's response to defense requests be completed by April 16, 2004. However, Plaintiff's discovery requests addressed in the March 11th motion were (unintentionally) left unaddressed by the Court. The Defendant failed to timely file objections to Plaintiff's February 3rd discovery requests.

The undersigned has attached his affidavit detailing his efforts to contact defense counsel which have proved to be unfruitful. Having had no success in his attempts to contact the defendant for their responses, the undersigned subsequently raised these issues in Plaintiff's Motion for Sanctions, dated July 2, 2004. The Defendant was subsequently ordered to provide responses by July 21st. However, most of the responses provided by the Defendant are inadequate and constitute a violation of Fed. R. Civ. Proc. 37(a)(2)(B)

## II.  Argument/Statement of Law

Fed. R. Civ. Proc. 37(d) reads as follows:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Subparagraphs (A), (B) and (C) provide the following sanctions:

(A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed, . . . or rendering a judgment by default against the disobedient party."

The Defendant, having first unjustifiably refused to not only answer, but also having refused to accept delivery of Plaintiffs February 3rd discovery package, was ordered by this Court to provide responses no later than July 21st. The undersigned has reviewed the responses which are inadequate, incomplete or evasive for the reasons that follow.

It is important to note that the Defendant failed to preserve its' right to file objections pursuant to Fed. R. Civ. Proc. 33(b)(3). Notwithstanding its' failure to file objections within 30 days after the discovery was served (February 3, 2004), defense counsel submitted responses on July 21, 2004 which contained objections to all nine (9) interrogatories and the one (1) request for production. First, these objections are inappropriate because they are untimely.

Second, the discovery sought is unquestionably relevant, as it pertains to records concerning Plaintiff's work and that of other coworkers in her department. Plaintiff was employed by the Defendant as a Customer Service Representative and it was her job to enter customers' order into the Defendant's computer system and respond to various consumer inquiries concerning the Defendant's products, the progress of customers' orders, or complaints, etc.

Plaintiff was terminated just nine months after she was hired by the Defendant and less than three (3) months after her immediate supervisor, Patricia Roberts, was hired by the Defendant. Plaintiff was terminated allegedly for failing to maintain a daily quota requiring that she enter 18-20 orders into the Defendant's computer system daily. Defendant claims that she was made aware of the mandatory quota by her supervisors and that she was repeatedly warned that she was not meeting the quota.

As to interrogatory no. 1 the records sought by Plaintiff are particularly relevant as the sought after records may contain information concerning the types and amount of work assigned to the Plaintiff and her departmental co-workers on a day to day basis. It also contains information concerning the amount of work that Defendant has recorded as being completed on a day to day basis by each worker.

It should be noted first that Plaintiff's interrogatory no. 1 seeks a "list of reports" (i.e. a list of the titles of documents) which were maintained by Wendy Jennings who was previously identified by the Defendant as the "keeper of the reports." The Defendant's response, which follows its' objection, consists of a reference to over 2000 pages of documents in either parties possession. The 2000 pages of documents have previously been traded between the parties in response to prior discovery requests. However, this response is not adequate as the Plaintiff clearly seeks a *list* of report titles as opposed to references to some 2000 pages of documents.

What is most disingenuous in Defendant's response is that the documents referred to in its' response, which were described as having previously been submitted to Plaintiff (numbering in excess of 1700 pages) were not organized either categorically

or chronologically. The various categories of documents submitted by defense counsel in the 1700 page package have been mixed together, much like a shuffled deck of cards. There were likely more than a dozen different categories of documents having been thrown into one larger pile of documents. This contrasts to the nearly 4,000 pages of documents submitted by Plaintiff to defense counsel which were organized categorically and chronologically. In addition, Plaintiff's (former) counsel submitted easy to read lists with complete descriptions of what each set of documents consisted of.

As to interrogatory no. 2 the information sought by Plaintiff is likewise relevant as the sought after information contains information concerning the types and amount of work assigned to the Plaintiff and her departmental co-workers on a day to day basis. It also contains information concerning the amount of work that Defendant has recorded as being completed on a day to day basis by each worker.

Here, Plaintiff seeks detailed descriptions (interrogatories 2b and 2c) of the purpose for each such report as well as the types of information maintained in each such report, the titles which should have been listed in response to interrogatory no. 1. The Defendant's response however, which follows its' objection, consists of the same reference to over 2,000 pages of documents as was listed in response to interrogatory no. 1. This response is just as non-responsive as it is to interrogatory no. 1.

As to interrogatory no. 3 the information sought by Plaintiff concerns the issue of what steps the Defendant took to warn Plaintiff that her performance was less than satisfactory (i.e. failure to meet quotas requirements). As with the first two interrogatories, Defendants make reference to nearly 100 pages of documents in its'

response which follows its' objection. This answer is likewise non-responsive as Plaintiff seeks *dates* that *two (2) different* supervisors may have addressed performance issues with Plaintiff. The response provided by Defendant does not answer the question of which supervisor provided warning(s) to Plaintiff on which specific date.

As to interrogatory no. 5 the information sought by Plaintiff concerns the issue of whether other workers similarly situated were given the same information concerning quotas that was provided to Plaintiff. This is a simple question which asks for neither date nor time such information was provided. Yet defense counsel made a similar reference to nearly 2000 pages of documents. For the same reasons enumerated above, this answer is non-responsive and frankly just does not make sense.

In interrogatory no. 6 Plaintiff seeks a photocopy of the screens found on the defendant's computer software utilized by Plaintiff and her similarly situated coworkers to enter consumer orders. The answer should consist of approximately 5 or so pages showing blank computer screens. Instead, defense counsel made reference to 2,000 or more pages of documents, none of which consists of copies of the blank screens. This answer is non-responsive.

In interrogatory no. 7 Plaintiff seeks a list of all computer software utilized by Ms. Roberts (the supervisor who terminated Ms. Davis). This information is relevant as Ms. Roberts claimed not only in her deposition, but also in her affidavit attached to Defendant's summary judgment motion that she relied upon her previous "extensive logistics training" and "time study methodology" training to evaluate Plaintiff's work.

> [Ms. Roberts] "received extensive logistics training and then conducted time studies of customer service and the employees under her supervision to

measure their work functions, determine staffing levels and monitor the volume of work output. . . Ms. Roberts applied that time study methodology at her subsequent jobs, including Airborne Express, Manager of TFS customer service call center, and at Pilot." [Defendant's] Memorandum of Law In Support of Defendant's Motion for Summary Judgment, pg. 4-5.

As has been described of other interrogatories above, the question is rather simple to answer. However, instead of providing a direct, simple response to the question, Plaintiff is again referred to Ms. Roberts application and a portion of her deposition testimony. As has been stated, this is not a proper response. Plaintiff simply seeks a list of all software utilized by Ms. Roberts during the course of her work with past employers, which specific references to which software was utilized in which specific position as well as the dates.

As for interrogatory no. 8, Plaintiff seeks the current and/or last known addresses of approximately 20 coworkers in her 26(a) disclosures. These persons are current or former employees of Pilot Pen who Plaintiff intends to call upon as witnesses in her case and/or to assist in preparation of her objection to Defendant's summary judgment motion. This information is fair game and a necessary piece to preparing Plaintiff's case.

Finally, as to the sole request for production, Plaintiff seeks copies of all documents relied upon by defense counsel to provide responses to the eight (8) interrogatories. Plaintiff does not seek reproduction of documents already provided, but does believe it is appropriate to require that Defendant provide specific descriptions of which documents answer which specific interrogatories.

**III.    Conclusion**

On the basis of the foregoing arguments and statement of law, the Plaintiff seeks an order of default, or an order denying Defendant's Motion for Summary Judgment along with attorneys fees incurred in preparing and filing this motion. In the alternative, Plaintiff seeks an order of production of the sought after discovery responses and materials, as well as an additional 30 days to respond to the Motion for Summary Judgment beyond that the date such discovery responses are ordered to be produced.

The Plaintiff,
Lila Davis

By: _____
Max F. Brunswick, Esquire
Attorney for the Plaintiff
12 Trumbull Street
New Haven, CT 06511
203/562-4024 (o)
203/782-5979 (f)

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

## CERTIFICATION

This is to certify that on this date a copy of the foregoing **PLAINTIFF'S SECOND MOTION FOR SANCTIONS** has been ~~hand delivered~~/forwarded via first class U.S. mail, postage prepaid to the following counsel and/or pro se parties of record:

Jackson, Lewis, Schnitzler & Krupman
177 Broad Street
P.O. Box 251
Stamford, CT  06904-0251

_____
Max F. Brunswick, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| LILA R. DAVIS,<br>     Plaintiff | NO. 3:01 CV 2204 (DJS) |
| VS. | CIVIL ACTION |
| PILOT CORPORATION OF AMERICA,<br>     Defendant | AUGUST 6, 2004 |

### AFFIDAVIT OF EFFORTS TO RESOLVE DISCOVERY OBJECTIONS

Max F. Brunswick, being duly sworn, deposes and says:

1. I am over eighteen years of age and believe in the obligation of an oath.

2. I am the attorney for the plaintiff in the above entitled action.

3. On August 5, 2004, at about 3:00 p.m., I attempted to call defendant's counsel in order to attempt to negotiate and resolves the differences of opinion regarding the defendant's objections to the plaintiff's request for interrogatories and poroduction first served on defendant's counsel on February 5, 2004.

4. I phoned the law firm of Jackson Lewis in Stamford and asked to speakto Attorney Alison Jacobs Wice and was informed that she was on vacation and would not return to the office until next week.

5. I then asked to speak to Attorney Michael Soltis and was informed that he was also on vacation and would not return to the office until next week.

6. I then asked if there was any other person in the law firm who was authorized to negotiate an attempt to resolve discovery objections in the avbove entitled action and was informed that there was not.

7. All I was able to do was to leave a voice mail message for Attorney Wice that I was seeking to attempt to resolve discovery objections but could fnd no person in the law firm authorized to do so.

8. Because discovery served on the defendant over 6 months ago has not been complied with through no fault of the plaintiff, as a motion to compel compliance was filed on March 12, 2004, and an order has been entered compelling compliance on or before July 23, 2004 and because compliance is necessary in order for the plaintiff to adequately meet the court's deadline of August 16, 2004 to file her opposition to the defendant's motion for summary judgment, I cannot await defendant's attorneys return from vacation to file an appropriate motion addressing the defendant's stone-walling of discovery.

Dated at New Haven, this 6th day of August, 2004.

_____
Max F. Brunswick

Sybscribed and sworn to this 6th day of August, 2004, before me.

_____
Commissioner of the Superior Court
~~Notary Public~~
Roger J. Frechette