UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILA DAVIS,<br>Plaintiff,<br>v.<br>PILOT CORPORATION OF AMERICA,<br>Defendant. | CIVIL ACTION NO. 301CV2204(DJS)<br><br>August 18, 2004 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

Plaintiff's Motion dated August 5, 2004[1] is her second Motion for Sanctions. The first Motion for Sanctions, dated July 2, 2004, was based on an Order that simply did not exist. Despite Defendant's pointing out to Plaintiff both verbally and in writing that such Order did not exist, Plaintiff persisted with her Motion and required Defendant to waste time and resources to respond to it. Only when Defendant served a Rule 11 letter on Plaintiff, did Plaintiff acknowledge the obvious and withdraw her first Motion for Sanctions.

With this Second Motion for Sanctions, Plaintiff continues her record of flouting the Federal Rules of Civil Procedures, omits essential facts and, once again, injects elements of fiction. On July 16, 2004, this Court ruled on Plaintiff's Motion to Compel Defendant to respond to Plaintiff's interrogatories and request for production. Five days later, Defendant responded. Plaintiff's Second Motion is completely unwarranted and is an abuse of the discovery process.

[1] The unsigned copy of Plaintiff's Second Motion for Sanctions delivered to Defendant is dated August 5, 2004 and includes an unsigned, undated Certification page that fails to indicate the method of service. The August 11, 2004 e-mail from the District of Connecticut's Electronic Case Filing administrator (CMECF@ctd.uscourts.gov) appends a scanned version of what Plaintiff filed with the Court on August 9. The date of that version appears to have been changed by hand to August 6, 2004, is signed by counsel for Plaintiff, and includes a signed, undated Certification page that indicates service by first class mail.

Defendant respectfully requests that this Court sanction Plaintiff's counsel for this inappropriate conduct. Pursuant to Local Rule of Civil Procedure 7 and for the reasons set forth herein, Defendant, Pilot Corporation of America, hereby objects to Plaintiff's Motion for Sanctions, dated July 2, 2004.

## I. ARGUMENT

### A. Plaintiff Failed To Satisfy The "Meet and Confer" Requirement Of Rule 37(a)(2)

Rule 37(a)(2) prohibits a motion pursuant to Rules 26 through 37, such as Plaintiff's August 5 Motion for Sanctions, unless the movant has "conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." Fed. R. Civ. P. 37(a)(2) (2004). By his own affidavit, counsel for Plaintiff concedes that he failed to satisfy this prerequisite.

Counsel's affidavit purports to establish that he complied with Rule 37 by making an unsuccessful effort to contact Defendant's counsel. What Counsel omitted was the fact that his single call to Defendant Counsel's office was made to Attorney Wice at 3:37 p.m. on Thursday, August 5, 2004. Plaintiff's Counsel left a voicemail message instructing Ms. Wice that "maybe" she could call him back upon her return from vacation on Monday, August 9 -- the second business day following the call -- but that he might file a motion before that time. (Wice Aff. at ¶ 5.)

On the morning of Monday, August 9, Counsel for Defendant, Attorney Soltis called Counsel for Plaintiff in response to his voice mail message to Attorney Wice. Counsel for Plaintiff told Attorney Soltis that he had already filed his motion. From the unsigned *Second Motion for Sanctions* and its unsigned, undated Certification received by Defendant on August 10,

it appears that Plaintiff filed her motion on Thursday, August 5, no more than a few hours after leaving the voice mail message for Attorney Wice.

If so, Plaintiff's Counsel's conduct hardly satisfies Rule 37. Rule 37 requires a good faith effort to resolve discovery disputes. Leaving a message for an attorney known to be on vacation just a few hours before filing the motion cannot satisfy Rule 37's injunction. Under Rule 37(a)(2), counsel for Plaintiff was required to make a "genuine effort" to resolve his issues with Defendant's July 21 responses. Mika v. Four Seasons Hotels, 199 U.S. Dist. LEXIS 958, *2 (S.D.N.Y. Feb. 1, 1999) (enclosed at Tab A) (citing 28 U.S.C. § 1927; *and* Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1019-20 (2d Cir. 1988)). A cursory exchange of letters is insufficient under Rule 37. Id. Certainly, a cursory, single phone message hours before filing the motion is also insufficient. As Plaintiff has failed to comply with Rule 37, her Motion for Sanctions should be dismissed.

**B. Plaintiff's Flouting Of Rules Continues With This Motion.**

Rule 11 of the Federal Rules of Civil Procedure require that counsel sign "[e]very pleading, written motion, and other paper. . . ." Local Rule 5(b) requires that counsel file sufficient proof of service with all such documents. Plaintiff continues to file papers that do not satisfy these requirements. Further, Plaintiff's counsel did not and cannot certify that the First Motion for Sanctions was made in good faith (See Fed. R. Civ. P. 11(b); Doc 78); and likewise cannot certify that the Second Motion for Sanctions was made for purposes and based on knowledge sufficient under Rule 11(b). Plaintiff treats these Rules as options rather than requirements. Because Plaintiff's counsel has demonstrated disregard for compliance with Rules 11, 33(d) and 37, his Motion should be denied.

C. **Plaintiff Misrepresents This Case's Factual And Legal History**

Throughout the *Second Motion for Sanctions*, Plaintiff misrepresents the facts and legal status of this case. This is where the fiction comes in. In a transparent effort to divert attention from the fact that her First Motion for Sanctions was completely baseless because it was predicated on an order that did not exist, Plaintiff's counsel claims that it was this Court's unintentional oversight to not rule on the Plaintiff's Motion to Compel on March 11, when the Court addressed Defendant's Motion to Compel. (Pl. 2d Mot. for Sanctions at 2.) Plaintiff cites nothing to support this statement.

Further, as noted above, Plaintiff's Motion misleads the Court by suggesting that counsel for Plaintiff satisfied his obligations under Rule 37.

Also, Plaintiff plainly disregards the record in this case by claiming that Defendant failed to timely object to the underlying discovery requests. There is no dispute that Defendant did not receive the underlying discovery requests dated February 3, 2004 until they were provided to the Court as part of Plaintiff's March 11 Motion to Compel (Doc. 67) and Motion for Extension of Time (Doc. 68). In its March 17 and 18 responses to those Motions (Docs. 70 and 71), Defendant timely objected to the requested discovery, repeated those objections in its July 8, 2004 Objections to Plaintiff's Motion for Sanctions (Doc. 79) preserved those objections yet again by restating them in its July 21, 2004 responses served pursuant to the Court's July 16 Order. Plaintiff's claim that Defendant has waived its objections has no merit.

Also counsel for Plaintiff states in the *Second Motion for Sanctions* that by its July 16, 2004 Order, the Court required Defendant to respond to the February 3 requests by July 21. (Pl. 2d Mot. for Sanctions at 2.) This is simply not the case. The Court ordered responses by July 23.

(July 16, 2004 Order, enclosed at Tab B.) It is undisputed that Defendant complied with this Order prior to that deadline. (July 21, 2004 Def. Responses and Obj., enclosed at Tab C.)

D. **Defendant Sufficiently Responded To The February 3 Requests In Good Faith**

While the purposes of Rule 37 are self-evident, those purposes could have been served, at least to some degree, in this case. When it received Plaintiff's *Second Motion for Sanctions* on August 10, Defendant discovered that it had made an inadvertent error in its July 21 response to Interrogatory 8. That good faith error was promptly remedied by a supplemental response faxed to Plaintiff on August 11. (Tab D.)

Plaintiff's insistence on the relevance of each of the February 3 requests is a needless waste of the Court's and the parties' time and resources. In its July 21 responses, Defendant did restate objections made in its March 17, March 18 and July 8 Objections, primarily on relevance grounds, so as to preserve the stated issues for trial. (See Tab C.) However, Plaintiff's *Second Motion* misleads the Court to obscure the fact that notwithstanding these objections, Defendant substantively responded in good faith to each and every one of the February 3 requests.

Plaintiff objects to Defendant's responses to 7 of 8 interrogatories and to the one request for production of documents. Generally, Plaintiff appears to object to the fact that Defendant's responses refer her to specifically-identified business records which Defendant had previously provided to Plaintiff. The Federal Rules allow a party to do exactly what Plaintiff objects to.

1. **Rule 33(d) Permits A Party To Answer Interrogatories By Providing Specific References To And Opportunity To Inspect Business Records In Lieu Of A Narrative Response.**

Rule 33(d) states:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such records . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving

> the interrogatory as for the party served, *it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained* and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. *A specification shall be in sufficient detail to permit the interrogating party to locate and to identify as readily as can the party served, the records from which the answer may be ascertained.*

Fed. R. Civ. P. 33(d) (2004)(emphasis supplied).

In accordance with Rule 33(d), Defendant's prior discovery responses in this case and Defendant's July 21, 2004 responses contain references to specific Bates stamped pages of business records -- already in Plaintiff's possession -- where the answers may be derived or ascertained for each request. (See Tab C.) Significantly, *Plaintiff never claims that he cannot derive or ascertain the responses to his interrogatories from the specifically-cited pages.* Further, Plaintiff's own discovery responses employ the same option to respond to Defendant's Interrogatory 7: referencing documents already provided from which the requested information could be ascertained.

Read as a whole, Plaintiff's motion complains that she should not have to look at the documents to derive and ascertain the answers to her requests but, rather, that Defendant should be required to do that "leg-work" for her and then create a new document summarizing the results. For example, in Interrogatory 1, Plaintiff asks for "a list of [certain] reports." Defendant responded by citing the document number of the reports themselves:

> Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, See documents produced with Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002 and marked **Pilot0243-1308** and **Pilot1526-1715**; pages **56-77** of Plaintiff's documentary disclosures made pursuant to Rule 26(a), dated February 19, 2002; and pages **511-533, 1122-1447, 3472-3573, 3578-3598, 3601-3660** and **3968-4088** of Plaintiff's documentary disclosures made pursuant to Rule 26(a) and provided with Plaintiff's amended disclosures dated April 15, 2002.

(Tab C.)

No authority supports Plaintiff's claim -- and she cites none -- that Defendant must create a "list of report titles" or other summary or categorization of these reports. (Pl. 2d Mot. for Sanctions at 4-5.) The rules of discovery do not require Defendant to do opposing counsel's job for him (or *her*, inasmuch as former counsel Rebecca Johnson has represented that she continues to work on this case[2]). See Pray v. The New York City Ballet Company, 1997 U.S. Dist. LEXIS 21987, *2 (S.D.N.Y. Nov. 28, 1997) (enclosed at Tab A) ("Rule 33(d) ordinarily prevents an interrogating party from shifting the burden of reviewing voluminous documents to its adversary").

Plaintiff does not argue that Defendant's above response fails to provide sufficiently detailed references to the specific business record pages that comprise those reports and which include their titles. There is no indication in Plaintiff's Motion or Mr. Brunswick's affidavit that opposing counsel has taken any time to review the referenced documents, copies of which have long been in Plaintiff's possession, to ascertain the requested titles. See Pray, 1997 U.S. Dist. LEXIS 21987 at *2. Indeed, had Plaintiff made such an undertaking, there would be no need for Plaintiff to insist that Defendant make a list for him.

**2. Defendant Has Otherwise Sufficiently Answered The Remaining February 3 Requests In Good Faith And To The Best Of Its Knowledge And Information**

Similarly, in the midst of complaining that Plaintiff would prefers documents organized in some other manner, opposing counsel fails to disclose that several of the February 3 requests had already been made in the same or substantially similar form in prior requests to which Defendant had already responded. For example, in Plaintiff's March 2002 first interrogatories,

---

[2] Wice Aff. ¶ 4.

number 15, Plaintiff sought and Defendant responded with a list and explanation of the reports to which Defendant's July 21, 2004 response refers in response to Interrogatories 1 and 2:

> 15. If you answer interrogatory no. 14 affirmatively, please describe with specificity and detail the amount or units of work product that the plaintiff was required to produce and how such work product was measured.
>
> Objection: Pilot objects to Interrogatory No. 15 (1) on the basis that it is vague and ambiguous.
>
> Response: Pilot established performance expectations for its Customer Service Representatives based on the total average customer and consumer activity. Davis did not meet Pilot's established expectations for Customer Service Representatives which at the time were as follows: (a) an average of 20 orders entered manually per day (EDI amounts differ); (b) to complete responses to between 20 and 25 consumer letters; and (c) to handle the daily volume answering telephone calls, which usually vary between 5 and 15 inbound calls daily. All representatives were expected to maintain these daily averages with quantities adjusted according to fluctuations in volumes during the promotional seasons peculiar to the office products industry. All representatives were expected to maintain these daily averages with quantities adjusted according to fluctuations in volumes during the promotional seasons peculiar to the office products industry. See also Fax logs for April and May 2000 (Pilot 229-230); Batch logs for April and May 2000 (Pilot 231); Customer Service Representative call and order summaries from March 2000 through June 2000 (Pilot 232-242); Lila Davis' call logs (Pilot 243-290); and Order File Summaries and call logs for Customer Service Representatives (Pilot 291-1715).

Plaintiff's March 2002 discovery requests also inquired about communications with Plaintiff concerning and documentation of her performance deficiencies (3/02 Interrogatories 5, 9, 10, 11). In its July 21, 2004 response to February 3, 2004 Interrogatory 3[3], Defendant refers back to

[3] 3. With reference to Patricia Roberts' statement found on page 119 of the defendant's Rule 26(a) documentary disclosures, "John explained that there always was a problem with her work performance," and page 121 of Chantay Bynes' summary of John Ferrara's statement "Judy and I had discussions with you during you (sic) probation period about your not being up to speed. I have discussed with you on occasions about the backlog," provided to plaintiff's former counsel, Attorney Rebecca L. Johnson, please provide:

> a. a list of all dates that John Ferrara spoke with Lila Davis regarding her "problematic" work performance;

the same documents referenced in response to those 2002 requests. In the same vein, Plaintiff's March 2002 Interrogatory 16 asks: "Please state whether the plaintiff's co-workers employed within each of the Customer Service Departments were required to produce a certain amount of work product daily" and Plaintiff's February 2004 Interrogatory 5 asks:

> With reference to the employees named in Interrogatory no. 4 and any other customer service representative employed between January of 1999 and December of 2000, please state whether any were made aware of any specific work schedule or quota of work product that was expected to be completed of him/her on a daily basis such as that which is described in Patricia Roberts' statement found on page 124 of defendant's Rule 26(a) documentary disclosures.

Defendant referenced Plaintiff's earlier interrogatory and the very same Bates stamped pages numbers in its July 21 response as it did in its April 2002 response to essentially the same request.

In its July 21, 2004 responses, Defendant cited Plaintiff to the prior disclosures, requests and responses, with detailed references to the date, substance and location of those responses, that provide the requested information. (See Tab C.) It is not for Defendant to "make sense" of the documents and information provided as possible evidence for Plaintiff. (See Pl. 2d. Mot. for Sanctions at 6.) Mr. Brunswick and/or Ms. Johnson must do that strategic organization and legal analysis for themselves.

Regarding Interrogatory 6, Defendant explained in its response that the computer screens requested no longer actively exist in the same form as they did during Plaintiff's employment. (Pl. 2d Mot. for Sanctions at 6. See Tab C, no. 6.) As such, the July 21 responses refer Plaintiff

---

    b.    a list of all dates that Judy DeZenzio spoke with Lila Davis regarding her "problematic" work performance;

    c.    a list of all written documentation that provided notice of counseling or disciplinary measures taken against Lila Davis regarding any problematic work performance.

to printouts made from the program at issue during that time, which had already been produced to Plaintiff in Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002 and in Plaintiff's own 26(a) disclosures of dated February 19, 2002, April 15, 2002 and May 20, 2002. (Tab C.) Plaintiff's dislike or even disbelief of this response does not make it non-responsive or inadequate. It is an accurate and complete disclosure of the existing information.

Similarly, with respect to Interrogatory 7, Defendant explained in its July 21 response that Defendant had limited information about a third-party former-employee's employment prior to working at Pilot. (Pl. 2d Mot. for Sanctions at 6-7. See Tab C, no. 7.) Defendant provided with the July 21 responses documents and information it had that had not already been disclosed through prior discovery. (Tab C.) Defendant also referred to the specific date and location of the information already provided in response to Plaintiff's questions at Ms. Roberts' deposition about her prior work experience. (Id.)

Finally, Plaintiff protests that Defendant refers her back to documents already produced in response to the February 3 Request for Production. In response to the February 3 Interrogatories, Defendant referred Plaintiff to specific, numbered pages responsive to those particular requests. More than 5000 pages of documents have changed hands in this case, prior to the July 21 responses. No matter how loudly Plaintiff complains, that is all there is.

## II.   CONCLUSION

Defendant has complied with the Court's July 16 Order and sufficiently responded to Plaintiff's February 3 requests in good faith. With this Motion, Plaintiff continues to flout the Federal Rules of Civil Procedure and Local Rules of this Court. Defendant respectfully requests

that the Court deny Plaintiff's August 5, 2004 Motion for Sanctions in its entirety and exercise its inherent authority to sanction Plaintiff's counsel for his (and/or her) conduct.

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: Alison Jacobs Wice

Michael J. Soltis (CT 07413)
Alison Jacobs Wice (CT21771)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
wicea@jacksonlewis.com

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S OBJECTION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS has been sent *via* first class mail, postage prepaid, to the following:

Max F. Brunswick, Esq.
12 Trumbull Street
New Haven, Connecticut 06511

This 18th day of August, 2004.

Alison Jacobs Wice