# TAB A

*1999 U.S. Dist. LEXIS 958, **

MICHAEL MIKA and MELANIE MIKA, Plaintiffs, - against - FOUR SEASONS HOTELS, FOUR SEASONS HOTELS LIMITED and 795 FIFTH AVENUE CORPORATION, Defendants.

98 Civ 5972(AGS)(DFE)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1999 U.S. Dist. LEXIS 958

January 29, 1999, Decided
February 1, 1999, Filed

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendants hotel owners filed a motion to compel discovery and an order of reference that checked discovery disputes in a personal injury action.

**OVERVIEW:** Plaintiffs, husband and wife, filed a personal injury action against defendants hotel owners after husband slipped and injured his knee in the lobby of a hotel. Plaintiff husband alleged that he suffered mental anguish and that he was rendered unable to perform his normal activities and duties. Defendants sought the identities of plaintiff husband's medical providers, going back five years before the accident. Defendants filed a motion to compel discovery and an order of reference that checked discovery disputes. The court determined that Fed. R. Civ. P. 37(a)(2)(A and B) required attorneys to confer in **good faith** in an **effort to resolve** or narrow all **discovery** disputes before seeking judicial intervention, and failure to hold a **good faith** conference was ground for the award of attorney fees and other sanctions. The court did not impose any monetary sanctions at that **time.**

**OUTCOME:** The court determined that failure to hold a **good faith** conference was ground for the award of attorney fees and other sanctions; the federal rules required attorneys to confer in **good faith** in an **effort to resolve** or narrow all **discovery** disputes before seeking judicial intervention.

**CORE TERMS:** discovery, deadline, good cause, judicial intervention, choice-of-law, shoulder, genuine, confer, unable to perform, left knee, settlement, consortium, deposition

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Discovery Methods > Requests for Production & Inspection
HN1 Fed. R. Civ. P. 37(a)(2)(A and B) requires attorneys to confer in **good faith** in an **effort to resolve** or narrow all **discovery** disputes before seeking judicial intervention. More Like This Headnote

Civil Procedure > Discovery Methods > Requests for Production & Inspection

Civil Procedure > Costs & Attorney Fees > Attorney Fees

**HN2** Confer means to meet, in person or by telephone, and make a genuine **effort to resolve** the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is **reasonably** capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be **resolved** without judicial intervention. The exchange of letters between counsel stating positions for the record shall not be deemed compliance with this requirement. Failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions. 28 U.S.C.S. § 1927. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Application of State Law
Civil Procedure > State & Federal Interrelationships > Choice of Law
Evidence > Privileges > Doctor-Patient Privilege

**HN3** In a diversity case raising no federal claims, the privilege of a witness or other person shall be determined in accordance with state law, Fed. R. Evid. 501, and the court must look to the choice-of-law rules of the forum state if one of the parties challenges the application of the forum state's substantive law. More Like This Headnote

Evidence > Privileges > Doctor-Patient Privilege

**HN4** New York case law supports quite broad discovery of a plaintiff's medical conditions despite claims of privilege. More Like This Headnote

**COUNSEL:** [*1]  For MICHAEL MIKA, MELANIE MIKA, plaintiffs: D. Daniel Engstrand, Jr., Doniger & Engstrand, New York, NY.

For FOUR SEASONS HOTELS LIMITED, 795 FIFTH AVENUE CORPORATION, defendants: James M. Woolsey, III, Landman Corsi Ballaine & Ford P.C., New York, NY.

**JUDGES:** DOUGLAS F. EATON, United States Magistrate Judge.

**OPINIONBY:** DOUGLAS F. EATON

**OPINION:** MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

On January 22, Judge Schwartz sent me (a) defendants' fully briefed motion to compel discovery and (b) an Order of Reference that checked "Discovery Disputes." I spoke with Judge Schwartz and he gave me the power to alter his discovery deadlines, and to decide any other discovery disputes. If I do receive another discovery dispute, I will require a single joint letter signed by both attorneys, listing each unresolved, uncompromisable issue and briefly stating each side's position on that issue. I will not accept any more back-and-forth letters. My purpose is to force the attorneys to comply with the conference requirement in F. R. Civ. P. Rule 37(a)(2)(A and B). It is quite clear that they have failed to comply with that requirement in connection with the pending motion.  [*2]

Conference requirement. **HN1** Rule 37(a)(2)(A and B) requires the attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention. "**HN2** Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and

(c) what specific genuine issues, if any, cannot be resolved without judicial intervention. The exchange of letters between counsel stating positions "for the record" shall not be deemed compliance with this requirement. Failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions. 28 U.S.C. § 1927; Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1019-20 (2d Cir. 1988).

In the case at bar, if Mr. Engstrand and Mr. Woolsey had really held a good-faith conversation, then Mr. Woolsey would have revealed that he was relying in part on a certain doctor's report, and Mr. Engstrand would have advised him that the report [*3] contained a mistake and meant to say "days" rather than "years."

Michael Mika, a Virginia resident, alleges that he slipped in the lobby of the Pierre Hotel and injured his left knee. He and his wife invoked diversity jurisdiction and brought this lawsuit. He alleges that he suffered "mental anguish" and that he "was and will continue to be rendered unable to perform [his] normal activities and duties." His wife alleges that she "was and is deprived of the services, support, society, companionship and consortium of her husband."

He says, through his lawyer's December 15 letter, that he "never injured his left knee prior to this accident," and that therefore he refuses to give any discovery about any prior medical problems.

The defendants seek the identities of his medical providers going back five years before the accident. This is reasonably calculated to lead to admissible evidence. The cause of plaintiff's fall is in dispute. Possible explanations could include dizziness, low blood pressure, alcoholism, bad eyesight, a previous injury to the other knee, etc. Damages are also in dispute. Conrad v. Park, 204 A.D.2d 1011, 612 N.Y.S.2d 524 (4th Dept. 1994), involved a detached [*4] retina, yet the Appellate Division reversed a refusal to compel medical records regarding a previous shoulder injury:

> In light of plaintiff's claimed damages for "alteration in performance of activities of daily living", "loss of enjoyment of life", and "early retirement in 1984" because of disability, the records of plaintiff's previous shoulder injury may lead to relevant evidence bearing on plaintiff's claim for damages . . . .

612 N.Y.S.2d at 525. In our case, there is a similar claim for loss of ability "to perform [his] normal activities." Moreover, there is a claim for consortium, which would seem to open up an inquiry into sexual health.

Plaintiffs argue that the physician-patient privilege protects against disclosure of any prior medical condition "unrelated to the instant action." HN3 In a diversity case raising no federal claims, the privilege of a witness or other person "shall be determined in accordance with State law," F. R. Evid. Rule 501, and we must look to the choice-of-law rules of the forum state if one of the parties challenges the application of the forum state's substantive law, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S. Ct. 1020, [*5] 85 L. Ed. 1477 (1941); Northland Ins. Co. v. Truckstops Corp. of America, 914 F. Supp. 216, 218 (N.D. Ill. 1995). It might well be that New York's choice-of-law rules would say that an issue about a patient's privilege should turn on the privilege law of the state where the medical services were rendered. But I will decide the privilege issue pursuant to New York law since (a) both parties have cited New York law and (b) plaintiff has not revealed all the states where he received medical services (some occurred in Virginia, but perhaps other states were involved).

The more recent <sup>HN4</sup>New York case law supports quite broad discovery of a plaintiff's medical conditions despite claims of privilege. Geraci v. National Fuel Gas Distribution Corp., 680 N.Y.S.2d 776 (4th Dept. 1998); Conrad v. Park, 204 A.D.2d 1011, 612 N.Y.S.2d 524 (4th Dept. 1995). But see Sadicario v. Stylebuilt Accessories, Inc., 250 A.D.2d 830, 673 N.Y.S.2d 697 (2d Dept. 1998), and Ciancio v. Woodlawn Cemetery Ass'n, 210 A.D.2d 9, 618 N.Y.S.2d 816 (1st Dept. 1994), citing Iseman v. Delmar Medical-Dental Bldg., 113 A.D.2d 276, 495 N.Y.S.2d 747 (3d Dept. 1985) (a 3-2 decision where one of dissenters was Judge Levine who [*6] is now on the Court of Appeals).

The defendants also seek the identities of Mr. Mika's employers going back five years before the accident. Even though he has withdrawn his claim of lost income, he still claims that he is unable to perform activities that he previously performed. Accordingly, the defendants are entitled to learn the identity of the prior and subsequent employers. Cf. Lohmann v. Trans World Airlines, Inc., 205 A.D.2d 666, 613 N.Y.S.2d 652 (2d Dept. 1994).

I remind the attorneys that they must serve each other with prior notice of any third-party subpoenas. F. R. Civ. P. Rule 45(b)(1). Furthermore, I direct that all information obtained from an employer or a medical provider shall be deemed to be designated "Confidential" and shall be protected by the Stipulation and Order of Confidentiality signed by Judge Schwartz on December 8.

If there is some information that plaintiffs believe to be so embarrassing that even the confidentiality order is an inadequate remedy, then it is up to plaintiffs to move for a protective order excusing production of a specific item.

The plaintiffs repeatedly invoke Local Civil Rule 33.3, but they fail to focus on its subdivision (b). [*7] It is more practical for the plaintiffs to supply the information well in advance of the deposition of Mr. Mika. It will decrease the chances that he would have to make a second trip to New York for a follow-up deposition.

I direct the plaintiffs to serve, by February 5, supplemental responses to Interrogatories 9 (but omit the earnings), 13 and 16, and to produce additional authorizations for medical records in response to Paragraph 3 of the October 20 document request.

I turn now to defendants' Interrogatory 12, which requests the plaintiffs to "identify any statements, in any form, taken from any" fact witnesses. I think this is improper except as limited to written statements, which would be covered by Rule 34. I direct the plaintiffs to serve, by February 5, copies of any such written statements. The plaintiffs may black out only such portions as convey the mental impression of plaintiffs' attorneys.

Finally I turn to Interrogatory 14. In light of Mr. Mika's November 24 sworn answer to Interrogatory 8, I decline to compel any further answer to Interrogatory 14, although of course he remains obligated to update his answers if he obtains additional or different information. [*8]

I decline to impose any monetary sanctions at this juncture. I hereby amend Judge Schwartz's November 23 Pretrial Scheduling Order as follows:

All fact discovery must be commenced in time to be completed by April 30, 1999.

Any proposed expert witness must serve a report in strict compliance with Rule 26(a)(2)(B) -- plaintiffs' experts by May 14 and defendants' experts by June 10. All expert discovery must be commenced in time to be completed by June 30, 1999.

The March 1st conference is canceled. By June 10, 1999 the parties must contact Judge Schwartz's chambers to schedule the next pretrial conference with him.

None of these deadlines will be extended except upon a showing of good cause. Any request for an extension must be made, by fax and by mail, at least one week before the deadline in question, and must state the other party's position concerning the proposed alternative date.

I will not "so order" any consent adjournment unless it complies with the preceding paragraph and tells me in writing the factual basis for the "good cause." Settlement discussions are not "good cause" unless both parties show me that they are extremely close to settlement.

DOUGLAS F. EATON [*9]

United States Magistrate Judge

Dated: New York, New York

January 29, 1999

✦Select for FOCUS™ or Delivery
☐

*1997 U.S. Dist. LEXIS 21987, **

SUSAN PRAY, BARBARA BAIRD and LIANE MARSTON, Plaintiffs, -against- THE NEW YORK CITY BALLET COMPANY, Defendant.

96 Civ. 5723 (RLC) (HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 21987

November 25, 1997, Decided
November 28, 1997, Filed

**DISPOSITION:** [*1] Plaintiffs' motion to compel denied as moot.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs filed a motion to compel responses to some of their requests for admissions and document requests. Plaintiffs filed a motion to compel defendant ballet company to provide information for its interrogatory number 29 that concerned the number of performances and rehearsals in which a specific person participated.

**OVERVIEW:** Plaintiffs filed a motion to compel responses to requests for admissions and document requests. The court stated that the company had represented that it would provide supplemental responses no later than a specific date. The court stated that because the company voluntarily agreed to provide the information sought plaintiffs' motion to compel was denied as moot. Plaintiffs filed a motion to compel the company to provide the number of performances and rehearsals a specific person participated in. The court stated that although it agreed with the company that Fed. R. Civ. P. 33(d) ordinarily prevented an interrogating party from shifting the burden of reviewing voluminous documents to its adversary, it was clearly shown that plaintiffs were merely trying to isolate and identify issues. Plaintiffs were not attempting to shift a burden that was properly borne by them. Plaintiffs were merely seeking to determine whether the company's calculations as to the number of performances and rehearsals agreed with theirs. Because the information sought was readily accessible to the company there was no good reason to sustain the company's objection to the request.

**OUTCOME:** The court directed the company to respond to plaintiffs' interrogatory number 29 by a specific date and denied the balance of the motion to compel.

**CORE TERMS:** calculation, interrogatory, participated, rehearsals, intervals

### LexisNexis(R) Headnotes ✦ Hide Headnotes


Civil Procedure > Discovery Methods > Interrogatories
*HN1* ✦ Fed. R. Civ. P. 33(d) ordinarily prevents an interrogating party from shifting the burden of reviewing voluminous documents to its adversary. More Like This Headnote

**COUNSEL:** For SUSAN PRAY, BARBARA BAIRD, LIANE MARSTON, plaintiffs: Janice Goodman, New York, NY USA.

For THE NEW YORK CITY BALLET COMPANY, defendant: Edward A. Brill, Proskauer Rose Goetz & Mendelsohn, New York, NY USA.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINIONBY:** HENRY PITMAN

**OPINION:** MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

By letter dated November 7, 1997, plaintiffs move to compel responses to Requests for Admission Nos. 5-19, 41-44 and to Document Requests 3-4. Without conceding the relevance of the information sought, counsel for defendant, by letter dated November 21, 1997, has represented to the Court that it will provide supplemental responses to the foregoing Requests for Admissions and Document Requests no later than November 26, 1997. Since defendant has voluntarily agreed to provide the information sought by plaintiffs, plaintiffs' motion to compel is denied as moot.

Plaintiffs also move to compel defendant to provide information concerning the number of performances and rehearsals in which Ruth Kahn participated. Specifically, plaintiffs have posed ten Requests for Admissions in which [*2] plaintiffs set forth their calculation of the number of performances or rehearsals in which Kahn participated during specified time intervals. Defendant has admitted the truth of only two of these Requests and has refused to answer an interrogatory seeking its position concerning all other time intervals. Defendant's sole response is that its response is proper pursuant to **Rule 33(d)** of the Federal Rules of Civil Procedure because the information can be derived from documents previously produced by defendant.

Although I agree with defendant that **Rule 33(d)** [HN1] ordinarily prevents an interrogating party from shifting the burden of reviewing voluminous documents to its adversary, the procedural posture of the current dispute clearly indicates that plaintiff is merely trying to isolate and identify the issues and not attempting to shift a burden that is properly borne by them. The fact that plaintiffs have posed Requests for Admissions is compelling evidence that plaintiffs have already reviewed the documents produced by defendant and made their own calculations of the number of performances/rehearsals in which Kahn has participated. The fact that defendant has denied eight of these ten [*3] requests is equally compelling proof that defendant has also made its own calculation of the number of performances/rehearsals in which Kahn has participated. Thus, both sides have already done the work of reviewing the underlying documents, and plaintiffs are merely seeking to determine whether defendant's calculations agree with theirs. (Indeed, a fairly compelling argument could be made that plaintiffs' interrogatories in this regard are actually contention interrogatories.) Since the information sought is clearly readily accessible to defendant and will not require defendant to perform any additional calculations, there is no good reason to sustain defendant's objection. Accordingly, defendant is directed to respond to plaintiffs' interrogatory number 29 no later than December 5, 1997.

Dated: New York, New York

November 25, 1997

SO ORDERED

HENRY PITMAN

United States Magistrate Judge

# TAB B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LILA DAVIS                                      :
    Plaintiff

v.                                              : CIVIL NO.: 3:01cv2204(DJS)

PILOT CORPORATION OF
AMERICA, ET AL                                  :
    Defendants

## ORDER

The Plaintiff's Motion to Compel (Doc. #67) is hereby **GRANTED**. Discovery shall be opened for the limited purpose of compliance with this Order. Pursuant to the scheduling order issued January 26, 2004, discovery closed on February 13, 2004, ten days after plaintiff submitted her discovery request to defendants. Defendants **shall** respond in full **no later than July 23, 2004.**

Plaintiff **shall** submit a reply to the pending motion for Summary Judgment (Doc. #61) no later than **August 16, 2004. No further extensions shall be granted.**

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut, this ___16th___ day of July, 2004.

/s/DJS
Dominic J. Squatrito
United States District Judge