# TAB C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | CIVIL ACTION NO. |
| | : | 301CV2204(DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PILOT CORPORATION OF AMERICA, | : | |
| | : | July 21, 2004 |
| Defendant. | : | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST[1] SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 33 and 34 and the July 16, 2004 Order of this Court, Defendant Pliot Corporation of America ("Defendant" or "Pilot") makes the objections and responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents dated February 3, 2004.

## GENERAL COMMENTS AND QUALIFICATIONS

Pilot has endeavored at this stage of the litigation to respond to Plaintiff's Interrogatories and Request for Production on the basis of the best data now available. Persons who are non-parties and who are not now employees of Pilot may have information relevant to the subject matter of Plaintiff's Interrogatories and Request for Production, but Defendant is not purporting to provide information in these responses, if any, presently possessed by such persons. The responses set for therein are made without waiving the following:

---

[1] Plaintiff names her discovery requests dated February 3, 2004 "Plaintiff's *First* Set of Interrogatories and Requests for Production" although she previously served and Defendant responded to her prior set of discovery requests dated March 20, 2002.

1.     The right to object on the grounds of competency, privilege, relevancy, materiality or any other proper ground, to the use of any information produced herein, for any purpose, in whole or in part, in any proceeding to this action or any other action;

2.     The right to object on any and all proper grounds at any time, to other requests or other discovery procedures involving or relating to the subject matter of the Interrogatories herein responded to; and

3.     The right at any time to revise, correct, modify, supplement or clarify any of the responses provided herein.

All of Defendant's responses are made subject to the above comments and qualifications.

## DEFENDANT'S GENERAL OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION

1.     Pilot objects to each Interrogatory and Request for Production to the extent that it seeks information which is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Pilot objects to each Interrogatory and Request for Production to the extent that it requests information which is subject to the attorney/client privilege, the work product protection, the self-critical analysis privilege and any other privilege or which is material prepared in anticipation of litigation or for trial.

3.     Pilot objects to each Interrogatory and Request for Production to the extent that it requests Pilot to obtain information from persons over whom Pilot has no control on the grounds that said Interrogatories and Requests for Production exceed the permissible scope of discovery.

4.     Pilot objects to each Interrogatory and Request for Production to the extent that it is vexatious, unduly burdensome, irrelevant, immaterial, and/or designed solely to harass Pilot.

5.    Pilot objects to each Interrogatory and Request for Production to the extent that it is vague, ambiguous, overbroad, or otherwise lacks sufficient precision to permit a response.

6.    Pilot objects to each Interrogatory and Request for Production to the extent that it seeks legal theories or conclusions rather than factual responses.

7.    Pilot objects to each Interrogatory to the extent that it seeks information already in the possession of Plaintiff or in the possession of third parties and, therefore, equally or more easily accessible to Plaintiff.

8.    Pilot objects to each Interrogatory, Request for Production, definition or instruction to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFENDANT'S RESPONSES AND OBJECTIONS INTERROGATORIES:**

1.    With reference to Chantay Bynes' statement found on page 120 of the defendant's Rule 26(a) documentary disclosures, "We realize that Wendy is the keeper of the reports," provided to plaintiff's former counsel, Attorney Rebecca L. Johnson, please provide a list of all reports that Wendy Jennings was responsible for keeping while in the employ of the defendant.

**OBJECTION:**    Defendant objects to Interrogatory No. 1 on the basis that it is overly broad in time and subject inasmuch as it is seeks information concerning all reports maintained by Ms. Jennings, without any reasonable limitation as to the time such reports were maintained or subject matter related to Plaintiff's claims in this matter or otherwise reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis that to the extent that Plaintiff seeks Ms. Bynes' intended meaning behind the quoted statement, that inquiry is better made to Ms. Bynes, who is no longer employed by Pilot and who Plaintiff chose not to depose. Additionally, Defendant objects to this Interrogatory on the basis that it is duplicative of prior inquiries and requests already made by Plaintiff to Defendant and to which Defendant responded or is otherwise already in Plaintiff's possession.

**RESPONSE:** Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see documents produced with Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002 and marked **Pilot0243-1308** and **Pilot1526-1715**; pages **56-77** of Plaintiff's documentary disclosures made pursuant to Rule 26(a), dated February 19, 2002; and pages **511-533, 1122-1447, 3472-3573, 3578-3598, 3601-3660** and **3968-4088** of Plaintiff's documentary disclosures made pursuant to Rule 26(a) and provided with Plaintiff's amended disclosures dated April 15, 2002.

2.    With reference to the reports referred to in response to Interrogatory no. 1, please provide the following:

    a.    Copies of all such reports generated while Lila Davis was employed by the defendant which contain any data concerning work performed by Lila Davis, Donna McCausland Donna Baldino, Brenda Keller, Brenda Smorto, Diane Saska, Herta Page, Sandy Landro, Joyce Carr[e] or any other CSR supervised by John Ferrara and Patricia Roberts;

**OBJECTION**:    Defendant objects to Interrogatory No. 2.a. on the basis that it is overly broad in time and scope, inasmuch as the individuals listed therein were not employed in the same position, with the same duties as Plaintiff, and therefore such reports concerning their employment are irrelevant to this matter and the request is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant objects to this Interrogatory on the basis that it is duplicative of prior inquiries and requests already made by Plaintiff to Defendant and to which Defendant responded or is otherwise already in Plaintiff's possession.

**RESPONSE**: Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see documents produced with Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002 and marked **Pilot0229-0242**; pages 36-40, 40-44 and 46-48 of the transcript of testimony of Plaintiff's January 15, 2004 deposition of Patricia Roberts; and pages 152 and 170 of the transcript of testimony of Defendant's January 22, 2004 deposition of Plaintiff Lila Davis.

    b.    A detailed description of the purpose for each report;

**OBJECTION**:    See objections stated in response to subpart (a) of Interrogatory No. 2, above.

**RESPONSE**: Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see documents referenced in response to Interrogatory No. 1, above.

c.    A detailed description of each category of information generated for each report.

**OBJECTION:**    See objections stated in response to subpart (a) of Interrogatory No. 2, above.

**RESPONSE:** Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see documents referenced in response to Interrogatory Nos. 1 and 2(a), above.

3.    With reference to Patricia Roberts' statement found on page 119 of the defendant's Rule 26(a) documentary disclosures, "John explained that there always was a problem with her work performance," and page 121 of Chantay Bynes' summary of John Ferrara's statement "Judy and I had discussions with you during you (sic) probation period about your not being up to speed. I have discussed with you on occasions about the backlog," provided to plaintiff's former counsel, Attorney Rebecca L. Johnson, please provide:

a.    a list of all dates that John Ferrara spoke with Lila Davis regarding her "problematic" work performance;

b.    a list of all dates that Judy DeZenzio spoke with Lila Davis regarding her "problematic" work performance;

c.    a list of all written documentation that provided notice of counseling or disciplinary measures taken against Lila Davis regarding any problematic work performance.

**OBJECTION:**    Defendant objects to Interrogatory No. 3 to the extent it mischaracterizes the content of the documents referenced therein. Defendant further objects on the basis that to the extent that Plaintiff seeks Ms. Roberts' intended meaning behind the quoted statement, that inquiry was better made to Ms. Roberts, who is no longer employed by Pilot and who Plaintiff deposed without questioning Ms. Roberts on these documents already in her possession; and to the extent that Plaintiff seeks Ms. Bynes' intended meaning behind the quoted statement, that inquiry is better made to Ms. Bynes, who is no longer employed by Pilot and who

Plaintiff chose not to depose. Additionally, Defendant objects to this Interrogatory on the basis that it is duplicative of prior inquiries and requests already made by Plaintiff to Defendant and to which Defendant responded or is otherwise already in Plaintiff's possession.

**RESPONSE**: Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, documents produced with Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002 and marked **Pilot0062-0064, Pilot0074-0147, Pilot0131-0147, and Pilot 0222-0227**; and pages **983** of Plaintiff's documentary disclosures made pursuant to Rule 26(a) and provided with Plaintiff's amended disclosures dated April 15, 2002 reflect requested dates, to the extent there is documentation of the dates and substance of such discussions.

4.    Please state whether any of the following persons continue to remain employed by the defendant:

a.    Diane Saska;
**RESPONSE:**    Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. Saska continues to be employed in Pilot's Customer Service group.

b.    Donna McCausland;
**RESPONSE:**    Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. McCausland continues to be employed in Pilot's Customer Service group.

c.    Brenda Keller;
**RESPONSE:**    Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. Keller continues to be employed in Pilot's Customer Service group.

d.    Herta Page;
**RESPONSE:**    Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. Page is no longer employed in Pilot's Customer Service group.

**RESPONSE:**        Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. Smorto is no longer employed by Pilot.

e.    Joyce Carr[e];
**RESPONSE:**        Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. Carre is no longer employed by Pilot.

f.    Sandy Landro;
**RESPONSE:**        Notwithstanding, without waiver of, and subject to the foregoing general objections, Ms. Landro is no longer employed in Pilot's Customer Service group.

g.    Any other customer service representative employed by the defendant from January 1999 to December 2000.

**OBJECTION:**        Defendant objects to this Interrogatory on the basis that the above-listed individuals in Plaintiff's Interrogatory No. 4 were not all employed in the position of customer service representative during the time period identified; Defendant further objects on the grounds that sub-part (h) is vague, ambiguous and overly broad in scope, as it is not clear what information it seeks concerning customer service representatives outside Plaintiff's department or who were employed after Plaintiff's employment was already terminated.

**RESPONSE:**        Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, Defendant responds as follows --

Excluding the individuals listed above, the following individuals were employed as customer service representatives in Plaintiff's former department during the identified period and continue to be employed by Pilot in that capacity:

Erin Sanchez.

Excluding the individuals listed above, the following individuals were employed as customer service representatives in Plaintiff's former department during the identified period and are no longer employed by Pilot in that capacity:

Peggy Ann Kelley;

Maria Crespo;

Lila Davis;

Jaime Lieto

5.    With reference to the employees named in Interrogatory no. 4 and any other customer service representative employed between January of 1999 and December of 2000, please state whether any were made aware of any specific work schedule or quota of work product that was expected to be completed of him/her on a daily basis such as that which is described in Patricia Roberts' statement found on page 124 of defendant's Rule 26(a) documentary disclosures.

**OBJECTION:**    Defendant objects to this Interrogatory on the basis that the above-listed individuals in Plaintiff's Interrogatory No. 4 were not all employed in the position of customer service representative during the time period identified; Defendant further objects on the grounds that it is overly broad in scope, as it seeks information concerning customer service representatives outside of Plaintiff's department or who were employed before Plaintiff was employed, those employed under different supervisors than Plaintiff, or after Plaintiff's employment was already terminated and is therefore irrelevant to the expectations set for Plaintiff and her fellow-Customer Service Representatives while Plaintiff was employed in that position. Additionally, Defendant objects to this Interrogatory on the basis that it is duplicative of prior inquiries and requests already made by Plaintiff to Defendant and to which Defendant responded or is otherwise already in Plaintiff's possession.

**RESPONSE:**    Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see documents referenced in response to Interrogatory No. 3,

above; Defendant's response to Interrogatory No. 16 of Plaintiff's First Set of Interrogatories and

Request for Production dated March 20, 2002 referring Plaintiff to:

> Fax logs for April and May 2000 (Pilot 229-230); Batch logs for April and May 2000 (Pilot 231); Customer Service Representative call and order summaries from March 2000 through June 2000 (Pilot 232-242); Lila Davis' call logs (Pilot 243-290); and Order File Summaries and call logs for Customer Service Representatives (Pilot 291-1715);

pages **690, 691, 695, 696, 697, 698, 708, 710, 711, 714, 723, 725, 726, 728, 731, 732, 736, 737,**

**738, 739, 742, 775** and **1026** of Plaintiff's documentary disclosures made pursuant to Rule 26(a)

and provided with Plaintiff's amended disclosures dated April 15, 2002; Attachment A to the

Affidavit of Laurie Faulkner dated and served by Defendant on February 27, 2004; and pages 74-

75, 178 and 204 of the transcript of testimony of Defendant's January 22, 2004 deposition of

Plaintiff Lila Davis.


6.    Please provide a legible copy and/or print out of all screens found on the AS400 software system that were utilized by customer service representatives between January of 1999 and December of 2000.

**OBJECTION**:    Pilot objects to Interrogatory No. 6 on the basis that it is overly

broad, unduly burdensome, vague, ambiguous, irrelevant, immaterial and not reasonably

calculated to lead to the discovery of admissible evidence, particularly because it seeks broad

information about a software program available to the public and which program has been

updated multiple times with screen changes since the time Plaintiff was employed. Additionally,

Defendant objects to this Interrogatory on the basis that it is duplicative of prior inquiries and

requests already made by Plaintiff to Defendant and to which Defendant responded or is

otherwise already in Plaintiff's possession.

**RESPONSE:**        Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see documents included among Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002 and marked **Pilot0160-0221**; pages **335-336** of Plaintiff's documentary disclosures made pursuant to Rule 26(a), dated February 19, 2002; pages **1460-3470, 3574-3577, 3599-3600, 3662-3677** and **3795-3799** of Plaintiff's documentary disclosures made pursuant to Rule 26(a) and provided with Plaintiff's amended disclosures dated April 15, 2002; and pages **4091-4640** of Plaintiff's documentary disclosures made pursuant to Rule 26(a) and provided with Plaintiff's amended disclosures dated May 20, 2002.

7.    Please state the name of all computer software utilized by Patricia Roberts in any employment setting from January 1, 1990 to the present.  Please specify which software was utilized by Ms. Roberts with each such employer and the position she occupied at the time she utilized the specific software, providing specific timeframes.

**OBJECTION:**        Pilot objects to Interrogatory No. 7 on the basis that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence, particularly because it seeks broad information over a fourteen year about Ms. Roberts work experience which is wholly unrelated to the issues concerning termination of Plaintiff's employment.  Additionally, Defendant objects to this request on the basis that Ms. Roberts is no longer employed by Pilot and such questions concerning Ms. Roberts work experience prior to and following the time she was employed by Pilot was better posed to Ms. Roberts herself at her deposition by Plaintiff on January 15, 2004.

**RESPONSE:**        Notwithstanding, without waiver of, and subject to the foregoing specific and general objections, see page 16 of the transcript of testimony of Plaintiff's January

15, 2004 deposition of Patricia Roberts; and Ms. Roberts resume provided with her application

of employment to Pilot produced herewith and marked **Pilot1760**.


8.      Please provide the last known telephone number, residential and business address and forwarding address of any person listed in plaintiff's 26(a) disclosure who is presently or has been employed by the respondent.

**OBJECTION:**      Defendant objects to Interrogatory No. 8 request for the home

addresses of Pilot's current employees on the basis that it is unduly intrusive and designed solely

to harass Pilot and its current and former employees.

**RESPONSE:**      Notwithstanding the foregoing specific and general objections,

Defendant responds as follows concerning the individuals identified in its Initial Disclosures

pursuant to Rule 26(a) and dated February 5, 2002:


      John Ferrara, Pilot Corporation of America, 60 Commerce Drive, Trumbull,

Connecticut 06611, (203) 377-8800.

      Laurie Faulkner, Pilot Corporation of America, 60 Commerce Drive, Trumbull,

Connecticut 06611, (203) 377-8800.

      Patricia Roberts, 228 Franklin Avenue, Stratford, Connecticut 06614, (203) 378-

3316.

## VERIFICATION

I, Laurie Faulkner, being first duly sworn, hereby verify that the foregoing Responses to Plaintiff's First Set of Interrogatories dated February 3, 2004 are true and accurate to the best of my knowledge and belief.

_Laurie Faulkner_
Laurie Faulkner

Subscribed and sworn to before me
this  _20th_  day of July, 2004

_Annette Puma_
Notary Public/Commissioner of
the Superior Court

My Commission Expires
Dec. 31, 2005

13

## DEFENDANT'S RESPONSES AND OBJECTIONS INTERROGATORIES:

1.    Produce photocopies of any and all documentation or other records or other items utilized or referenced in response to the interrogatories above.

**RESPONSE:** Notwithstanding the foregoing specific and general objections, see documents produced or otherwise referenced in Interrogatory Nos. 1 through 8, above; as well as documents produced with Defendant's document disclosures pursuant to Rule 26(a) dated February 5, 2002; Plaintiff's documentary disclosures made pursuant to Rule 26(a), dated February 19, 2002; and Plaintiff's documentary disclosures made pursuant to Rule 26(a) and provided with Plaintiff's amended disclosures dated April 15, 2002 and May 20, 2002.

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By:

Michael J. Soltis
CT 07413
Alison Jacobs Wice
CT21771
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
        wicea@jacksonlewis.com

## <u>CERTIFICATION</u>

THIS IS TO CERTIFY that a copy of the foregoing DEFENDANT'S RESPONSES

AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR

PRODUCTION has been sent *via* federal express delivery, postage prepaid, to the following:

> Max F. Brunswick, Esq.
> 12 Trumbull Street
> New Haven, Connecticut 06511

This 21st day of July, 2004.

Alison Jacobs Wice

**SUMMARY / OBJECTIVE:**    Over twelve years of professional experience in customer service and management. Exploring career opportunities where my interpersonal skills and commitment to service excellence can be fully utilized.

**WORK EXPERIENCE:**

**'1997 – Present**    **TOTAL FULFILLMENT SERVICES,** Trumbull, CT

*A catalog call center marketing diverse products through a 1-800 call center.*

**CALL CENTER MANAGER**

Responsibilities include: management of a call center including 110 customer service representatives, two supervisors, and four team leads. Quality assurance of customer calls, developing training programs for nineteen direct marketing firms; disposition of customer complaints; ongoing response to customer inquiries; and employee evaluations to ensure compliance with productivity and quality standards.

- Added nine new clients and assisted in business growth of over 300% this year.
- Improved average calls, per Customer Service Representative, by 20% via training and establishment of productivity goals.
- Reduced call waiting to 23 seconds and lost calls from an average of 7% to 2%.

**1994 – 1997**    **AIRBORNE EXPRESS,** Norwalk, CT

**FIELD SERVICE SUPERVISOR**

Managed a satellite distribution center with responsibilities for 70 employees; direct multiple job functions including: Accounting, payroll, personnel, training and employee development; supervised sorting of packages, loading of trucks, and routing to maximize service. Served as a management liaison with union representatives, including participation in arbitrations. Responsible for the physical and mechanical condition of an entire fleet of vehicles used by the service providers.

- Used cost justification analysis for capital expenditures including facility improvements and equipment replacement / upgrades.
- Utilized training programs and weekly OJS's (on job service training) with least best performers resulting in a  dramatic reduction in overtime.
- Developed flexible procedures to respond quickly to changing customer needs.
- Implemented methods training programs to maximize efficiency of each aspect of the operation resulting in a reduction of fuel consumption, and packages delivered per hour.

**1984 – 1994**    **UNITED PARCEL SERVICE ( UPS ),** Stratford, CT

**INDUSTRIAL ENGINEERING SUPERVISOR**                    1991 - 1994

Utilized time and motion studies, as well as process / workflow improvements, to streamline work processes, improve quality, performance, and enhance employee productivity for an operation handling two million packages per month.

**OPERATIONS SUPERVISOR (HUB)**                    1990 - 1991

Supervised a staff of over 100 employees in a package operation that handles 50K packages/day.

- Improved production utilizing training programs to certify employees in proper work methods.
- Minimized overtime by creating a daily operating plan that identifies which areas are paid over.

**DISPATCH SUPERVISOR**                    1988 - 1990

Directed the activities of dispatchers, ensuring prompt and reliable communications to 34 feeder Drivers to assist in the achievement of productivity and overall customer service.

**COMPUTER LITERACY:**    *Microsoft Windows 95; Microsoft word; Excel; Lotus 1-2-3, Citrix Client, M.O.M.*

**EDUCATION:**    **Norwalk Community Technical College,** Norwalk, CT
*Completed Business and Liberal Arts Classes.*

**Bullard Havens Vocational Technical High School,** Bridgeport, CT
*Graduate, 1985*

**SEMINARS:**    *Attended multiple seminars covering topics which include: Labor relations, Industrial Engineering, Total quality, Hazardous Materials, Supervisor Leadership School (UPS).*

**VOLUNTEER:**    **HALL SCHOOL,** Bridgeport, CT
*Teacher's Assistant, working with learning disabled children.*

**QUALIFICATIONS**

- Committed to the highest level of personal and professional excellence.
- Use of interpersonal skills to develop customer focused partnerships.
- Use of relationship management skills to achieve the highest levels of service excellence.
- High level of personal energy and ability to manage multiple priorities.

*References available upon request.*

# TAB D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | CIVIL ACTION NO. |
| | : | 301CV2204(DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PILOT CORPORATION OF AMERICA, | : | |
| | : | |
| | : | August 11, 2004 |
| Defendant. | : | |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST[1] SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 33 and the July 16, 2004 Order of this Court, Defendant Pliot Corporation of America ("Defendant" or "Pilot") makes the following supplemental responses to Interrogatory 8 of Plaintiff's First Set of Interrogatories and Request for Production of Documents dated February 3, 2004.

8.  Please provide the last known telephone number, residential and business address and forwarding address of any person listed in plaintiff's 26(a) disclosure who is presently or has been employed by the respondent.

**RESPONSE:**    Notwithstanding the specific and general objections set forth in Defendant's July 21, 2004 Responses and Objections, Defendant responds as follows concerning the individuals identified in Plaintiff's Initial Disclosures pursuant to Rule 26(a) and dated April 16, 2004:

1.  Ronald Shaw, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

---

[1] Plaintiff names her discovery requests dated February 3, 2004 "Plaintiff's *First* Set of Interrogatories and Requests for Production" although she previously served and Defendant responded to her prior set of discovery requests dated March 20, 2002.

2.  Patricia Roberts, 228 Franklin Avenue, Stratford, Connecticut 06614, (203) 378-3316 (last known contact information).

3.  John Ferrara, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

4.  Donna McCausland, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

5.  Brenda Keller, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

6.  Wendy Jennings, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

7.  Diane Saska, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

8.  Judy DeZenzio, 20 E. Pembroke Road, Unit 6, Danbury, Connecticut 06811 (last known address).

9.  Herta Page, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

10. Joyce Carre, 125a Abner Court, Bridgeport, Connecticut 06606 (last known address).

11. Sandy Landro, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

12. Chantay Bynes, 15 Jilijam Place, Bridgeport, Connecticut 06606 (last known address).

13. Brenda Smorto, 720 Vining Estates Drive, Mapleton, Georgia 30126 (last known address).

14. Donna Baldino, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

15. Melinda Brooks: there is no record of an employee by this name.

16. Jeanette Hirsch, Pilot Corporation of America, 60 Commerce Drive, Trumbull, Connecticut 06611, (203) 377-8800.

17. James Winston, 49 Longbranch Avenue, Stratford, Connecticut 06615 (last known address).

18. Maxine Boykin, 36 Jilijam Place, Bridgeport, Connecticut 06606 (last known address).

Respectfully Submitted,

PILOT CORPORATION OF AMERICA

By: _Alison Jacobs Wice_

Michael J. Soltis (CT 07413)
Alison Jacobs Wice (CT 21771)
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904
Tel. (203) 961-0404
Fax. (203) 324-0704
E-mail: soltism@jacksonlewis.com
        wicea@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing has been served, via facsimile transmission and first class mail, postage prepaid, to counsel of record:

> Max F. Brunswick, Esq.
> 12 Trumbull Street
> New Haven, Connecticut 06511
> Fax. (203) 782-5979

This 11th day of August, 2004.

Alison Jacobs Wice

4