UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LILA DAVIS, | : | CIVIL ACTION NO. |
| | : | 301CV2204(DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PILOT CORPORATION OF AMERICA, | : | |
| | : | August 30, 2004 |
| Defendant. | : | |

**Reply To Plaintiff's Objection To Defendant's Motion For Summary Judgment**

Plaintiff's Objection to Defendant's Motion for Summary Judgment, dated August 16, 2004 and filed August 19, 2004[1], is based on Plaintiff's statement of facts, which violate Local Rule 56(a), and her own "sham affidavit" which must be disregarded as a matter of law. What remains are the arguments set forth in Defendant Pilot Corporation of America's Motion for Summary Judgment (and supporting documents) applying uncontested law to undisputed material facts to require that summary judgment be granted and Plaintiff's Complaint dismissed in its entirety.

I.      **PRELIMINARY STATEMENT**

The evidence in this case, including Plaintiff's own diary and deposition testimony, establishes Plaintiff's well-documented failure to process orders at the same speed or quantity as others in her position. In fact, it is undisputed that the hundreds of pages of admittedly accurate

---

[1] Consistent with Plaintiff's failure to meet almost every deadline in this litigation and multiple failures to comply with the Orders of this Court (as detailed in Defendant's numerous motions in opposition to Plaintiff's untimely submissions – see e.g., Doc. 71, 77, 79), Plaintiff's failure to file a response to Defendant's March 1, 2004 Motion for Summary Judgment by August 16 violates the Court's most recent scheduling Order in this case. (7/16/04 Order.) Pursuant to Local Rule 7, that failure is "sufficient cause to grant the [Defendant's] motion." D. Conn. L.

reports that reflect the number of orders and lines processed by each Customer Service Representative ("CSR"), as summarized in Defendant's 56(a)1 Statement,[2] show Plaintiff consistently to be the lowest performer. (Pl. Dep. 151-52,154,157; D.Ex.9.) In her Objection, Plaintiff does not dispute: that Defendant Pilot Corporation of America ("Pilot" or "Defendant") went to great lengths to try to assist Plaintiff to improve her performance and remain employed; that Plaintiff was expressly warned that she had 30 days to meet the requirements of the position; that when she failed to meet this deadline, Pilot extended that period for an additional two weeks; that when Plaintiff still failed to meet her performance expectations, Pilot terminated her employment; and that Pilot had also terminated a Caucasian CSR just prior to Plaintiff's hire, for failing to process the expected number of orders.

In her Objection, Plaintiff fails to provide any competent or admissible evidence to refute Defendant's analysis of her claims. Rather, Plaintiff's Affidavit and statement of facts based almost exclusively on that affidavit offer only conclusory speculation and conjecture about how other Customer Service employees were viewed and why. Even if such speculation were sufficient to establish a prima facie case, Pilot has articulated a legitimate non-discriminatory reason for its actions -- Plaintiff's poor performance. Plaintiff proffers only impermissible conjecture set forth in her affidavit, an affidavit by a witness not competent to testify to such matters, hearsay and conclusory allegations of race-based motives in an attempt to create an issue of material fact. The law simply does not permit such a "sham" to defeat summary judgment and summary judgment should be granted in Defendant's favor.

## II.    PLAINTIFF'S OBJECTION FAILS TO CREATE GENUINE ISSUES OF MATERIAL FACT

---

Civ. R. 7(a)1.

[2] Plaintiff fails to Defendant's Local Rule 56(a)1 Statement ¶77 summarizing these reports.

2

The "central issue" for purposes of this Reply "is whether [Plaintiff] has presented sufficient admissible evidence from which a rational finder of fact could infer that more likely than not she was the victim of intentional discrimination." Bickerstaff v. Vassar College, 196 F.3d 435, 447 (2d Cir. 1999) (citing, inter alia, St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 507, 511 (1993)). Plaintiff has not done so.

At her deposition, Plaintiff testified that her claims of discrimination were based on the following conduct by her former supervisor, Patricia Roberts:

- After Ms. Roberts, "was there less than a week and she started scrutinizing how long [Plaintiff] stayed in the bathroom, how long orders took for me to be entered, supposedly my talking with other co-workers" (Pl.Dep. 239-40);

- Ms. Roberts would ask Plaintiff to meet with her daily, taking Plaintiff away from her duties as a CSR (Id.);

- Ms. Roberts asked Plaintiff "why don't I just tell her that I'm not competent to do the job" (Id.);

- Ms. Roberts asked Plaintiff "personal questions" (Id.)

- Ms. Roberts "accused" Plaintiff of being late on one day and did not similarly counsel the Caucasian CSR who arrived at the same time as she (Pl.Dep. 119, 240-41); and

- Ms. Roberts inaccurately counseled Plaintiff for talking too much to a co-worker (Pl.Dep. 115, 119-20).

With respect to Mr. Ferrara, Plaintiff acknowledged that the "only incident [she] believe[s] where John Ferrara discriminated against [her] based on [her] race is when [she] went to speak to him to share [her] concerns[3] about Patty [Roberts] and he didn't seem interested in hearing them." (Pl.Dep. 237.) Finally, Plaintiff testified that she believes that the advice of Chantay Bynes, of Pilot's Human Resources Department, an African American woman, that if Plaintiff was not happy at Pilot she should start looking for a new job was race-based discrimination. (Pl.Dep. 238.) Finally, Plaintiff contended that the fact that she was the only

---

[3] Plaintiff admits that her allegation that Ms. Roberts was discriminating against her on the basis

3

African-American CSR in a group of four and that there were only two African-American employees in the department of thirteen somehow suggests that Pilot discriminated against her based on her race. (See Pl.Dep. 122-23.)

Defendant's Motion for Summary Judgment addressed each of these allegations and applies the uncontested law[4] to the facts, *as Plaintiff testified to at her deposition*, to conclude that Plaintiff's discrimination claims must fail, as a matter of law. (See Def. SJ Mem. 22-27.) In her Objection, Plaintiff fails to address these points and arguments. Instead, she attempt to create an entirely new set of facts impermissibly based on affidavits, including her own, and statements of facts that fail to comply with the clear mandates of Local Rule 56(a)2 and 56(a)3.[5] All of

---

of race was <u>not</u> among these "concerns." (Pl.Dep. 238.)

[4] Plaintiff's brief statement of the law in her Objection Memorandum (pp. 16-19) does not dispute the applicable law set forth in Defendant's Memorandum, except to suggest that "summary judgment is ordinarily inappropriate" in employment discrimination cases. (Pl. Obj. 18.) Of course, more recent authority clarifies that this is not the rule in cases such as this:

> The Second Circuit . . . has also recently reminded district courts deciding summary judgment motions in discrimination cases that such courts: "must also carefully distinguish between evidence that allows for must also carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture. This undertaking is not one of guesswork or theorization. After all, an inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist. Thus, the question is whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances.

Ortiz v. Prudential Ins. Co., 94 F. Supp.2d 225, 230 (D.Conn. 2000) (quoting <u>Bickerstaff v. Vassar College</u>, 196 F.3d 435, 447 (2d Cir. 1999)) (internal quotation marks, brackets and citations omitted).

Additionally, Plaintiff's Objection fails to apply any of this law to the facts of this case. (See Pl. Obj. 16-22.)

[5] Local Rule 56(a) provides, in relevant part:

> Papers opposing a motion for summary judgment shall include a . . . "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding

these documents fail to create a genuine issue of material fact in this case and must be disregarded as a matter of law.

## A. Allegations Made For The First Time In The Plaintiff's Affidavit That Are Inconsistent With Her Own Prior Deposition Testimony Will Not Defeat Summary Judgment

First, Plaintiff's own affidavit cannot be used to create a factual dispute where that affidavit contradicts or attempts to recraft Plaintiff's testimony at her prior deposition. Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit . . . that . . . contradicts her own prior deposition testimony"). In Brown, a Title VII plaintiff claiming harassment on the basis of sex, originally alleged that the verbal harassment of which she complained was due to her role as shop steward. 257 F.3d at 250. Prior to defendant's summary judgment motion, plaintiff claimed that the alleged harassment was based on her sex because some of the conduct concerned sexual acts or had sexual connotations. 257 F.3d at 251. "Only after defendant moved for summary judgment did plaintiff submit an affidavit alleging that the workplace abuse was 'gendered in nature and attacked me because I am a woman.'" Id. at 251, 255-56. The Second Circuit rejected plaintiff's attempt "to rescue her claim with a last-minute conversion" of the facts via her affidavit in opposition to summary judgment, as that that affidavit was inconsistent with "what she had consistently said before" in her EEO claim and at her deposition. Id. at 256 (citing Bickerstaff, 196 F.3d at 455 for the rule that "It is beyond cavil that a party may not create an issue of fact by

---

to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.

. . . .

Each statement . . . by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

submitting an affidavit in opposition to a summary judgment motion that ... contradicts the affiant's previous deposition testimony.") See also Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not . . . create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony.")

Despite this well-established rule, Plaintiff goes to great length to craft a new story far beyond the specific list of allegedly discriminatory conduct identified at her deposition. For example, at her deposition, Plaintiff admitted that the tracking of the CSRs' order entry on the Order File Summary forms are accurate and that the tracking was not race based. (Pl.Dep. 151-52, 154, 157; D.Ex.9.) Plaintiff does not dispute[6] that those forms show her to be the CSR processing the least number of orders for almost the entire period she was employed. (Def. 56(a)1, ¶77; Def. Mem. at 20.) All of Plaintiff's allegations in her affidavit concerning her own performance and Ms. Roberts' treatment of other employees go beyond her deposition testimony and this admission. As such, that affidavit and all of the "facts" set forth in Plaintiff's Local Rule 56(a)2 Statement that rely solely on that affidavit should be disregarded and may not be considered to create an issue of material fact. (8/16/04 Pl. Aff., ¶51-69; see also Pl. 56(a)(2) ¶17, 19.) Brown, 257 F.3d at 252.

Plaintiff's affidavit is not saved by her repetition of the putative Jurat page submitted following her deposition. Federal Rule 30(e) and the applicable law do not permit such attempts by Plaintiff, her counsel, or in this case her former counsel to rewrite Plaintiff's deposition

---

D. Conn. L. Civ. R. 56(a)2 and 56(a)3 (2004).

[6] Plaintiff's "Response to Defendant's Local Rule 56(a)(1) Statement" fails to address in any manner Defendant's summary of these forms showing that Plaintiff consistently processed the fewest number of orders and/or lines from the time that she began at Pilot, under Judy DeZenzio's supervision. (Def. 56(a)1 ¶77.)

testimony after-the-fact for any purpose.[7]   To the contrary, one of the Courts of Appeals admonished counsel for similar reliance on his client's own "errata" form "stray[ing] substantively from the [client's own] original testimony" and admonishing counsel for treating a deposition like a "take home examination."   Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (quoting Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992)) (emphasis added).

## B. Plaintiff Fails To Provide Competent And/Or Admissible Evidence To Support Her Claims Of A Factual Dispute

"Plaintiff's Response to Defendant's Local Rule 56(a)(1) Statement," which contains admission and denials in corresponding paragraphs to Defendant's 56(a)1 Statement, is all but completely[8] devoid of any citations to any "affidavit of a witness competent to testify as to the facts at trial" or any "evidence that would be admissible at trial" to support each and every statement and denial, as required by the Rule.   D. Conn. L. Civ. R. 56(a)3.  "Plaintiff's Local Rule 56(a)(2) Statement" also fails to cite competent and/or admissible evidence mandated by the Rule.  As discussed herein, Plaintiff's own affidavit cited in that Statement is impermissibly based on statements that are inconsistent with her prior deposition testimony and other statements based on conjecture, speculation, conclusory allegations, and/or inadmissible hearsay. As such, it should be disregarded and cannot be used to defeat summary judgment.  See Futoma

---

[7] Additionally, Plaintiff's claim that the length of her deposition justifies her wholesale creation of new testimony after-the-fact also fails to save her claims. (6/18/04 Pl. Aff., ¶69.) First, Plaintiff willfully and substantially misrepresents the length of the deposition – it was not 9 hours as Plaintiff claims, but testimony was taken over less than 6½ hours, well under Federal Rule 30(d)(2)'s limit, with a delay of more than 2 hours in the middle of the day taken at counsel for Plaintiff's request. (See Pl.Dep. 138.) Additionally, with respect to the testimony specifically refuted on this basis, Plaintiff's admission that she stole documents from Pilot occurred approximately only half-way into the testimony given that day. (See Pl.Dep. page 154 of a total of 272.)

[8] Only 2 of 76 paragraphs in Plaintiff's Response contain any citation whatsoever. (Pl.Resp. to Def. 56(a)1, ¶35, 36.)

v. City of Hartford, 2000 U.S. App. LEXIS 5768, *4 (2d Cir. Mar. 29, 2000)[9] (finding Local
Rule 9(c), the predecessor to 56(a), warrants treating defendant's statement of facts as "admitted
and uncontroverted" where plaintiff failed to provide required response, including "supporting
evidence of any kind").

### 1. Plaintiff's Unsupported Conclusory Allegations Must Be Disregarded

To satisfy Federal Rule 56(e) and Local Rule 56(a), *supra*, an affidavit submitted in
opposition to summary judgment "must be based upon 'concrete particulars,' not conclusory
allegations." Bickerstaff, 196 F.3d at 451 (citing Schwapp v. Town of Avon, 118 F.3d 106, 111
(2d Cir. 1997)). See also Quoka v. City of West Haven, 2003 U.S. App. LEXIS 10298 (2d Cir.
May 22, 2003) (citing Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995), Saks v. Franklin
Covey Co., 316 F.3d 337, 348 (2d Cir. 2003), and Sarno v. Douglas Elliman-Gibbons & Ives,
183 F.3d 155, 160 (2d Cir. 1999)) (noting failure to provide supporting citations to anything
other than "mere conclusory allegations or denials . . . are not evidence and cannot by themselves
create a genuine issue of material fact where none would otherwise exist . . . only admissible
evidence may be considered in a ruling on a motion for summary judgment).

Despite this rule, in her Affidavit (and 56(a)2 Statement citing thereto), Plaintiff proffers
unsupported allegations, "presumptions" and conclusions to dispute the facts supporting
Defendant's motion for summary judgment, which are based largely on Plaintiff's own
deposition testimony. (See, e.g., Pl. 56(a)(2), ¶21, 22, 34, 35, 37, 43, 44, 46-49, 51-54, 59;
8/16/04 Pl. Aff. ¶42, 63-66.) Plaintiff's unsupported opposition "that [is] devoid of any
specifics, but replete with conclusions, [is] insufficient to defeat a properly supported motion for
summary judgment." Bickerstaff, 196 F.3d at 452 (citing Bellsouth Telecomms., Inc. v. W.R.
Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), for the rule that "It is not sufficient merely to

---

[9] Decisions not included in an official reporter are enclosed at Tab A.

assert a conclusion without supplying supporting arguments or facts.")) Thus, as a matter of law, these statements cannot defeat summary judgment. See Schwapp, 118 F.3d at 110 ("Despite the caution exercised by courts in granting summary judgment in employment discrimination cases involving intent, a 'plaintiff [still] must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment.'")

### 2. Plaintiff Cannot Rely On Hearsay To Create An Issue Of Fact

Plaintiff is likewise barred from relying on hearsay or others' conjecture to support her claims that she was performing adequately or treated differently by Ms. Roberts. For example, it is undisputed that Ms. DeZenzio left Pilot in March 2000. (6/21/04[10] DeZenzio Aff., ¶3.) As such, she is not competent to testify regarding events at Pilot after that date and Plaintiff cannot rely on her speculation as to what she would have done as supervisor of the Department after that time to support the claims of discrimination occurring between April and June 2000. (See 6/21/04 DeZenzio Aff., ¶16-24.) Additionally, comments of an unidentified coworker (8/16/04 Pl. Aff., ¶68) are inadmissible hearsay and cannot be used to create an issue of material fact. Commodari v. Long Island Univ., 2002 U.S. Dist. LEXIS 26225, *48-49 (E.D.N.Y. Mar. 25, 2002) (statement of another as told to plaintiff is "plainly hearsay under [FRE] 801 and is therefore inadmissible at trial and cannot be used to create a triable issue of fact") (citing Fed. R. Civ. P. 56(e)). The Rule against hearsay further bars Plaintiff's claims concerning what she was told about "racially charged" events that alleged occurred prior to (or after) her employment with Pilot. (8/16/04 Pl. Aff., ¶13-15, 19-21, 66.) As such, none of the above cited portions of Plaintiff's affidavit or other documents submitted in support of her Objection may be considered

---

[10] Plaintiff's Local Rule 56(a)2 Statement represents that an affidavit would be forthcoming from Ms. DeZenzio, but papers served with Plaintiff's Objection included an affidavit from her dated June 21, 2004 and signed by a notary on August 12, 2004. Notably, as recently as Plaintiff's August 5, 2004 Second Motion for Sanctions (Doc. 83), she claimed that she did not know how

to create a disputed issue sufficient to defeat summary judgment.

Based on all of the above, Defendant's Local Rule 56(a)1 Statement should be viewed as undisputed and comprises the record which may be considered in this case. See Futoma, *supra* (defendant's statement of facts should be treated as "admitted and uncontroverted" where plaintiff failed to provide "supporting evidence of any kind"). As explained in Defendant's primary brief, pursuant to the applicable law, this record demonstrates that there is no evidence of treatment or conduct on the basis of her race or under circumstances giving rise to an inference of discrimination sufficient to establish a prima facie case. (See Def. SJ Mem. 21-28.) Even if she could satisfy that element of her case, Plaintiff's Objection and supporting document cannot, as a matter of law, create genuine issues of material fact concerning Pilot's legitimate business reason, the lack of pretext, and the absence of any viable evidence linking the alleged harassment to Plaintiff's race. Therefore, summary judgment is warranted in favor of Pilot and the Complaint should be dismissed in its entirety.    See Commodari, 2002 U.S. Dist. LEXIS 26225, *21-22 (E.D.N.Y. Mar. 25, 2002) (quoting Schnabel v. Abramson, 232 F.3d 83, 90 (2d Cir. 2000) *and* Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)) (internal quotation marks omitted) ("[i]n a discrimination case, the court must examine 'the entire record to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'")

## III.    CONCLUSION

Based on all of the above and for the reasons set forth in Defendant's Motion and supporting documents filed March 1, 2004, summary judgment should be granted pursuant to Fed. R. Civ. P. 56 and Plaintiff's Complaint dismissed in its entirety.

---

to contact Ms. DeZenzio (see 2/3/04 Interrog. No. 8).

<u>Pilot v. Pilot Corporation of America</u>
3:01 CV 2204 (DJS)
Reply to Plaintiff's Objection to Defendant's
Motion for Summary Judgment
August 30, 2004

PILOT CORPORATION OF
AMERICA,

By: _____
    Michael J. Soltis (CT 07413)
    Tasos C. Paindiris (CT 16739)
    Alison Jacobs Wice (CT 21771)
    JACKSON LEWIS LLP
    177 Broad Street, P.O. Box 251
    Stamford, CT 06904-0251
    (203) 961-0404
    (203) 324-4704 (Facsimile)
    soltism@jacksonlewis.com
    paindirt@jacksonlewis.com
    wicea@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing REPLY TO PLAINTIFF'S

OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT has been served,

via regular mail, postage prepaid, to counsel of record at the following address:

>Max F. Brunswick, Esq.
>12 Trumbull Street
>New Haven, Connecticut 06511

This 30th day of August, 2004.

Tasos C. Paindiris