DUPLICATE

MANDATE

NH CT
01 CN-2204
SQUATRITO

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION
OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS
CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF
COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals
for the Second Circuit, held at the United States
Courthouse, Foley Square, in the City of New York, on the
26th day of April , two thousand and six.

PRESENT: HON. JOSEPH M. McLAUGHLIN
         HON. DENNIS JACOBS,
         HON. BARRINGTON D. PARKER,

                              Circuit Judges,

UNITED STATES COURT OF APPEALS
FILED
APR 26 2006
Rosann B. MacKechnie, CLERK
SECOND CIRCUIT

- - - - - - - - - - - - - - - - - X
LILA DAVIS,

        Plaintiff-Appellant,


        -v.-                         No. 05-4746-cv

PILOT CORPORATION OF AMERICA,


        Defendant-Appellee.

- - - - - - - - - - - - - - - -
X

APPEARING FOR APPELLANT:     MAX F. BRUNSWICK, New Haven,
                             CT, for Plaintiff-Appellant.

Issued as Mandate:     MAY 2 2 2006

1
2  **APPEARING FOR APPELLEE:**    MICHAEL J. SOLTIS, Jackson
3                                 Lewis, LLP, Stamford, CT, <u>for</u>
4                                 <u>Defendant-Appellee</u>.


5       Appeal from a Judgment of the United States
6  District Court for the District of Connecticut
7  (Squatrito, <u>J.</u>), entered August 1, 2005, granting
8  defendant's motion for summary judgment.


9       **UPON DUE CONSIDERATION**, it is **ORDERED, ADJUDGED,**
10 **AND DECREED** that the judgment of the district court is
11 **AFFIRMED**.


12      Plaintiff Lila Davis claims that her employer
13 discriminated against her on the basis of race in
14 terminating her employment.  We assume familiarity with
15 the facts, the procedural history, and the issues on
16 appeal.  This Court reviews a grant of summary judgment
17 <u>de novo</u>.  <u>Mackey v. Bd. of Educ.</u>, 386 F.3d 158, 163 (2d
18 Cir. 2004).


19      To survive summary judgment, Davis must establish
20 a <u>prima facie</u> discrimination case.  Thereafter, if the
21 employer articulates a legitimate, nondiscriminatory
22 reason for the termination, the plaintiff must adduce
23 evidence suggesting that the legitimate reason is a
24 pretext for discrimination.  <u>McDonnell Douglas Corp.</u>
25 <u>v. Green</u>, 411 U.S. 792, 802-04 (1973).  Even if we
26 assume, <u>arguendo</u>, that a <u>prima facie</u> discrimination
27 case was established, the employer articulated a
28 legitimate, non-discriminatory reason for the
29 termination: Davis's inability to process a sufficient
30 number of customer orders.  Though Davis claims to have
31 been singled out for unfair treatment, such an
32 allegation does not satisfy plaintiff's burden to show
33 that the proffered reason is pretext for a
34 discriminatory motive.  <u>Grillo v. N.Y. City Transit</u>
35 <u>Auth.</u>, 291 F.3d 231, 235 (2d Cir. 2002) ("Even if
36 [plaintiff's] highly dubious claim that [s]he was
37 unfairly singled out for punishment . . . is credited,
38 [plaintiff] has done little more than cite to [alleged]
39 mistreatment and ask the court to conclude that it must
40 have been related to [her] race. This is not
41 sufficient." (internal quotation omitted)).

1       For the foregoing reasons, the judgment of the
2  district court is affirmed.
3
4                           FOR THE COURT:
5                           ROSEANN B. MACKECHNIE, CLERK
6                           By:

7
8                            Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

DEPUTY CLERK